UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

OPHNET, INC., a Massachusetts corporation, JOHN A. HIRSCH and RONALD W. ZOLLA, individually and as shareholders of ZHL, Inc., a Massachusetts corporation, and KENNETH CRAM,

    Plaintiffs,

v.

MICHAEL LAMENSDORF, individually and as a shareholder of ZHL, Inc., MICHAEL LAMENSDORF, M.D., P.C., a Florida professional corporation; BAYOU JENNKAY, INC., a Florida corporation, KATHY LAMENSDORF, individually and as an officer of Bayou JennKay, Inc., and ZHL, INC., a Massachusetts corporation,

    Defendants.

05 1095 - 0 DPW

MAGISTRATE JUDGE Alexander

RECEIPT # 64161
AMOUNT $250
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. POM
DATE 6/10/05

## NOTICE OF REMOVAL

COME NOW, Defendants, DR. Michael Lamensdorf, Michael Lamensdorf, M.D., P.A., Bayou Jennkay, Inc., and Kathy Lamensdorf (hereafter collectively referred to as the "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §1441 and 1446, file and serve this Notice of Removal of this civil action from the Superior Court for the Commonwealth of Massachusetts, Essex County, to the United States District Court for the District of Massachusetts. In support of the removal, the Defendants state as follows:

### PRELIMINARY FACTS

1.     This is a civil action seeking monetary damages and equitable relief. Plaintiffs Ophnet, Inc. ("Ophnet"), Ronald Zolla ("Zolla"), John Hirsch ("Hirsch"), and Kenneth Cram ("Cram") (collectively the "Plaintiffs"), are residents of the Commonwealth of Massachusetts. Ophnet, Hirsch, and Zolla brought suit against the Defendants, all residents of Florida, in the

762183v.1

Superior Court of the Commonwealth of Massachusetts, Essex County, and filed a complaint on or about March 7, 2002. On or about March 20, 2002, Ophnet, Hirsch and Zolla amended their complaint and added Cram as a party plaintiff to the action.

2. Since the Defendants were all residents of the State of Florida and since the amount in controversy was in excess of $75,000, Defendants timely removed the matter to the United States District Court for the District of Massachusetts on or about March 27, 2002. As the basis for the removal, Defendants asserted diversity jurisdiction. Specifically, the Defendants noted that this Court had jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441(b), since the action was between citizens of different states and the amount in controversy was in excess of the jurisdictional requirement of $75,000. See Ophnet, Inc. et al. v. Lamensdorf et al., Civ. A. No. 02-CV-10570-RCL.

3. On or about April 17, 2002, the Plaintiffs sought to destroy diversity and require a remand to state court by filing a motion to amend their complaint to add a Massachusetts corporation, ZHL, Inc. ("ZHL") as a defendant ("Motion to Amend"). Hirsch and Zolla are the sole shareholders of Ophnet and majority shareholders of ZHL, as well as ZHL's president and vice-president, respectively. Hirsch and Zolla, as sole shareholders and officers of Ophnet, elected to have Ophnet pursue the claim against ZHL. Thus, Zolla and Hirsch, through Ophnet, decided to sue ZHL, an entity for which they are vice president and president, respectively. Michael and Kathy Lamensdorf are minority shareholders in ZHL.

4. Plaintiffs attached their proposed Second Amended Complaint naming ZHL as defendant to their Motion to Amend. The sole claim brought against ZHL in the Second Amended Complaint was a claim brought by Ophnet against ZHL for breach of a management agreement between ZHL and Ophnet (the "ZHL Management Agreement"). Plaintiffs claimed that ZHL was an "indispensable party" to the suit because Ophnet suffered damages that were

"*substantial indeed* from [ZHL's] wrongful termination of [the] agreement." Plaintiffs further claimed that Florida law required that all parties to the contract be named in the suit.

5.  As Plaintiffs professed their intention to pursue their claim against ZHL to recover their "substantial" damages, this Court allowed plaintiffs to amend their complaint to add ZHL as a defendant, and remanded the action to state court for lack of complete diversity. Plaintiffs' Second Amended Complaint, including exhibits, is submitted herewith as Exhibit A to the attached Affidavit of Matthew E. Miller.

## FRAUDULENT JOINDER OF ZHL

6.  Plaintiffs have wrongfully deprived defendants of their right to have this matter adjudicated in federal court. Notwithstanding their earlier statements to this Court in support of their Motion to Amend that ZHL was an "indispensable party" and potentially liable to Ophnet for damages "*substantial indeed,*" the actions of Ophnet and the Plaintiffs now clearly demonstrate that Ophnet and the Plaintiffs lacked any good faith intention of prosecuting the action against ZHL, pursuing claims against ZHL, or seeking a judgment against ZHL. Furthermore, the actions of Plaintiffs and their legal counsel establish by clear and convincing evidence that ZHL was fraudulently joined as a party defendant simply to defeat diversity jurisdiction. It is only now clear that Plaintiffs' attempts to amend the Amended Complaint were designed solely to prevent the Defendants from proceeding with their legal right to litigate this matter in federal court.

7.  "A civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" 28 U.S.C.A. s. 1441(a). Defendants therefore may remove cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. s. 1332. Defendants' right to removal cannot be defeated

where, as here, there has been "fraudulent joinder" of a non-diverse defendant. See Mills v. Allegiance Healthcare Corp., 178 F.Supp.2d 1, 6 (D. Mass. 2001), citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Coughlin v. Nationwide Mutual Insurance Company, 776 F.Supp. 626, 628 at n. 3. (D. Mass. 1991) (defining "fraudulent joinder" as "the deceptive practice of joining a resident defendant solely to defeat diversity [and] also improper joinder.") (citation omitted). In re New England Mutual Life Insurance Company Sales Practices Litigation, 324 F.Supp.2d 288, 300 (D. Mass 2004) (fraudulent joinder is a "judicially-created exception to the complete diversity rule.").

      8.     While the First Circuit Court of Appeals has yet to articulate a standard for evaluating a fraudulent joinder claim, several cases in this district have addressed the issue. See e.g. New England Mutual Sales Litig., 324 F.Supp. at 298; Mills, 178 F. Supp.2d at 4; In re Massachusetts Diet Drug Litigation, 338 F.Supp.2d 198, 202 (D. Mass. 2004). A defendant may remove a case to federal court where "there has been an outright fraud committed in the plaintiff's pleadings or that there is no reasonable basis in law and fact for the plaintiff's claim against the putatively joined defendant." New England Mutual Litigation at 324 F.Supp.2d at 202. "A joinder is a sham and fraudulent if it is 'without any reasonable basis in fact and without any purpose to prosecute the cause in good faith against the [defendant].'" Mills, 178 F. Supp.2d at 4, quoting Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 98 (1921) (Supreme Court holding party "was joined as a defendant without any proper purpose to prosecute the action in good faith as against him and with the purpose of fraudulently defeating the employer's right of removal.").[1]

---

[1] A court is not confined to examining the parties' pleadings in making its analysis, and "may also consider summery judgment type evidence, such as affidavits, transcripts, and exhibits." Mass. Diet Drug Litigation, 338 F.Supp.2d at 202, citing Mills, 178 F. Supp.2d at 6.

4

9. Other federal courts, in determining whether a party was fraudulently joined to defeat diversity, have also examined whether the plaintiffs had no good faith intention to pursue the case against the joined party. See e.g. Boyer v. Snap-on Tools Corporation, 913 F.2d 108, 111 (3d Cir. 1990) (fraudulent joinder exists where there is "no real intention in good faith to prosecute the action against the defendant or seek joint judgment") (citations omitted); Mallalieu-Golder Ins. Agency, Inc. v. Executive Risk Indemnity, Inc., 254 F.Supp.2d 521, 524 (M.D. Pa. 2003) (same) (citation omitted); Ward v. Merk & Co., 2004 WL 2389505 (N.D. Tex. 2004) (evaluating facts as to whether plaintiff had no intention of prosecuting the case against the non-diverse defendant); Joe v. Minnesota Life Ins. Co., 272 F.Supp.2d 603 (S.D. Miss. 2003) (finding non-diverse defendant fraudulently and collusively joined where plaintiff had no intent to prosecute the claim as evidenced by defendant's failure to serve an answer that would not have harmed him, benefiting the plaintiff); Reeb v. Wal-Mart Stores, Inc., 902 F.Supp. 185, 186 (E.D. Mo. 1995) (fraudulent joinder where "reviewing court finds that the plaintiff has no real intention of prosecuting the action against the defendant"); Menefee v. General Foam Plastics Corp., 1999 WL 15315 (E.D. Pa. 1999) (finding fraudulent joinder where plaintiff's failure to comply with discovery obligations demonstrated that he never had any intention of seeking to recover from the non-diverse defendant).

10. Since remand of this matter to state court, Plaintiffs and Ophnet have not taken any affirmative steps to seek a judgment or relief from the Superior Court for ZHL's alleged breach of the ZHL Management Agreement. Plaintiffs have sought no discovery from ZHL, the supposedly "indispensable party" which was potentially liable for damages "substantial indeed." Further, as the state court has set trial date in October of 2005 and established a discovery cut-off date of May 31, 2005, the Plaintiffs are now barred from ever pursuing any discovery from ZHL.

In contrast, Zolla and Hirsch pursued extensive discovery against the other named Defendants and continue to attempt to obtain additional discovery even as the cut-off date approaches.

11. Furthermore, ZHL never responded to the Second Amended Complaint filed and served by the Plaintiffs.[2] ZHL's majority shareholders, Zolla and Hirsch, took no affirmative steps to defend ZHL in the litigation and exposed ZHL to a motion for default. Notwithstanding that the state court's discovery cut-off is approaching, Ophnet, through its shareholders Zolla and Hirsch, has failed to pursue any motion for default against ZHL and has now clearly evidenced its lack of any real good faith intention of seeking a judgment against ZHL.

12. In addition, by letter dated May 5, 2005 and delivered from Hirsch, president of Ophnet and vice president of ZHL, to Dr. Lamensdorf, Hirsch admits that he did not intend to defend ZHL in this matter and that he "did not think ZHL had any meritorious defenses to Ophnet's claims." See Letter from Hirsch dated May 5, 2005, attached as Exhibit D. Thus, Hirsch authorized Ophnet to file a claim against ZHL, a company to which he owes a fiduciary responsibility, while apparently believing ZHL had no defense to the action. This letter clearly evidences Plaintiffs' lack of any good faith intention to pursue the matter against ZHL. First, Hirsch states that he does "not think ZHL had any meritorious defenses," yet Hirsch and Zolla, through Ophnet, have not sought any discovery to prove their supposedly unbeatable claim. Second, Plaintiffs have further inexplicably failed to move for default judgment given ZHL's failure to answer the Second Amended Complaint. In short, Plaintiffs have utterly failed to prosecute their claim against ZHL since this Court remanded the action to state court,

---

[2] Plaintiffs inexplicably attempted to serve ZHL with the Second Amended Complaint filed in their action pending in Essex County, Massachusetts, through service to Dr. Lamensdorf, residing in Sarasota, Florida. A copy of the Plaintiffs' Affidavit of Proof of Service as to the Defendant ZHL, Inc. filed in state court is attached hereto at Exhibit B. Plaintiffs have offered no justification for their action given that ZHL's registered agent for service in Massachusetts is John A. Hirsch, a plaintiff in the present action. A copy of ZHL's information page from the Massachusetts Secretary of the Commonwealth's office showing John A. Hirsch as registered agent is attached hereto at ExhibitC.

6

notwithstanding Hirsch's apparently long-standing belief that ZHL had no defense to Ophnet's claim.

13.     Plaintiffs have further recently signaled their lack of intent to prosecute their action against ZHL by filing and serving a complaint in Massachusetts state court seeking a declaratory judgment *on behalf of ZHL* (the "Declaratory Judgment Action") and naming Dr. and Mrs. Lamensdorf as defendants.[3] Plaintiffs have styled their complaint as "brought by ZHL, Inc. through its majority shareholders and directors of ZHL, Inc. John A. Hirsch and Ronald W. Zolla." See Amended Complaint for Declaratory Judgment, ¶1. Hirsch and Zolla served their complaint in the Declaratory Judgment action on Dr. and Mrs. Lamensdorf on April 11, 2005.[4] A copy of the amended complaint filed in the Declaratory Judgment Action is attached hereto as Exhibit E. The newly filed and served Declaratory Judgment Action is a civil suit seeking declaratory relief in connection with Hirsch's and Zolla's attempt to sell ZHL's assets to an unrelated third party to, in part, re-pay "loans which Mr. Hirsch and Mr. Zolla have advanced to the corporation to permit it to pay its bank loans." See Amended Complaint for Declaratory Judgment, ¶1, Hirsch et al. v. Lamensdorf et al., Civ. A. No. 05-cv-10902-DPW.

14.     Zolla and Hirsch allege to bring the Declaratory Judgment Action individually and as officers, directors and shareholders of ZHL, Inc. In reality, Zolla and Hirsch have no individual claims since ZHL owns the property they are attempting to sell. Zolla and Hirsch, on

---

[3] Defendants have since removed the Declaratory Judgment Action to this Court based on diversity jurisdiction. See Hirsch et al. v. Lamensdorf et al., Civ. A. No. 05-cv-10902-DPW.

[4] The Declaratory Judgment Action was originally filed in Superior Court, Essex County, in December of 2004. However, the Plaintiffs failed to serve Dr. and Mrs. Lamensdorf notwithstanding that Zolla, Hirsch and their counsel were actively involved in litigation with the Defendants and personally met with them during depositions scheduled and taken in the present matter. Zolla, Hirsch, and their counsel only proceeded to serve the complaint seeking declaratory relief after the state court dismissed the Declaratory Judgment Action due to plaintiffs' failure to serve the complaint within the requisite one hundred twenty day (120) day time period. Plaintiffs moved to vacate the dismissal and claimed that same was due to a clerk's error. The court set aside the dismissal but not to the prejudice of the defendants since they had no knowledge of same.

behalf of ZHL, and ZHL now seek through their Declaratory Judgment Action to dispose of all of ZHL's assets, notwithstanding their allegations in the present action that ZHL was indebted to Ophnet for an alleged breach of a ZHL Management Agreement. Through their plan to dispose of ZHL's assets and request for declaratory judgment from the court, Plaintiffs signal their utter lack of any intention to recover their alleged breach of contract damages from ZHL.

15. Furthermore, Hirsch, Zolla *and ZHL* are represented in the Declaratory Judgment Action by the J. Owen Todd and Edward Foye of Todd & Weld, the same attorneys representing Ophnet, Zolla, Hirsch, and Cram, in the present action against ZHL. Thus, counsel for the Plaintiffs in the present action who filed a claim *against* ZHL, now represent and seek to pursue the Declaratory Judgment Action *on behalf of* ZHL. Given the obvious conflicts of interest that arise from this situation, Plaintiffs and their attorneys in the present action clearly have no intention of pursuing their claim against ZHL.

16. Plaintiffs' recent actions demonstrate they had no intention of pursuing their breach of contract claim against ZHL. As such, the removal of this action is now timely and appropriate since the recent activity of the Plaintiffs only now provided the Defendants with the subjective knowledge that Plaintiffs lacked a good faith intention to seek a judgment against ZHL. Thus, Plaintiffs fraudulently joined ZHL as a defendant to defeat diversity jurisdiction and removal is proper, as the fraudulent joinder of a non-diverse defendant does not prevent removal based on lack of diversity of citizenship. See Coughlin v. Nationwide Mutual Insurance Company, 776 F. Supp. 626 (D. Mass. 1991).

**FEDERAL JURISDICTION**

24. At all times material hereto Defendant, Dr. Michael Lamensdorf, was and is a resident of Sarasota County, State of Florida.

25. At all times material hereto Defendant, Kathy Lamensdorf, was and is a resident of Sarasota County, State of Florida.

26. At all times material hereto Defendant, Michael Lamensdorf, M.D., P.A., was and is a resident of Sarasota County, State of Florida.

27. At all times material hereto Defendant, Bayou Jennkay, Inc., was and is a resident of Sarasota County, State of Florida.

28. Plaintiffs fraudulently joined Defendant ZHL, a Massachusetts corporation, as a party defendant to this action to defeat diversity of citizenship.

29. This Court has jurisdiction of this cause pursuant to 28 U.S.C. §§1332 and 1441(b), since this is a civil action between citizens of different states, excluding the fraudulently joined non-diverse defendant whose citizenship does not affect removal. In addition, this action satisfies the amount in controversy requirement for federal court jurisdiction since Plaintiffs seek damages well in excess of $75,000. Thus, the action is within the Court's original jurisdiction and properly removed.

## TIMELINESS OF REMOVAL

30. 28 U.S.C. §1446(b) normally requires that a Notice of Removal in a civil action or proceeding shall be filed within thirty (30) days after receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. While the Defendants originally timely removed this action to federal court, Plaintiffs fraudulently joined Defendant ZHL as a party to the action simply to defeat diversity of citizenship so as to deprive the Defendants from defending this matter the in federal forum. As a result, this matter was remanded to state court. Nevertheless, this subsequent removal and Notice of Removal is timely since the recent activity of the Plaintiffs, including their total failure to pursue discovery from, or default judgment against, ZHL, and their recent

filing and service of the Declaratory Judgment Action on behalf of ZHL seeking to sell all of ZHL's assets, only now evidenced Plaintiffs' lack of any good faith intention of seeking a judgment against ZHL. Thus, Defendants' removal of this action is timely.

## STATE COURT PLEADINGS

31.     In addition to the Second Amended Complaint attached hereto as Ex. A, Defendants will file with the Court a certified copy of all papers that have been filed in the state court action pursuant to Local Rule 81.1.

32.     In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice to Plaintiffs and will file a copy of this Notice of Removal with the Clerk of the Superior Court, Essex County, Department of the Trial Court of the Commonwealth of Massachusetts.

WHEREFORE, Defendants, DR. MICHAEL LAMENSDORF, MICHAEL LAMENSDORF, M.D., P.A., KATHY LAMENSDORF, and BAYOU JENNKAY, INC. would respectfully request that this action be removed from the Superior Court for the Commonwealth of Massachusetts, Essex County, to the United States District Court for the District of Massachusetts, for the reasons set forth above.

Respectfully submitted,

MICHAEL LAMENSDORF, MICHAEL LAMENSDORF, M.D., P.A., BAYOU JENNKAY, INC., and KATHY LAMENSDORF

By their attorneys,

Brandon F. White, BBO# 525020
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

OF COUNSEL:
ABEL, BAND, RUSSELL, COLLIER, PITCHFORD & GORDON, CHARTERED
Michael S. Taaffe (Fla. Bar No. 490318)
240 South Pineapple Avenue
Sarasota, Florida 34230-6948
(941) 366-6660
(941) 366-3999 (fax)

Dated: May 10, 2005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent by Hand to Edward Foye, Esq., Todd & Weld, L.L.P., 28 State Street, Boston, Massachusetts 02109, this 10th day of May 2005.

Matthew E. Miller

11

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Ophnet, Inc., et al v. Michael Lamensdorf, et al__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐  I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ☒  II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    ☐  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ☐  IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ☐  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __John Hirsch, et al., v. Michael Lamensdorf, et al, No. 05-10902 DPW__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☒    NO ☐

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   __Matthew E. Miller, Foley Hoag LLP__
ADDRESS           __155 Seaport Boulevard, Boston, MA  02210__
TELEPHONE NO.     __617/832-1000__

(CategoryForm.wpd - 5/2/05)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

Ophnet, Inc., John A. Hirsch, Ronald W. Zolla and Kenneth Cram

### DEFENDANTS

Michael Lamensdorf, Michael Lamensdorf, M.D., P.C., Bayou Jennkay, Inc., Kathy Lamensdorf and ZHL, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Essex, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Sarasota, FL
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

J. Owen Todd
Edward Foye
Todd & Weld
28 State Street
Boston, MA 02109
(617) 720-2626

ATTORNEYS (IF KNOWN)

Brandon F. White
Matthew E. Miller
Foley Hoag LLP
155 Seaport Blvd., Boston, MA 02210-2600
617-832-1000

### II. BASIS OF JURISDICTION (PLACE AND "X" IN ONE BOX ONLY)

- [ ] 1 U.S. GOVERNMENT Plaintiff
- [ ] 2 U.S. GOVERNMENT Defendant
- [ ] 3 FEDERAL QUESTION (US Government Not a Party)
- [x] 4 DIVERSITY (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. ORIGIN

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY.)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury Medical Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commercial/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | | | [ ] 640 R.R. & Truck | PROPERTY RIGHTS | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | | [ ] 650 Airline Regs | | [ ] 470 Racketeer Influenced & Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 660 Occupational Safety Health | [ ] 820 Copyrights | [ ] 810 Selective Service |
| | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 690 Other | [ ] 830 Patent | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | | [ ] 371 Truth In Lending | LABOR | [ ] 840 Trademark | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 160 Stockholder Suits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | SOCIAL SECURITY | [ ] 891 Agricultural Acts |
| [x] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | | [ ] 861 HIA (1395 ff) | [ ] 892 Economic Stabilization Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | | [ ] 865 RSI (405(g)) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 740 Railway Labor Act | FEDERAL TAX SUITS | |
| [ ] 240 Torts to Land | | | | | |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | |
| | | [ ] 550 Civil Rights | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS — Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| | | [ ] 555 Prison Condition | | | |

### VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC § 1332. Plaintiffs seek recovery for breach of contract, breach of fiduciary duty, fraud, and tortious interference with economic relations in connection with written agreements among the parties. Defendants remove due to fraudulent joinder of defendant ZHL, Inc.

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] YES  [ ] NO

### VIII. RELATED CASE(S) (See Instructions):
IF ANY Hirsch et al. v. Lamensdorf et al.; Ophnet, Inc. et al. v. Lamensdorf et al. JUDGE Woodlock; Lindsay (respectively) DOCKET NUMBER 05-10902; 02-10570

DATE May 10, 2005                                          SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT# _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG.JUDGE _____