UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPHNET, INC., a Massachusetts corporation, JOHN A. HIRSCH and RONALD W. ZOLLA, individually and as shareholders of ZHL, Inc., a Massachusetts corporation, and KENNETH CRAM,<br><br>        Plaintiffs,<br><br>   v.<br><br>MICHAEL LAMENSDORF, individually and as a shareholder of ZHL, Inc., MICHAEL LAMENSDORF, M.D., P.C., a Florida professional corporation; BAYOU JENNKAY,INC., a Florida corporation, KATHY LAMENSDORF, individually and as an officer of Bayou JennKay, Inc., and ZHL, INC., a Massachusetts corporation,<br><br>        Defendants. | CIVIL ACTION NO. 05-10970-DPW |

## EMERGENCY MOTION TO QUASH SUBPOENA

COME NOW, Defendants, DR. MICHAEL LAMENSDORF, MICHAEL LAMENSDORF, M.D., P.A., BAYOU JENNKAY, INC., and KATHY LAMENSDORF (hereafter collectively referred to as the "Defendants"), by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, file and serve this "Emergency Motion to Quash Subpoena" and state as follows:

1.    Defendants removed this action to this Honorable Court on May 10, 2004.

2.    This matter was originally filed in the Superior Court for the Commonwealth of Massachusetts. Defendants originally timely removed this action to the District Court for the District of Massachusetts in March of 2002. Plaintiffs fraudulently joined Defendant ZHL as a party to the action simply to defeat diversity of citizenship so as to deprive the Defendants from

764205v.1

defending this matter in the federal forum.  As a result, this matter was remanded to state court. Nevertheless, Defendants subsequently removed this action back to this Honorable Court on May 10, 2005 since the recent activity of the Plaintiffs, including their total failure to pursue discovery from, or default judgment against, ZHL, and their recent filing and service of a Declaratory Judgment Action on behalf of ZHL seeking to sell all of ZHL's assets, only now evidenced Plaintiffs' lack of any good faith intention of seeking a judgment against ZHL.

3.      The subsequent removal of this action was electronically served and filed in accordance with Local Rules of Procedure and in accordance with the Federal Rules of Civil Procedure.

4.      Counsel for the Plaintiffs were served with, and received, the Notice of Removal to this Honorable Court on May 10, 2005.

5.      Subsequent to the filing of the Notice of Removal with this Honorable Court, Defendants delivered a Notice of Filing Notice of Removal with the Superior Court for the Commonwealth of Massachusetts.

6.      On May 11, 2005, Plaintiffs requested from, and the Superior Court for the Commonwealth of Massachusetts issued, a Subpoena Duces Tecum to Mark Briefman, C.P.A. A copy of the Subpoena Duces Tecum is attached hereto as Exhibit "A".

7.      Mark Briefman, C.P.A., is a resident of the State of Florida.

8.      Thus, the Subpoena was issued by the State of Florida through the Clerk of the Circuit Court for the Twelfth Judicial Circuit, Karen E. Rushing.

9.      Counsel for the Plaintiffs failed to serve a copy of said subpoena on the Defendants or counsel for the Defendants, and failed to comply with Rule 5 of both the Federal Rules of Civil Procedure and the Florida Rules of Civil Procedure; the Court through which Plaintiffs attempted to have the subpoena issued.

10.     The Subpoena Duces Tecum attached hereto as Exhibit "A", clearly states that the Subpoena was served on counsel for the Plaintiffs, the law firm of Todd & Weld, and Irene A. Bassel, Esquire, of the Akerman Senterfitt law firm located in Tampa, Florida.

11.     Irene Bassel, Esquire and the law firm of Akerman Senterfitt are not counsel to the Defendants and have never made an appearance in this litigation on behalf of the Defendants.

12.     Accordingly, Plaintiffs and their counsel failed to properly serve a copy of the Subpoena on counsel for the Defendants.

13.     As such, counsel for the Defendants had no knowledge that a Subpoena to Mark Briefman, C.P.A. was ever issued and that a Subpoena was ever served on Mr. Briefman.

14.     Counsel for the Defendants failed to learn of the issuance of any such Subpoena and the service of same until the late afternoon of May 18, 2005.  At such time, Mark Briefman, C.P.A. contacted counsel for the Defendants to inquire as to whether the deposition would be held at the offices of Defendants counsel, the law firm of Abel Band, in Sarasota, Florida.

15.     Mr. Briefman delivered a copy of the mentioned Subpoena to Abel Band via facsimile.  The delivery of the facsimile was the first notice Abel Band received regarding the issuance and service of the Subpoena on Mr. Briefman.

16.     While Plaintiffs failed to properly serve a copy of the Subpoena on counsel for the Defendants, as clearly noted in the Subpoena, the Subpoena was improperly issued and is invalid.

17.     Since the removal of this action to this Honorable Court on May 10, 2005, the Superior Court for the Commonwealth of Massachusetts, and the Circuit Court for the Twelfth Judicial Circuit in and for the State of Florida, were without authority or jurisdiction to issue any Subpoena or take any action in furtherance of this litigation.

18.     28 U.S.C.A. §1446(d) provides that after the filing of the notice of removal with the State court, the State court "shall proceed no further unless and until the case is remanded."

19.     Accordingly, the Subpoena issued to Mark Briefman, C.P.A., is invalid and of no force and effect.

20.     At the same time, since this matter was removed to this Honorable Court, Rule 30 of the Federal Rules of Civil Procedure requires counsel to obtain leave of court, if without the written stipulation of the parties: (1) the party to be examined has already been deposed; or (2) the party seeks to take a deposition before the time specified in Rule 26(d).

21.     Mark Briefman, C.P.A. has already been deposed in this matter.

22.     Further, the Rule 26 Conference has been scheduled for July 12, 2005.

23.     As such, Plaintiffs attempts to depose Mr. Briefman on May 20, 2005, are improper and the Subpoena issued to Mr. Briefman is invalid.

WHEREFORE, Defendants, DR. MICHAEL LAMENSDORF, MICHAEL LAMENSDORF, M.D., P.A., KATHY LAMENSDORF, and BAYOU JENNKAY, INC., respectfully move for this "Emergency Motion to Quash Subpeona" and request that the Subpoena Duces Tecum issued by the Superior Court for the Commonwealth of Massachusetts be quashed for the reasons set forth above.

Respectfully submitted,

MICHAEL LAMENSDORF, MICHAEL
LAMENSDORF, M.D., P.A., BAYOU
JENNKAY, INC., and KATHY
LAMENSDORF

By their attorneys,


*/s/ Matthew E. Miller*
Brandon F. White, BBO# 525020
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

OF COUNSEL:
ABEL, BAND, RUSSELL, COLLIER,
PITCHFORD & GORDON, CHARTERED
Michael S. Taaffe (Fla. Bar No. 490318)
240 South Pineapple Avenue
Sarasota, Florida 34230-6948
(941) 366-6660
(941) 366-3999 (fax)

Dated: May 19, 2005


## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Matthew E. Miller, one of the attorneys for the Defendants, state that on the afternoon of May 18, 2005 and the morning of May 19, 2005, counsel for the Defendants, Dr. Michael Lamensdorf, Kathy Lamensdorf, Michael Lamensdorf, M.D., P.A., and Bayou Jennkay, Inc., conferred with counsel for the Plaintiffs, and counsel were unable to resolve the issues raise in this Emergency Motion.


*/s/ Matthew E. Miller*
Matthew E. Miller

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    SUPERIOR COURT
                                              CIVIL ACTION NO. B 2 0419

OPHNET, INC., a Massachusetts corporation    )
and JOHN A. HIRSCH and RONALD W.             )
ZOLLA, individually and as Shareholders of   )
ZHI, INC., a Massachusetts corporation,      )
and KENNETH CRAM,                            )
                                             )
            Plaintiffs,                       )
                                             )
                                             )
v.                                           )
                                             )
MICHAEL LAMENSDORF, individually and         )
as a Shareholder of ZHI., INC., MICHAEL      )
LAMENSDORF, M.D., P.C., a Florida            )
professional corporation, BAYOU JENNKAY,     )
INC., a Florida corporation, and KATHY       )
LAMENSDORF, individually and as an officer   )
of Bayou JennKay, Inc., and ZHI., INC.,      )
a Massachusetts corporation,                 )
                                             )
            Defendants.                       )

### SUBPOENA DUCES TECUM FOR DEPOSITION

THE STATE OF FLORIDA:

TO:   Mark L Briefman, CPA
      Lichtenstein Briefman & Co.
      2501 South Tamiami Trail
      Sarasota, Florida 34239

            YOU ARE HEREBY COMMANDED to appear before a person authorized by law to take

depositions at Associated Court Reporters, 1900 Main Street, Suite 208, Sarasota, Florida 34231 on

Friday, May 20, 2005 at 10:00 a.m. for the taking of your deposition in this action.

            If you fail to appear, you may be in contempt of Court.



{TP176441:1}

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

MAY-19-2005  10:59        ABEL BAND SARASOTA                                    P.03
    MAY-18-05  10:01        8132502250                                    P.04      R-430  J00-000            PAGE  04
    05/18/2005  10:18      8132502258                        FLSSI
    FROM :SUNCOAST PROCESS              FAX NO. :9417233924            May. 18 2005 09:51AM  P6

You are subpoenaed to appear by the following attorneys and unless excused from this

subpoena by these attorneys or the Court, you shall respond to this subpoena as directed and to have

with you at that time and place all documents listed on the attached Exhibit "A".

WITNESS my hand and seal of said Court on this _14th_ day of May, 2005.

> KAREN E. RUSHING
> Clerk of Court, Twelfth Judicial Circuit
> In and For Sarasota County, Florida
>
> By: _____
>              Deputy Clerk

Irene A. Bassel, Esquire
AKERMAN SENTERFITT
100 South Ashley Drive, Suite 1500
Post Office Box 3273
Tampa, Florida 33601-3273

J. Owen Todd, Esquire
Christopher R. O'Hara, Esquire
Edward Foye, Esquire
Todd & Weld, LLP
28 State Street, 31st Floor
Boston, Massachusetts 02109
Attorneys for Plaintiff

{TP176641;1}                                2

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

MAY-19-2005  10:59          ABEL BAND SARASOTA                                    P.04

        MAY-18-05  18:01        8132582258                              P.05      R-430    JOB-803
        05/18/2005  10:40       8132582258...               FLSSI                          PAGE  05

FROM :SUNCOAST PROCESS              FAX NO. :9417233924            May. 18 2005 09:51AM P7

### EXHIBIT A

1.  All financial statements created for Michael Lamensdorf, M.D., P.A., ("MLMDPA") for 2002, 2003, and 2004, or any related entity.

2.  All tax returns for MLMDPA for 2002, 2003, and 2004.

3.  The work papers created in generating the financial statements and tax returns referenced in the prior requests.

4.  All financial statements or tax returns created for Bayou JennKay, Inc., or any related corporation.

5.  The work papers created in generating the financial statements and tax returns referenced in the prior request.

6.  All work papers created in generating the tax returns for Michael and/or Kathy Lamensdorf, from 2002 – 2004 inclusive.

{T8178641;1}

3

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com