UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPHNET, INC., a Massachusetts corporation, JOHN A. HIRSCH and RONALD W. ZOLLA, individually and as shareholders of ZHL, Inc., a Massachusetts corporation, and KENNETH CRAM,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL LAMENSDORF, individually and as a shareholder of ZHL, Inc., MICHAEL LAMENSDORF, M.D., P.C., a Florida professional corporation; BAYOU JENNKAY,INC., a Florida corporation, KATHY LAMENSDORF, individually and as an officer of Bayou JennKay, Inc., and ZHL, INC., a Massachusetts corporation,<br><br>Defendants. | CIVIL ACTION NO. 05-10970-DPW |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, DR. MICHAEL LAMENSDORF, MICHAEL LAMENSDORF, M.D., P.A., BAYOU JENNKAY, INC., AND KATHY LAMENSDORF'S, EMERGENCY MOTION TO QUASH SUBPOENA**

Defendants, DR. MICHAEL LAMENSDORF, MICHAEL LAMENSDORF, M.D., P.A., BAYOU JENNKAY, INC., and KATHY LAMENSDORF (hereafter collectively referred to as the "Defendants"), by and through their undersigned counsel, hereby file and serve this Memorandum of Law in support of Defendants "Emergency Motion to Quash Subpoena."

**INTRODUCTION**

Defendants removed this action to this Honorable Court on May 10, 2005. Counsel for the Plaintiffs were served with, and received, the Notice of Removal to this Honorable Court on May 10, 2005. Subsequent to their receipt of the Notice of Removal with this Honorable Court and the Defendants delivery of the Notice of Filing Notice of Removal to the Superior Court for

764247v.1

the Commonwealth of Massachusetts, Plaintiffs requested from, and the Superior Court for the Commonwealth of Massachusetts issued, a Subpoena Duces Tecum to Mark Briefman, C.P.A. A copy of the Subpoena Duces Tecum is attached to the "Emergency Motion to Quash Subpoena" as Exhibit "A". The Subpoena issued by the State of Florida was invalid and of no force and effect since this matter was removed to this Honorable Court before the issuance of same. Thus, the Superior Court for the Commonwealth of Massachusetts and the Circuit Court in Florida, were without jurisdiction and authority to issue the Subpoena. Furthermore, Federal Rules of Civil Procedure preclude counsel for the Plaintiffs from attempting to take the sought after discovery without leave of court, and thus the invalid Subpoena Duces Tecum issued to Mark Briefman should be quashed.

## DISCUSSION

I.  The Invalid Nature of the Subpoena Duces Tecum.

Since the removal of this action to this Honorable Court on May 10, 2005, the Superior Court for the Commonwealth of Massachusetts, and the Circuit Court for the Twelfth Judicial Circuit in and for the State of Florida, were without authority or jurisdiction to issue any Subpoena or take any action in furtherance of this litigation.

28 U.S.C.A. §1446(d) provides in pertinent part that after the filing of the notice of removal with the State court, the State court "shall proceed no further unless and until the case is remanded." Accordingly, the attempts to issue and serve a Subpoena on May 11, 2005, were invalid and of no force and effect. The Subpoena was directed by the Superior Court for the Commonwealth of Massachusetts, Essex County, as indicated on same, and since the State court was not to proceed in this matter, if and until the case was remanded, the Subpoena was improperly issued.

764247v.1

2

    II.    Federal Rules of Civil Procedure Preclude the Taking of the Deposition Sought by the Plaintiffs.

Rule 26(d), Federal Rules of Civil Procedure, clearly states that:

"Except in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

In addition, Rule 30(a)(2), states in pertinent part that:

"A party must obtain leave of court… if without written stipulation of the parties…
(B) the person to be examined already has been deposed in the case; or
(C) a party seeks to take a deposition before the time specified in Rule 26(d)…"

In the instant matter, Plaintiffs seek to depose Mark Briefman, C.P.A. before the Rule 26 discovery conference. Even though the Subpoena issued by the Superior Court was invalid and should be quashed, the requested discovery is still improper since the Rule 26 Conference is scheduled for July 12, 2005. In addition, Mark Briefman has already been deposed.

WHEREFORE, Defendants, DR. MICHAEL LAMENSDORF, MICHAEL LAMENSDORF, M.D., P.A., KATHY LAMENSDORF, and BAYOU JENNKAY, INC., respectfully move for this "Emergency Motion to Quash Subpeona" and request that the Subpoena Duces Tecum issued by the Superior Court for the Commonwealth of Massachusetts be quashed for the reasons set forth in the "Emergency Motion to Quash Subpoena" and above.

Respectfully submitted,

MICHAEL LAMENSDORF, MICHAEL LAMENSDORF, M.D., P.A., BAYOU JENNKAY, INC., and KATHY LAMENSDORF

By their attorneys,

*/s/ Matthew E. Miller*
Brandon F. White, BBO# 525020
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

OF COUNSEL:
ABEL, BAND, RUSSELL, COLLIER, PITCHFORD & GORDON, CHARTERED
Michael S. Taaffe (Fla. Bar No. 490318)
240 South Pineapple Avenue
Sarasota, Florida 34230-6948
(941) 366-6660
(941) 366-3999 (fax)

Dated: May 19, 2005