UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPHNET, INC., A Massachusetts Corporation<br>and JOHN A. HIRSCH and RONALD W. ZOLLA,<br>Individually and as Shareholders of<br>ZHL, INC., A Massachusetts Corporation, and<br>KENNETH CRAM,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL LAMENSDORF, Individually and<br>as a Shareholder of ZHL, INC.;<br>MICHAEL LAMENSDORF, M.D., P.C.,<br>A Florida Professional Corporation;<br>BAYOU JENNKAY, INC., a Florida Corporation;<br>and KATHY LAMENSDORF, Individually and<br>as an officer of Bayou JennKay, Inc.; and<br>ZHL, INC., a Massachusetts Corporation,<br><br>Defendants. | Civil Action No.<br>05-10970-DPW |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO QUASH SUBPOENA
### (Memorandum Incorporated Pursuant to LR7.1(B)(2))

Almost three months ago in this case, Defendants had their opportunity to object to the subpoena that is the subject of their Motion when it was presented to a Massachusetts state court. They did nothing. Literally on the evening before deposition, Defendants now ask this Court to quash a valid Florida subpoena of a nonparty witness in this case, based upon the pretext of Defendants' untimely and bad-faith removal filed a week ago. The motion should be seen for what it is: a misleading and cynical attempt to delay and obstruct fair and reasonable discovery from going forward in this case. Defendants' Motion should be denied.

## **PROCEDURAL BACKGROUND**

This case has been in litigation in Massachusetts state court for three and a half years and the discovery period is closing in two weeks, at the end of May. In it, the Plaintiffs have learned that the Defendant, Dr. Lamensdorf, apparently engaged in a two-year pattern of fraud and deceit, systematically understating the net operating income of the practice (and therefore underpaying the plaintiffs pursuant to the terms of various contracts between them) by overpayments both to himself and to the Defendant corporations owned and controlled by Mrs. Lamensdorf.

Accordingly the continued deposition of Dr. Lamensdorf's accountant, Mark Briefman, is of critical importance. Although Mr Briefman agreed to appear at his first day of deposition on November 12, 2003 without process, he refused to appear for his continued deposition. The Plaintiffs therefore moved the Massachusetts state court to grant a letter rogatory to seek his deposition out of state. The motion for letter rogatory was served upon Defendants on March 1, 2005. See Cross Motion for Issuance of Commission and Letter Rogatory, attached as Exhibit 1. The Defendants did not object, and filed no opposition. The Massachusetts Court granted the requested letter rogatory on March 3, 2005. See Clerk's Notice, attached as Exhibit 2. The sheriff process server in Florida received the Massachusetts state process on May 5, 2005. See Exhibit 3. A Florida court honored the valid Massachusetts letter rogatory and issued a Florida subpoena following return of service on May 11, 2005. See subpoena, attached as Exhibit 4. On May 9, Plaintiffs served a deposition notice upon Defendants for Mr. Briefman's deposition to go forward in Florida. See Notice of Continued Deposition, attached as Exhibit 5. Defendants said nothing and took no action objecting to its

validity. Plaintiffs sent correspondence to Defendants' counsel requesting any issues concerning Mr. Briefman's deposition proceeding in Florida on May 13, 2005. See Exhibit 6. Defendants, given these several opportunities to present any valid objection to Mr. Briefman's objection, for a period of months, did nothing. Instead, they instituted a bad-faith and invalid removal, and are now attempting to improperly employ this procedural mechanism in a cynical attempt to forestall valid discovery.

## ARGUMENT

At bottom, the Defendants' motion attempts to stretch a basic point -- that after removal, a state court does not take *further* action on a case -- beyond recognition. Allowing Defendants' motion would have a federal court *strike down* valid orders of a state court which had issued in a case prior to its removal. The removal statute does not allow for any such thing.

### 1.    Defendants' Removal Was Untimely, Invalid and in Bad Faith

After over three years of this case proceeding in Massachusetts state court, Defendants' removal of this case last week was untimely and improper, and their motive for doing so with two weeks left in the discovery period in this case is now evident. See Santiago v. Barre Nat., Inc., 795 F. Supp. 508, 510-11 (D. Mass. 1992) (removal after one year is forbidden by the clear language of 1446(b)).

### 2.    All Prior State Orders Remain Valid After Removal

Under the plain text of 28 U.S.C. § 1450, "[a]ll injunctions, orders and other proceedings had in [a removed] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." Thus, the orders by both the Massachusetts and Florida state courts are not *invalid* all of a sudden, simply because

Defendants removed this case. The district court has not vacated or modified the Massachusetts state court granting the foreign commission to take Mr. Briefman's deposition. This would be the result of granting Defendants' motion. See Granny Goose Foods, Inc., et al. v. Brotherhood of Teamsters & Auto Truck Drivers, et al., 415 U.S. 423, 435-36 (1974) ("Section 1450 was simply designed to deal with the unique problem of a shift in jurisdiction in the middle of a case which arises whenever cases are removed from state to federal court. … Judicial economy is promoted by providing that proceedings had in state court shall have force and effect in federal court, so that pleadings filed in state court, for example, need not be duplicated in federal court.").

### 3.    This Court is Not the Proper Forum To Dispute the Subpoena

The Defendants have selected the wrong place to pitch this fight: they should be challenging the Florida court's subpoena there. Under recognized federalism principles, a federal courts' authority to prevent valid state proceedings is limited. For example, under the text of 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." As the district court has not yet dissolved or modified any order of the Massachusetts court in this case, none of the exceptions to the Anti-Injunction Act appear to apply.

## CONCLUSION

For the above reasons, Plaintiffs request that this Court deny Defendants' Motion in its entirety.

Respectfully submitted,

OPHNET, INC., JOHN A. HIRSCH,
RONALD W. ZOLLA, and
KENNETH CRAM,

By their Attorneys,

_Edward Foye / RPA by permission_

J. Owen Todd (BBO # 499480)
Edward Foye (BBO #562375)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
617-720-2626

COMMONWEALTH OF MASSACHUSETTS

ESSEX, s.s.                                SUPERIOR COURT
                                           CIVIL ACTION NO. B 2 0419

|  |  |
|---|---|
| OPHNET, INC., A Massachusetts Corporation and JOHN A. HIRSCH and RONALD W. ZOLLA, Individually and as Shareholders of ZHL, INC., A Massachusetts Corporation, and KENNETH CRAM,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL LAMENSDORF, Individually and as a Shareholder of ZHL, INC.; MICHAEL LAMENSDORF, M.D., P.C., A Florida Professional Corporation; BAYOU JENNKAY, INC., a Florida Corporation; and KATHY LAMENSDORF, Individually and as an officer of Bayou JennKay, Inc.; and ZHL, INC., a Massachusetts Corporation,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## PLAINTIFF'S CROSS MOTION FOR THE ISSUANCE OF A COMMISSION AND LETTER ROGATORY

The plaintiffs in this matter (collectively "Ophnet") herewith move pursuant to M.G.L. c. 223A, § 10, that this Court issue a Commission in the form of Exhibit A attached hereto and a Letter Rogatory in the form of Exhibit B attached hereto directed to the appropriate authority in Sarasota, Florida, or in the several counties of the state of Florida, requesting that process be issued requiring **Mark Briefman, CPA,** to appear for the purpose of producing the documents identified in Exhibit C of this motion, and

further requesting that he appear for the purpose of giving evidence upon oral examination.

In support of this motion, Ophnet states:

1.  At various times, Ophnet has attempted to continue Mr. Briefman's deposition. Mr. Briefman produced documents and appeared for the start of his deposition in Florida, fifteen (15) months ago, without requiring a subpoena. Mr. Briefman continues to be the accountant for the Lamensdorfs and their respective businesses, just as he was in 2003.

2.  When Ophnet attempted in January to schedule the continuation and completion of Mr. Briefman's deposition, Exhibit D, counsel for the defendants suggested that they did not represent Mr. Briefman and that he would not appear for deposition without a subpoena. See Exhibit E. After a month or so, the Lamensdorfs' attorneys reversed course and claimed that they could ensure Mr. Briefman's attendance at deposition, but not until well after the scheduled pre-trial conference. See Exhibit F.

3.  Although Mr. Briefman would appear to have waived any right to a subpoena, the letter rogatory, it is believed, will ensure Mr. Briefman's attendance at deposition if he declines to return voluntarily to complete the deposition he began. Given the reasonable doubts which have arisen about whether the defendants can or will produce Mr. Briefman, this motion unfortunately appears necessary.

2

WHEREFORE, the plaintiff requests that this Court issue a Commission and Letter Rogatory to the appropriate authority in Sarasota, Florida, or in the several counties of the state of Florida, requesting that process issue ordering Mr. Briefman to appear at deposition(s), for the purpose of giving oral testimony and for producing documents.

Respectfully submitted,

OPHNET, INC., JOHN A. HIRSCH and
RONALD W. ZOLLA,

By their Attorneys,

J. Owen Todd (BBO # 499480)
Christopher R. O'Hara (BBO#548611)
Edward Foye (BBO #562375)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
617-720-2626

Dated: February 28, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on March 1, 2005

3

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

ESSEX, s.s.

SUPERIOR COURT
CIVIL ACTION NO. B 2 0419

```
                                                )
OPHNET, INC., A Massachusetts Corporation       )
and JOHN A. HIRSCH and RONALD W. ZOLLA,         )
Individually and as Shareholders of             )
ZHL, INC., A Massachusetts Corporation, and     )
KENNETH CRAM,                                   )
                                                )
                    Plaintiffs,                 )
                                                )
v.                                              )
                                                )
MICHAEL LAMENSDORF, Individually and            )
as a Shareholder of ZHL, INC.;                  )
MICHAEL LAMENSDORF, M.D., P.C.,                 )
A Florida Professional Corporation;             )
BAYOU JENNKAY, INC., a Florida Corporation;     )
and KATHY LAMENSDORF, Individually and          )
as an officer of Bayou JennKay, Inc.; and       )
ZHL, INC., a Massachusetts Corporation,         )
                                                )
                    Defendants.                 )
                                                )
```

## ORDER OF ISSUANCE OF COMMISSION

This matter comes before the Court on Plaintiff Ophnet, Inc.'s Assented to Motion for Issuance of a Commission and a Letter Rogatory (the "Motion"). Upon consideration of the Motion, it is hereby:

ORDERED, that the Plaintiff's Motion for Issuance of a Commission and Letter Rogatory being the same hereby is granted; and it is further

ORDERED, that all court reporters or stenographers authorized to administer oaths in the State of Florida are hereby appointed a Commissioner to administer an oath and record the deposition testimony of Mark Briefman pursuant to the applicable rules and consistent with this Commission.

_____
Associate Justice of the Superior Court

Dated: _____, 2005

6

# EXHIBIT B

## LETTER ROGATORY

TO:    THE APPROPRIATE AUTHORITY IN SARASOTA, FLORIDA OR IN THE SEVERAL COUNTIES OF THE STATE OF FLORIDA,

FROM:    THE SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS

RE:    **Ophnet, Inc. v. Michael Lamensdorf, et al., Essex Superior Court Civil Action No. B 2 0419**

Ladies and Gentlemen:

The Superior Court Department of the Trial Court of the Commonwealth of Massachusetts hereby requests, as a matter of comity, that you issue process to compel Mark Briefman, CPA to appear for the purposes of producing documents and giving evidence upon oral examination.

The Superior Court Department of the Trial Court of the Commonwealth of Massachusetts requests this assistance from you in order to allow the Plaintiff Ophnet, Inc. to gather evidence and prepare for trial.

This Letter Rogatory has been issued because Mark Briefman is located in Florida. Accordingly, he is not subject to service of a subpoena issued in Massachusetts, and his appearance can be compelled only by process issued by the appropriate authority in Florida.

The place, time, date and other procedures for the examination of the witness and the production of documents and things for copying and inspection are left entirely to your Court's procedure.

Any correspondence or inquiries concerning this Letter Rogatory should be addressed to this Court, with copies to the attorneys for the parties. The addresses for inquiries are:

Attorney for the Plaintiffs
J. Owen Todd
Christopher R. O'Hara
Edward Foye
Todd & Weld LLP
28 State Street
Boston, MA 02109
Tel: (617) 720-2626

Attorney for the Defendant
Matthew Miller
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
617-832-1000

Thank you for your cooperation with this request for assistance.


Dated: _____, 2005                    _____
                                        Associate Justice, Superior Court

# EXHIBIT C

Plaintiff Ophnet, Inc. ("Plaintiff" or "Ophnet") hereby requests that Mark Briefman, respond to each of the following requests for production of documents separately and fully.

## DEFINITIONS AND INSTRUCTIONS

1.      All financial statements created for Michael Lamensdorf, M.D., P.A., ("MLMDPA") for 2002, 2003, and 2004, or any related entity.

2.      All tax returns for MLMDPA for 2002, 2003, and 2004.

3.      The work papers created in generating the financial statements and tax returns referenced in the prior requests.

4.      All financial statements or tax returns created for Bayou JennKay, Inc., or any related corporation.

5.      The work papers created in generating the financial statements and tax returns referenced in the prior request.

6.      All work papers created in generating the tax returns for Michael and/or Kathy Lamensdorf, from 2002 – 2004 inclusive.

# EXHIBIT D

# TODD & WELD LLP

ATTORNEYS AT LAW
28 STATE STREET
BOSTON, MASSACHUSETTS 02109

EDWARD FOYE

TELEPHONE: (617) 720-2626
FACSIMILE:   (617) 227-5777
www.toddweld.com

February 1, 2005

## VIA FAX AND FIRST CLASS MAIL

Michael S. Taaffe, Esq.
Abel, Band, Russell, Collier, Pitchford & Gordon
240 South Pineapple Avenue
Sarasota, FL  34236

Re:    **Ophnet, Inc., et al. v. Lamensdorf, et al.**
          **Essex Superior Court Civil Action No. B 2 0419**

Dear Mr. Taaffe:

Enclosed, as we discussed at the Lamensdorfs' depositions, please find a notice of continued deposition of Mark Briefman for February 11, 2005. I am willing to work with you and Mr. Briefman on dates when he is available, but given that time is short and that there is much to be done before the pre-trial conference, I have selected February 11, 2005 at random as a date for his deposition.

As I also mentioned at the Lamensdorfs' depositions, William Hirsch is willing to make documents available at his offices in Tampa prior to his deposition. Please send me dates when your office can be available to inspect Mr. Hirsch's documents and please let me know when you or someone from your office is available to take his deposition. Mr. Hirsch at present has no convenient dates available, _i.e._, to the best of my knowledge he has something scheduled throughout February. He is, however, willing to rework his schedule, but only after all others concerned (namely you and me) agree on acceptable dates.

Since we also need to go forward with continuing and completing your clients' depositions, I have noticed the depositions of Dr. and Mrs. Lamensdorf for February 15 and 14 respectively. I am also willing to work with you on dates prior to the pre-trial conference when they are available.

Michael S. Taaffe, Esq.
February 1, 2005
Page 2


      Finally, I would also appreciate hearing from you on the issues that we discussed at the document production and at the deposition, including when and whether I may expect further documents to be produced in accordance with the Court's order, and whether it will be necessary for me to move to compel documents responsive to requests that were <u>not</u> the subject of the motions to compel with the Court but to which the Lamensdorfs' have not yet produced responsive documents. I look forward to hearing from you at your earliest convenience.

                          Yours very truly,

                          Edward Foye


EF/jml
Enclosures
cc:   John A. Hirsch
       Ronald W. Zolla
       Matthew Miller, Esq. **(by fax)**

COMMONWEALTH OF MASSACHUSETTS

ESSEX, s.s.                                    SUPERIOR COURT
                                              CIVIL ACTION NO. B 2 0419

---

OPHNET, INC., A Massachusetts Corporation  )
and JOHN A. HIRSCH and RONALD W. ZOLLA,  )
Individually and as Shareholders of  )
ZHL, INC., A Massachusetts Corporation, and  )
KENNETH CRAM,  )
   )
          Plaintiffs,  )
   )
v.  )
   )
MICHAEL LAMENSDORF, Individually and  )
as a Shareholder of ZHL, INC.;  )
MICHAEL LAMENSDORF, M.D., P.C.,  )
A Florida Professional Corporation;  )
BAYOU JENNKAY, INC., a Florida Corporation;  )
and KATHY LAMENSDORF, Individually and  )
as an officer of Bayou JennKay, Inc.; and  )
ZHL, INC., a Massachusetts Corporation,  )
   )
          Defendants.  )

---

## NOTICE OF CONTINUED DEPOSITION

**TO:    Michael S. Taaffe, Esq.**
**Abel, Band, Russell, Collier, Pitchford & Gordon**
**240 South Pineapple Avenue**
**Sarasota, FL  34236**

PLEASE TAKE NOTICE that on Friday, **February 11, 2005 at 9:30 a.m.** at the

offices of Abel, Band, Russell, Collier, Pitchford & Gordon, 240 South Pineapple

Avenue, Sarasota, FL  34236 plaintiffs Ophnet, Inc., John Hirsch, Ronald Zolla and

Kenneth Cram, by and through their attorneys, will take the deposition upon oral

examination of **Mark Briefman, CPA**, pursuant to the applicable provisions of the

Massachusetts Rules of Civil Procedure, before a notary public in and for the

Commonwealth of Massachusetts or before some other officer authorized by law to

administer oaths.

**\*And you are further required to bring with you**

ALL DOCUMENTS RELATING IN ANY WAY TO THE CATEGORIES SET FORTH
IN EXHIBIT A ATTACHED HERETO

The examination will continue from day to day until completed.

You are invited to attend and cross-examine.

Respectfully submitted,

OPHNET, INC., JOHN A. HIRSCH and
RONALD W. ZOLLA,

By their Attorneys,

J. Owen Todd (BBO # 499480)
Edward Foye (BBO #562375)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA  02109
617-720-2626

Dated: February 1, 2005

2

## EXHIBIT A

1.    All financial statements created for Michael Lamensdorf, M.D., P.A., ("MLMDPA") for 2002, 2003, and 2004, or any related entity.

2.    All tax returns for MLMDPA for 2002, 2003, and 2004.

3.    The work papers created in generating the financial statements and tax returns referenced in the prior requests.

4.    All financial statements or tax returns created for Bayou JenKay, Inc., or any related corporation.

5.    The work papers created in generating the financial statements and tax returns referenced in the prior request.

6.    All work papers created in generating the tax returns for Michael and/or Kathy Lamensdorf, from 2002 – 2004 inclusive.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, s.s.                                      SUPERIOR COURT
                                                 CIVIL ACTION NO. B 2 0419

```
                                          )
OPHNET, INC., A Massachusetts Corporation )
and JOHN A. HIRSCH and RONALD W. ZOLLA, )
Individually and as Shareholders of       )
ZHL, INC., A Massachusetts Corporation, and )
KENNETH CRAM,                             )
                                          )
                      Plaintiffs,         )
                                          )
v.                                        )
                                          )
MICHAEL LAMENSDORF, Individually and      )
as a Shareholder of ZHL, INC.;            )
MICHAEL LAMENSDORF, M.D., P.C.,           )
A Florida Professional Corporation;       )
BAYOU JENNKAY, INC., a Florida Corporation; )
and KATHY LAMENSDORF, Individually and    )
as an officer of Bayou JennKay, Inc.; and )
ZHL, INC., a Massachusetts Corporation,   )
                                          )
                      Defendants.         )
                                          )
```

## NOTICE OF CONTINUED DEPOSITION

**TO:    Michael S. Taaffe, Esq.**
**Abel, Band, Russell, Collier, Pitchford & Gordon**
**240 South Pineapple Avenue**
**Sarasota, FL  34236**

PLEASE TAKE NOTICE that on Monday, **February 14, 2005 at 9:30 a.m.** at

the offices of Abel, Band, Russell, Collier, Pitchford & Gordon, 240 South Pineapple

Avenue, Sarasota, FL 34236 plaintiffs Ophnet, Inc., John Hirsch, Ronald Zolla and

Kenneth Cram, by and through their attorneys, will take the deposition upon oral

examination of **Kathy Lamensdorf,** pursuant to the applicable provisions of the

Massachusetts Rules of Civil Procedure, before a notary public in and for the

Commonwealth of Massachusetts or before some other officer authorized by law to

administer oaths.

The examination will continue from day to day until completed.

You are invited to attend and cross-examine.

Respectfully submitted,

OPHNET, INC., JOHN A. HIRSCH and
RONALD W. ZOLLA,

By their Attorneys,

J. Owen Todd (BBO # 499480)
Edward Foye (BBO #562375)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA  02109
617-720-2626

Dated: February 1, 2005

COMMONWEALTH OF MASSACHUSETTS

ESSEX, s.s.                                    SUPERIOR COURT
                                              CIVIL ACTION NO. B 2 0419

---

OPHNET, INC., A Massachusetts Corporation    )
and JOHN A. HIRSCH and RONALD W. ZOLLA,      )
Individually and as Shareholders of          )
ZHL, INC., A Massachusetts Corporation, and  )
KENNETH CRAM,                                )
                                             )
                        Plaintiffs,          )
                                             )
v.                                           )
                                             )
MICHAEL LAMENSDORF, Individually and         )
as a Shareholder of ZHL, INC.;               )
MICHAEL LAMENSDORF, M.D., P.C.,              )
A Florida Professional Corporation;          )
BAYOU JENNKAY, INC., a Florida Corporation;  )
and KATHY LAMENSDORF, Individually and       )
as an officer of Bayou JennKay, Inc.; and    )
ZHL, INC., a Massachusetts Corporation,      )
                                             )
                        Defendants.          )

---

## NOTICE OF CONTINUED DEPOSITION

**TO:    Michael S. Taaffe, Esq.**
       **Abel, Band, Russell, Collier, Pitchford & Gordon**
       **240 South Pineapple Avenue**
       **Sarasota, FL  34236**


PLEASE TAKE NOTICE that on Tuesday, **February 15, 2005 at 9:30 a.m.** at

the offices of Abel, Band, Russell, Collier, Pitchford & Gordon, 240 South Pineapple

Avenue, Sarasota, FL 34236 plaintiffs Ophnet, Inc., John Hirsch, Ronald Zolla and

Kenneth Cram, by and through their attorneys, will take the deposition upon oral

examination of **Michael Lamensdorf**, pursuant to the applicable provisions of the

Massachusetts Rules of Civil Procedure, before a notary public in and for the

Commonwealth of Massachusetts or before some other officer authorized by law to

administer oaths.

The examination will continue from day to day until completed.

You are invited to attend and cross-examine.

Respectfully submitted,

OPHNET, INC., JOHN A. HIRSCH and
RONALD W. ZOLLA,

By their Attorneys,

J. Owen Todd (BBO # 499480)
Edward Foye (BBO #562375)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
617-720-2626

Dated: February 1, 2005

```
********************
***   TX REPORT   ***
********************


TRANSMISSION OK

TX/RX NO                3489
CONNECTION TEL                916178327000
SUBADDRESS
CONNECTION ID
ST. TIME                02/01 16:59
USAGE T                 03'06
PGS. SENT               10
RESULT                  OK
```

# TODD & WELD LLP

Attorneys at Law
28 State Street, 31st Floor
Boston, Massachusetts 02109

Telephone: (617) 720-2626
Facsimile: (617) 227-5777

*EDWARD FOYE*

## TELECOPY TRANSMITTAL SHEET

No. of Pages Sent: 10 (including this page)

Date:          February 1, 2005

To:            Matthew E. Miller, Esq.

Fax No.:       **617-832-7000**

From:          Edward Foye, Esq.

Re:            Ophnet, Inc., et al v. Michael Lamensdorf, et al.
               Essex Superior Court Civil Action No. B 2 0419

If you do not receive all of the pages, or if any part is illegible, please call
Joanie Lineman at (617) 720-2626.

THIS TRANSMITTAL IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT

```
        ***********************
        ***    TX REPORT    ***
        ***********************


TRANSMISSION OK

TX/RX NO               3488
CONNECTION TEL            919413663999
SUBADDRESS
CONNECTION ID
ST. TIME               02/01 16:55
USAGE T                03'07
PGS. SENT                10
RESULT                 OK
```

# TODD & WELD LLP

Attorneys at Law
28 State Street, 31st Floor
Boston, Massachusetts 02109

Telephone: (617) 720-2626
Facsimile: (617) 227-5777

## TELECOPY TRANSMITTAL SHEET

No. of Pages Sent:  __10__  (including this page)

Date:           February 1, 2005

To:             Michael S. Taaffe, Esq.

Fax No.:        **941-366-3999**

From:           Edward Foye, Esq.

Re:         !   Lamensdorf

Remarks:

        If you do not receive all of the pages, or if any part is illegible, please
call Joanie Lineman at 617-720-2626.

THIS TRANSMITTAL IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT
IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT

# EXHIBIT E



# FOLEY
# HOAG LLP
ATTORNEYS AT LAW

Matthew E. Miller
Boston Office
617) 832-3041
mmiller@foleyhoag.com

February 8, 2005

**By Fax and U.S. Mail**

Edward Foye, Esq.
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109

> Re: <u>Ophnet, Inc., et al. v. Michael Lamensdorf, et al.</u>, Essex Superior Court
> Civil Action No. B 2 0419

Dear Mr. Foye:

    I am in receipt of your letter dated yesterday, February 7, 2005 and addressed to Michael Taaffe, concerning plaintiffs' noticed "continued depositions" for Mark Briefman, Dr. Michael Lamensdorf and Kathy Lamensdorf. As I indicated in my letter to you dated February 2, 2005, Mr. Taaffe was called away from his office to attend an emergency arbitration hearing in Miami prior to receiving your deposition notices. You did not attempt to discuss scheduling these depositions with counsel for defendants prior to the notices being issued. As you are also aware, Michael Lamensdorf is a physician with patient consultations and surgeries scheduled far in advance, which makes appearing at dates and times you have selected "at random," as you put it in your letter of February 1, 2005, virtually impossible. I have been advised that the emergency arbitration hearing will continue until at least Friday, February 11, 2005.

    Additionally, your assertion that "the time for moving for a protective order under Rule 9A has passed" is seriously misplaced. Massachusetts Superior Court Rule 9A does not govern the time for filing motions for protective orders. Nothing in Rule 9A would preclude defendants from seeking the protection of the court if they felt such protection was necessary.

    I further note that Mr. Briefman is neither a party to this action, nor is he in anyway represented by Mr. Taaffe or any other counsel in this action. He is an independent certified public accountant. To my knowledge, you have not caused a subpoena to be issued to Mr. Briefman commanding him to appear at the deposition or to produce the documents requested. Incidentally, I note that we are in the height of tax

FHBOSTON/2387201 1

Seaport World Trade Center West / 155 Seaport Blvd. / Boston, MA 02210-2600 / TEL: 617.832.1000 / FAX: 617.832.7000

Foley Hoag LLP        BOSTON        WASHINGTON, DC        www.foleyhoag.com

Edward Foye, Esq.
February 8, 2005
Page 2

season.  I should think you would be well advised to cause such a subpoena to be issued
to Mr. Briefman if you plan to proceed with the deposition as noticed.  *See*
Mass.R.Civ.P. 30(g)(2) (court may order party to pay opposing party's reasonable
expenses "[i]f the party giving the notice of the taking of a deposition of a witness fails
to serve a subpoena upon him and the witness because of such failure does not
attend[.]").

Very truly yours,

Matthew E. Miller

MEM

cc:    Michael Taaffe, Esq.

# EXHIBIT F

# ABEL BAND®

**ATTORNEYS AND COUNSELORS AT LAW**

Mailing Address: P.O. Box 49948, Sarasota, FL 34230-6948

240 South Pineapple Avenue
Sarasota, FL 34236
TEL 941-366-6660
FAX 941-366-3999

WWW.ABELBAND.COM

Michael S Taaffe, Shareholder
Board Certified Business Litigation Attorney
Writer's Direct Line: (941) 364-2720
Direct E-mail: mtaaffe@abelband com
Please refer to our file number: 8468-5

February 15, 2005

**_BY FACSIMILE & U.S. MAIL_**

Edward Foye, Esq.
Todd & Weld LLP
28 State Street
Boston, MA   02109

Re:   **_Ophnet, Inc., et al. v. Lamensdorf, et al., Essex Superior Court Civil Action No.
B 2 0419_**

Dear Mr. Foye:

I am in receipt of your letter dated February 14, 2005 regarding your request that defendants assent to plaintiffs' Motion for Issuance of a Letter Rogatory. As counsel for defendants have stated numerous times in prior correspondence, it would be in the best interest of all parties involved to attempt to schedule depositions in advance of issuing notices. Your decision to wait until the height of tax season and less than one month prior to the pre-trial conference to attempt to depose Mr. Briefman without any prior consultation as to scheduling has made complying with your request to depose Mr. Briefman virtually impossible.

However, your Motion for Issuance of a Letter Rogatory will be unnecessary if the parties are able to agree to a schedule for depositions that give all persons involved enough advance notice so as to agree to their busy schedules. Plaintiffs have offered to make ZHL's accountant, William Hirsch, available for deposition. Defendants propose that the parties agree to a deposition schedule that makes allowances for each accountant's schedule at this time of year.

SARASOTA, FLORIDA    |    VENICE, FLORIDA    |    DENVER, COLORADO

**ABEL, BAND, RUSSELL, COLLIER, PITCHFORD & GORDON, CHARTERED**

747330v 1

Edward Foye, Esq.
February 15, 2005
Page 2


Please contact me at your earliest convenience so that we may discuss the foregoing.

Respectfully submitted,

ABEL, BAND, RUSSELL, COLLIER,
PITCHFORD & GORDON, CHARTERED

Michael S. Taaffe, Shareholder

MST:mbh

cc:    Matthew E. Miller, Esq.

747330v 1



ATTORNEYS AND COUNSELORS AT LAW

Mailing Address: P.O. Box 49948, Sarasota, FL 34230-6948

240 South Pineapple Avenue
Sarasota, FL  34236
TEL 941-366-6660
FAX 941-366-3999

WWW.ABELBAND.COM

Michael S. Taaffe, Shareholder
Board Certified Business Litigation Attorney
Writer's Direct Line: (941) 364-2720
Direct E-mail: mtaaffe@abelband.com
Please refer to our file number: 8468-5

## FACSIMILE COVER PAGE

| | |
|---|---|
| **Date:** | February 18, 2005 |
| **Person being called:** | Edward Foye, Esq. |
| **Number called:** | (617) 227-5777 |
| **City/State called:** | Boston, MA |
| **Document being sent:** | Correspondence |
| **Number of pages (including this page):** | 3 |
| **Comments:** | cc:    Matthew E. Miller, Esq. – 617-832-7000 |

THIS FACSIMILE CONTAINS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE ADDRESSEE(S) NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT. YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR. PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT OUR MAIN OFFICE ADDRESS VIA U.S. MAIL. THANK YOU.

SARASOTA, FLORIDA    |    VENICE, FLORIDA    |    DENVER, COLORADO

**ABEL, BAND, RUSSELL, COLLIER, PITCHFORD & GORDON, CHARTERED**

731948v 1



# ABEL BAND®

ATTORNEYS AND COUNSELORS AT LAW

Mailing Address: P.O. Box 49948, Sarasota, FL 34230-6948

240 South Pineapple Avenue
Sarasota, FL 34236
TEL 941-366-6660
FAX 941-366-3999

WWW.ABELBAND.COM

Michael S. Taaffe, Shareholder
Board Certified Business Litigation Attorney
Writer's Direct Line: (941) 364-2720
Direct E-mail: mtaaffe@abelband.com
Please refer to our file number: 8468-5

February 18, 2005

***BY FACSIMILE & U.S. MAIL***

Edward Foye, Esq.
Todd & Weld LLP
28 State Street
Boston, MA  02109

Re:   *Discovery Issues – Ophnet, Inc., et al. v. Lamensdorf, et al., Essex Superior*
      *Court Civil Action No. B 2 0419*

Dear Mr. Foye:

I am sure by now you have received the Court's Order compelling you to produce additional detailed financial records for Mr. Hirsch, Mr. Zolla, Mr. Cram, ZHL, and Ophnet. Obviously, I still need to take your CPA, Mr. Hirsch's deposition, here in Tampa but do not wish to do the same until I have received all the documents I had previously requested and the Court has now ordered. My office has been in contact with Mr. Briefman and he informs our office that he is not available until after tax season, April 15 or later. I informed him that he would have to sign an affidavit to that effect for the Court and he is willing to do the same. As you know, he is not a client of mine and I do not have control over his schedule nor can I compel him to appear at a deposition on any date certain.

In light of the above and your prior refusal to produce the documents previously requested and our necessity to review the same and conduct the redepositions of Mr. Hirsch, Mr. Zolla, and Mr. Cram regarding the newly disclosed financial information as well as the corporate representatives of ZHL and Ophnet, it is likely at this time that the pre-hearing conference is premature. Therefore, I suggest that we arrive at a schedule for your production of the

SARASOTA, FLORIDA   |   VENICE, FLORIDA   |   DENVER, COLORADO

## ABEL, BAND, RUSSELL, COLLIER, PITCHFORD & GORDON, CHARTERED

748004v.1

Edward Foye, Esq.
February 18, 2005
Page 2

documents that now have been ordered and dates for depositions of Mr. Zolla, Mr. Hirsch, Mr. Cram, and the corporate representatives of ZHL and Ophnet to review the recently disclosed financial information. Your immediate attention to this matter is greatly appreciated.

Respectfully submitted,

ABEL, BAND, RUSSELL, COLLIER,
PITCHFORD & GORDON, CHARTERED

Michael S. Taaffe, Shareholder

MST:gkv

cc:    Matthew E. Miller, Esq.

748004v.1

Commonwealth of Massachusetts
County of Essex
The Superior Court

Civil Docket **ESCV2002-00419**

RE: Ophnet Inc A Massachusetts Corporation et al v Lamensdorf et al

TO: Edward Foye, Esquire
Todd & Weld
28 State Street
31st floor
Boston, MA 02109

---

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **03/03/2005**:

*RE: Plaintiff Ophnet Inc A Massachusetts Corporation, John A Hirsch, Ronald W Zolla Individually and as Shareholders of Zhl Inc's Cross MOTION for the issuance of a commission and letter rogatory, limited opposition to defendants' motion to postpone pre-trial conference and in support of plaintiff's cross-motions (i) for issuance of a commission and letter rogatory and (ii) for the provision of a date certain for trial (see pleading #51) filed 3/2/05*

**is as follows:**

**MOTION (P#52) ALLOWED (Richard Welch, III, Justice) Notices mailed March 03, 2005**

Dated at Salem, Massachusetts this 3rd day of March, 2005.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY:

JoDee Doyle - Sheila Gaudette
Assistant Clerk

Telephone: (978) 462-4474

Copies mailed 03/03/2005

FROM :SUNCOAST PROCESS          FAX NO. :9417233924          May. 18 2005 09:50AM P3

## *RETURN OF SERVICE*

COURT ___COMMONWEALTH OF MASS___

CASE # ___B20419___

PLAINTIFF                    VS.        DEFENDANT
___OPHNET___                            ___LAMENSDORF___

I RECEIVED THIS PROCESS ON ___5-5-05___ _____ TO BE SERVED UPON,
                              DATE

___MARK BRIEFMAN___ OF ___2501 S. TAMIAMI TRAIL  SARASOTA___
PERSON/ENTITY BEING SERVE        ADDRESS OF SERVICE

SERVICE WAS COMPLETED ON ___5-11-05___ AT ___1:50 pm___ , THE DEFENDANT WAS,
                            DATE              TIME

☐ **INDIVIDUAL SERVICE:** By delivering to the within named person a true copy of this process, with the date and hour of service endorsed thereon by me. At the same time, I delivered to the within named person a copy of the complaint, petition, or other initial pleading or paper.

☑ **SUBSTITUTE SERVICE:** By leaving a true copy of this process, with the date and hour of service endorsed thereon by me, and a copy of the complaint, petition, or other initial pleading or paper, at the within named person's place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.
___KIMBETH GARDNER___          ___CPA___
         NAME                     RELATIONSHIP

☐ **CORPORATE SERVICE:** By delivering a true copy of this proves with the date and hour of service endorsed thereon by me and a copy of the complaint, petition, or other initial pleading or paper to _____ as _____ per FS 48.081(1)(a).
         NAME              TITLE

☐ **POSTED:** After diligent search and at least two attempts have been made, by attaching a copy of this proves, together with a copy of the complaint or petition to a conspicuous place on the property within. Two attempts at least six hours apart:
Date _____ Time _____ Date _____ Time _____

☐ **GOVERNMENT AGENCY:** By delivering a true copy of this process, with the date and hour of service endorsed thereon by me, and a copy of the complaint, petition, or other initial pleading or paper to _____ as _____ of the within named to wit:
         NAME              TITLE
                                    , public agencies, service on the president,
GOVERNMENTAL AGENCY

☐ **NON-SERVICE:** For the reason that after diligent search and inquiry, _____ could not be found at the indicated address.

OTHER NOTES FOR SERVICE: _____
_____
_____
_____

I AM A PROCESS SERVER OVER THE AGE OF EIGHTEEN, AND HAVE NO INTEREST IN THE ABOVE ACTION. UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING RETURN OF SERVICE AND THAT THE FACTS STATED IN IT ARE TRUE.

PROCESS SERVER
APPOINTMENT # ___6201___

MAY-18-05 10:01 1:05-cv-10970-DPW 8132582258 Document 6-5 P.03 R-430 Filed 05/19/2005 Job-860 Page 1 of 5 PAGE 03
05/18/2005 10:10 8132582258 FLSSI

FROM :SUNCOAST PROCESS          FAX NO. :9417233924          May. 18 2005 09:51AM P5

COMMONWEALTH OF MASSACHUSETTS

ESSEX, s.s.

SUPERIOR COURT
CIVIL ACTION NO. B 2 0419

|  |  |
|---|---|
| OPHNET, INC., a Massachusetts corporation and JOHN A. HIRSCH and RONALD W. ZOLLA, individually and as Shareholders of ZHL, INC., a Massachusetts corporation, and KENNETH CRAM, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL LAMENSDORF, individually and as a Shareholder of ZHL, INC., MICHAEL LAMENSDORF, M.D., P.C., a Florida professional corporation, BAYOU JENNKAY, INC., a Florida corporation, and KATHY LAMENSDORF, individually and as an officer of Bayou JennKay, Inc., and ZHL, INC., a Massachusetts corporation, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## SUBPOENA DUCES TECUM FOR DEPOSITION

THE STATE OF FLORIDA:

TO:    Mark I. Briefman, CPA
       Lichtenstein Briefman & Co.
       2501 South Tamiami Trail
       Sarasota, Florida 34239

YOU ARE HEREBY COMMANDED to appear before a person authorized by law to take

depositions at Associated Court Reporters, 1900 Main Street, Suite 208, Sarasota, Florida 34231 on

Friday, May 20, 2005 at 10:00 a.m. for the taking of your deposition in this action.

If you fail to appear, you may be in contempt of Court.

[TP176641;1]

You are subpoenaed to appear by the following attorneys and unless excused from this subpoena by these attorneys or the Court, you shall respond to this subpoena as directed and to have with you at that time and place all documents listed on the attached Exhibit "A".

WITNESS my hand and seal of said Court on this __11th__ day of May, 2005.

KAREN E. RUSHING
Clerk of Court, Twelfth Judicial Circuit
In and For Sarasota County, Florida

By: _Margaret J. Appleton_

Deputy Clerk

Irene A. Bassel, Esquire
AKERMAN SENTERFITT
100 South Ashley Drive, Suite 1500
Post Office Box 3273
Tampa, Florida 33601-3273

J. Owen Todd, Esquire
Christopher R. O'Hara, Esquire
Edward Foye, Esquire
Todd & Weld, LLP
28 State Street, 31st Floor
Boston, Massachusetts 02109
Attorneys for Plaintiff

MAY-18-05 10:01 8132582258 P 05 R-430 Job-960
05/18/2005 16:10 8132582258 FLSSI PAGE 05
Case 1:05-cv-10970-DPW Document 6-5 Filed 05/19/2005 Page 3 of 5

FROM :SUNCOAST PROCESS FAX NO. :9417233924 May. 18 2005 09:51AM P7

## EXHIBIT A

1. All financial statements created for Michael Lamensdorf, M.D., P.A., ("MLMDPA") for 2002, 2003, and 2004, or any related entity.

2. All tax returns for MLMDPA for 2002, 2003, and 2004.

3. The work papers created in generating the financial statements and tax returns referenced in the prior requests.

4. All financial statements or tax returns created for Bayou JennKay, Inc., or any related corporation.

5. The work papers created in generating the financial statements and tax returns referenced in the prior request.

6. All work papers created in generating the tax returns for Michael and/or Kathy Lamensdorf, from 2002 – 2004 inclusive.

FROM :SUNCOAST PROCESS                FAX NO. :9417233924          May. 18 2005 09:50AM P3

# RETURN OF SERVICE

COURT  _COMMONWEALIN OF MASS_

CASE #  _B20419_

PLAINTIFF                          VS.       DEFENDANT
  _OFNNET_                                     _LAMENSDORF_

I RECEIVED THIS PROCESS ON _____5-5-05_____ TO BE SERVED UPON,
                                        DATE

_MARK BRIELMAN_ OF _2501 S. TAMIAMI TRAIL  SARASOTA_
      PERSON/ENTITY BEING SERVE            ADDRESS OF SERVICE

SERVICE WAS COMPLETED ON ___5-11-05___ AT _1:50 PM_ , THE DEFENDANT WAS,
                              DATE              TIME

☐  INDIVIDUAL SERVICE: By delivering to the within named person a true copy of this process, with the
date and hour of service endorsed thereon by me. At the same time, I delivered to the within named person
a copy of the complaint, petition, or other initial pleading or paper.

☑  SUBSTITUTE SERVICE: By leaving a true copy of the complaint, with the date and hour of service
endorsed thereon by me, and a copy of the complaint, petition, or other initial pleading or paper, at the
within named person's place of abode with any person residing therein who is 15 years of age or older and
informing the person of their contents.
  _KIMETH  BARDNER_                        _CPA_
        NAME                              RELATIONSHIP

☐  CORPORATE SERVICE: By delivering a true copy of this proves with the date and hour of service
endorsed thereon by me and a copy of the complaint, petition, or other initial pleading or paper to
_____ as _____ per FS 48.081(1)(a).
        NAME                    TITLE

☐  POSTED: After diligent search and at least two attempts have been made, by attaching a copy of this
proves, together with a copy of the complaint or petition to a conspicuous place on the property within.
Two attempts at least six hours apart:
Date _____ Time _____ Date _____ Time _____

☐  GOVERNMENT AGENCY: By delivering a true copy of this process, with the date and hour of service
endorsed thereon by me, and a copy of the complaint, petition, or other initial pleading or paper to
_____ as _____ of the within named to wit:
        NAME                    TITLE
_____ , public agencies, service on the president,
GOVERNMENTAL AGENCY

☐  NON-SERVICE: for the reason that after diligent search and inquiry, _____
could not be found at the indicated address.

OTHER NOTES FOR SERVICE:
_____
_____
_____

I AM A PROCESS SERVER OVER THE AGE OF EIGHTEEN, AND HAVE NO INTEREST IN THE ABOVE ACTION, UNDER PENALTIES OF
PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING RETURN OF SERVICE AND THAT THE FACTS STATED IN IT ARE TRUE.

                              PROCESS SERVER
                              APPOINTMENT #  _0201_

FROM :SUNCOAST PROCESS          FAX NO. :9417233924        May. 18 2005 09:51AM  P4

**Karen E. Rushing**
**Clerk of the Circuit Court**

Receipt Type  Non-Case              Outstanding Amount        0.00

Receipt Number  241739                  Receipt Date    05/11/2005

Description  Receipt for: SUBPOENA ISSUED - OUT OF STATE

Action

Judge

Received From  AKERMAN SENTERFITT

On Behalf Of

| | |
|---|---|
| Total Received | 1.50 |
| Net Received | 1.50 |
| Change | 0.00 |

**Receipt Payments**          Amount  Reference  Description
Check                          1.50   2374

**Receipt Applications**       Amount
Service Fee                    1.50

Deputy Clerk:    phorton     Transaction Date   05/11/2005  13:06:04

Comments  MASSACHUSETTS CASE # 2 0419  SUBPOENA D/T FOR DEPOSITION:  MARK I
BRIEFMAN, CPA

# TODD & WELD LLP

ATTORNEYS AT LAW
28 STATE STREET
BOSTON, MASSACHUSETTS 02109

EDWARD FOYE

TELEPHONE: (617) 720-2626
FACSIMILE:  (617) 227-5777
www.toddweld.com

May 9, 2005

**VIA FAX and FIRST CLASS MAIL**

Joseph A. Tsombanidis, Esq.
Abel, Band, Russell, Collier, Pitchford & Gordon
240 South Pineapple Avenue
Sarasota, FL  34236

Re:  **Ophnet, Inc., et al. v. Lamensdorf, et al.**
**Essex Superior Court Civil Action No. B 2 0419**

Dear Mr. Tsombanidis:

Enclosed please find a Notice of Continued Deposition for Mark Briefman.

I have scheduled the deposition to be held at Associated Court Reporting Agency. As a courtesy to Mr. Taaffe, I agreed to schedule the first day of Mr. Briefman's deposition at your offices.  If you would like, and if the witness is agreeable, I will hold the deposition at Abel Band.  Please let me know.

Yours very truly,

Edward Foye

EF/jml
Enclosures
cc:    John A. Hirsch
       Ronald W. Zolla

COMMONWEALTH OF MASSACHUSETTS

ESSEX, s.s.                                    SUPERIOR COURT
                                              CIVIL ACTION NO. B 2 0419

```
                                          )
OPHNET, INC., A Massachusetts Corporation )
and JOHN A. HIRSCH and RONALD W. ZOLLA, )
Individually and as Shareholders of       )
ZHL, INC., A Massachusetts Corporation, and )
KENNETH CRAM,                             )
                                          )
                  Plaintiffs,             )
                                          )
v.                                        )
                                          )
MICHAEL LAMENSDORF, Individually and      )
as a Shareholder of ZHL, INC.;            )
MICHAEL LAMENSDORF, M.D., P.C.,           )
A Florida Professional Corporation;       )
BAYOU JENNKAY, INC., a Florida Corporation; )
and KATHY LAMENSDORF, Individually and    )
as an officer of Bayou JennKay, Inc.; and )
ZHL, INC., a Massachusetts Corporation,   )
                                          )
                  Defendants.             )
                                          )
```

## NOTICE OF CONTINUED DEPOSITION OF MARK BRIEFMAN

TO:   **Joseph Tsombanides, Esq.**
      **Abel, Band, Russell, Collier, Pitchford & Gordon**
      **240 South Pineapple Avenue**
      **Sarasota, FL  34236**


PLEASE TAKE NOTICE that on Friday, **May 20, 2005 at 9:30 a.m.** at the

offices of Associated Court Reporting, 2075 Main Street, Suite 3, Sarasota, FL  34237

plaintiffs Ophnet, Inc., John Hirsch, Ronald Zolla and Kenneth Cram, by and through

their attorneys, will take the deposition upon oral examination of **Mark Briefman, CPA,**

pursuant to the applicable provisions of the Massachusetts Rules of Civil Procedure,

before a notary public in and for the Commonwealth of Massachusetts or before some

other officer authorized by law to administer oaths.  Mr. Briefman will be required by

subpoena issued pursuant to a letter rogatory obtained in the Commonwealth to bring

with him:

ALL DOCUMENTS RELATING IN ANY WAY TO THE CATEGORIES SET FORTH
IN EXHIBIT A ATTACHED HERETO

The examination will continue from day to day until completed.

     You are invited to attend and cross-examine.


     Respectfully submitted,

     OPHNET, INC., JOHN A. HIRSCH and
     RONALD W. ZOLLA,

     By their Attorneys,

     J. Owen Todd (BBO # 499480)
     Edward Foye (BBO #562375)
     TODD & WELD LLP
     28 State Street, 31st Floor
     Boston, MA  02109
     617-720-2626

Dated: May 9, 2005

## EXHIBIT A

1.      All financial statements created for Michael Lamensdorf, M.D., P.A.,

("MLMDPA") for 2002, 2003, and 2004, or any related entity.

2.      All tax returns for MLMDPA for 2002, 2003, and 2004.

3.      The work papers created in generating the financial statements and tax

returns referenced in the prior requests.

4.      All financial statements or tax returns created for Bayou JenKay, Inc., or

any related corporation.

5.      The work papers created in generating the financial statements and tax

returns referenced in the prior request.

6.      All work papers created in generating the tax returns for Michael and/or

Kathy Lamensdorf, from 2002 – 2004 inclusive.

```
                    ********************
               ***    TX REPORT    ***
                    ********************

     TRANSMISSION OK

     TX/RX NO              4811
     CONNECTION TEL              919413663999
     SUBADDRESS
     CONNECTION ID
     ST. TIME              05/09 15:48
     USAGE T               01'43
     PGS. SENT             5
     RESULT                OK
```

# TODD & WELD LLP

Attorneys at Law
28 State Street, 31st Floor
Boston, Massachusetts 02109

Telephone: (617) 720-2626
Facsimile: (617) 227-5777

## TELECOPY TRANSMITTAL SHEET

**EDWARD FOYE**

No. of Pages Sent:    **5**  (including this page)

Date:    May 9, 2005

To:    Joseph A. Tsombanidis, Esq.

Fax No.:    **941-366-3999**

From:    Edward Foye, Esq.

**Re:**    **Ophnet, Inc., et al. v. Lamensdorf, et al.**
ESSEX SUPERIOR COURT CIVIL ACTION NO. B 2 0419

If you do not receive all of the pages, or if any part is illegible, please call
Joanie Lineman at 617-720-2626.

THIS TRANSMITTAL IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT
IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER
APPLICABLE LAW. IF THE READER OF THIS TRANSMITTAL IS NOT THE
INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR

# TODD & WELD LLP

ATTORNEYS AT LAW
28 STATE STREET
BOSTON, MASSACHUSETTS 02109

EDWARD FOYE

TELEPHONE: (617) 720-2626
FACSIMILE:   (617) 227-5777
www.toddweld.com

May 13, 2005

**VIA FAX**

Matthew E. Miller, Esq.
Foley, Hoag LLP
155 Seaport Boulevard
Boston, MA  02210

Re:    **Ophnet, Inc., et al v. Michael Lamensdorf, et al.**
       **U.S.D.C. No. 05-10970-DPW**

Dear Mr. Miller:

Thank you for sending me another copy of the Defendants' removal memorandum. I look forward to receiving the certified copies of the pleadings pursuant to L.R. 81.1.

You are correct that we received the Notice of Removal sometime on the 10th, and frankly thought it applied to the other case. I note that the Notice of Removal was not signed by anyone on behalf of ZHL. Please let me know whether you take the position that no signature is necessary since it was fraudulently named to begin with, whether the right to remove is implicit in the offer to permit Dr. Lamensdorf to control the defense of the suit, or some third factor.

I also think it is clear that all process issued while the case was in state court remains valid, including the deposition notices for Mrs. Lamensdorf and the notice and subpoena to Mark Briefman (which I am informed that has been issued by the Florida court and has now been served). I have made travel arrangements to Florida for these depositions. If you take the position that either of those scheduled depositions cannot go forward, I would like to know about it immediately.

As to the motion for entry upon land, now that we are in Federal court, Rule 9A no longer applies. I will not be sending it to you before filing it. I still await your clients' position whether they will permit the inspection and photographing of the home and medical

Matthew Miller, Esq.
Page 2
May 13, 2005

practice.  The photographer and I would be the only ones present except of course the Lamensdorfs or their attorneys or both if they want to be there.

Yours very truly,

Edward Foye

EF/jml
cc:     Mr. John A. Hirsch
        Mr. Ronald W. Zolla