UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPHNET, INC., a Massachusetts corporation, JOHN A. HIRSCH and RONALD W. ZOLLA, individually and as shareholders of ZHL, Inc., a Massachusetts corporation, and KENNETH CRAM,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL LAMENSDORF, individually and as a shareholder of ZHL, Inc., MICHAEL LAMENSDORF, M.D., P.C., a Florida professional corporation; BAYOU JENNKAY,INC., a Florida corporation, KATHY LAMENSDORF, individually and as an officer of Bayou JennKay, Inc., and ZHL, INC., a Massachusetts corporation,<br><br>Defendants. | CIVIL ACTION NO. 05-10970-DPW |

## **DEFENDANT, DR. MICHAEL LAMENSDORF'S, MOTION FOR SANCTIONS**

DEFENDANT, Dr. Michael Lamensdorf ("Defendant" or "Dr. Lamensdorf"), moves this Court for appropriate sanctions because of Plaintiffs' failure to comply with a Court Order from the Superior Court for the Commonwealth of Massachusetts ("Superior Court") dated February 11, 2005 requiring the Plaintiffs to produce documents to the Defendant in response to Defendant's Request for Production. Plaintiffs have refused to produce certain financial information, including tax returns, notwithstanding that (1) the Superior Court has ordered Plaintiffs to produce the documents; (2) Plaintiffs have in the past represented and confirmed their intention to produce the documents to Defendants; (3) Defendants have produced documents in response to similar or virtually identical requests from Plaintiffs; and (4) the

documents are within the Plaintiffs' possession, custody or control. Defendant has filed and served a Memorandum in support of this Motion, and also states as follows:

1. This matter was removed from the Superior Court to this Court on May 10, 2005.

2. During the pendency of this original action while in the Superior Court, Dr. Lamensdorf served a Request for Production on the Plaintiffs seeking certain financial information and other relevant documents which were discoverable and likely to lead to the discovery of admissible evidence.

3. Plaintiffs objected to the production request and refused to produce the requested documents, requiring Dr. Lamensdorf to file a Motion to Compel Production of Documents with the Superior Court.

4. The Motion to Compel Production of Documents was directed to Plaintiffs, Ophnet, Inc., John Hirsch, Ronald Zolla, and Kenneth Cram.

5. On February 11, 2005, the Superior Court entered an Order Granting the Defendant's Motion to Compel Production of Documents as to certain requests. Plaintiffs have failed to fully comply with the Superior Court's Order and have thus prompted Defendant to file this Motion for Sanctions.

6. Counsel for Defendant conferred or attempted to confer in good faith with the Plaintiffs' counsel with respect to their failure to produce the Court-Ordered documents and attempted to secure the disclosures and the production without Court action.

7. As a result of Plaintiffs' failure to comply with the Superior Court's Order requiring the production of documents, Defendant brings this Motion and seeks the following relief:

a.  An Order requiring the Plaintiffs to produce all the documents previously ordered by the Superior Court on February 11, 2005;

b.  An Order refusing to allow the Plaintiffs to support or oppose designated claims or defenses, or prohibiting Plaintiffs from introducing designed matters in evidence as same relate to the items ordered to be produced;

c.  An Order striking pleadings or parts thereof, or staying further proceedings until the Order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party to the extent this Court finds appropriate;

d.  An Order treating as a contempt of Court the failure to obey the Order to produce the documents identified in the Court's February 11, 2005 Order and the referenced Motion to Compel Production of Documents filed by the Defendant;

e.  An Order modifying the Trial Order issued by the Superior Court and extending the discovery deadline previously set for May 30, 2005, by the Superior Court for a limited time to allow the Defendant to obtain the documents Plaintiffs were to produce and to take the depositions previously scheduled or sought to be taken in this matter.

WHEREFORE, Defendant, Dr. Michael Lamensdorf, respectfully moves this Court for appropriate sanctions against the Plaintiffs for their failure to comply with the Superior Court's Order requiring the production of certain documents and requests the relief specified herein and all other relief which this Court finds appropriate either at law or in equity.

        Respectfully submitted,

        MICHAEL LAMENSDORF, MICHAEL LAMENSDORF, M.D., P.A., BAYOU JENNKAY, INC., and KATHY LAMENSDORF

        By their attorneys,

        */s/ Matthew E. Miller*
        Brandon F. White, BBO# 525020
        Matthew E. Miller, BBO# 655544
        FOLEY HOAG, LLP
        155 Seaport Boulevard
        Boston, MA 02210
        (617) 832-1000

        OF COUNSEL:
        ABEL, BAND, RUSSELL, COLLIER, PITCHFORD & GORDON, CHARTERED
        Michael S. Taaffe (Fla. Bar No. 490318)
        240 South Pineapple Avenue
        Sarasota, Florida 34230-6948
        (941) 366-6660
Dated: May 27, 2005        (941) 366-3999 (fax)

## CERTIFICATION PURSUANT TO FEDERAL RULE 37(a)(2)(B) AND LOCAL RULE 37.1(B)

I, Matthew E. Miller, one of the attorneys for the Defendant, state that counsel for the Defendant has in good faith conferred with counsel for the Plaintiffs regarding the foregoing in an effort to secure the disclosure without Court action, and counsel were unable to resolve the issues raised in this Motion. Counsel for the Defendant has complied with the provisions of Rule 37.1 concerning discovery disputes.

*/s/ Matthew E. Miller*
Matthew E. Miller