UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPHNET, INC., a Massachusetts corporation, JOHN A. HIRSCH and RONALD W. ZOLLA, individually and as shareholders of ZHL, Inc., a Massachusetts corporation, and KENNETH CRAM, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL LAMENSDORF, individually and as a shareholder of ZHL, Inc., MICHAEL LAMENSDORF, M.D., P.C., a Florida professional corporation; BAYOU JENNKAY,INC., a Florida corporation, KATHY LAMENSDORF, individually and as an officer of Bayou JennKay, Inc., and ZHL, INC., a Massachusetts corporation, <br><br> Defendants. | CIVIL ACTION NO. 05-10970-DPW |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, DR. MICHAEL LAMENSDORF'S, MOTION FOR SANCTIONS

Defendant, Dr. Michael Lamensdorf ("Defendant" or "Dr. Lamensdorf"), files and serves this Memorandum of Law in Support of Defendant's Motion for Sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, and Rule 37.1 of the Local Rules of the United States District Court for the District of Massachusetts.

## I. INTRODUCTION

This matter was removed from the Superior Court for the Commonwealth of Massachusetts ("Superior Court") to this Court on May 10, 2005. Prior to removal, Defendant served a Request for Production of Documents on each of the Plaintiffs seeking certain financial information, including tax returns, and other relevant documents. Due to Plaintiffs' blanket objections to the production request, Defendant filed a Motion to Compel Production of

765507v.1

Documents with the Superior Court in order to obtain necessary discovery to assist in the effective representation and defense of this matter.

On February 11, 2005, the Superior Court entered an Order granting the Defendant's Motion to Compel Production of Documents as to certain requests concerning the financial information and state and federal tax returns. The Superior Court has also ordered that all discovery be completed in this case by May 30, 2005. Plaintiffs have failed to fully comply with the Superior Court's Order notwithstanding Defendant's repeated attempts to obtain the documents without seeking court action. As Plaintiffs have failed to produce the Court ordered documents and have further misled Defendant into believing that they were taking steps to obtain certain "missing" tax returns from the Internal Revenue Service ("IRS"), Defendant's only recourse was to proceed with the filing of this Motion and to seek the relief requested herein. Pursuant to 28 U.S.C.A. Section 1450, the Order of the Superior Court requiring Plaintiffs to produce the documents identified above remains valid and enforceable. 28 U.S.C. § 1450 ("All . . . orders . . . had in [a removed] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.").

## II. PROCEDURAL HISTORY

Plaintiffs, Ophnet, Inc. ("Ophnet"), Ronald Zolla ("Zolla"), John Hirsch ("Hirsch") and Kenneth Cram ("Cram") are residents of Massachusetts. Plaintiffs originally brought suit against the Defendants, Dr. Lamensdorf, Michael Lamensdorf, M.D., P.A. (the "Practice"), and Kathy Lamensdorf, all residents of Florida, in Massachusetts Superior Court, Essex County. As the Defendants were all residents of the State of Florida and the amount in controversy exceeded $75,000, Defendants timely removed the matter to the United States District Court for the District of Massachusetts on or about March 27, 2002 on the basis of this Court's diversity

jurisdiction.  28 U.S.C. §§ 1332, 1441(b).  See Ophnet, Inc. et al. v. Lamensdorf et al., Civ. A. No. 02-CV-10570-RCL.

On or about April 17, 2002, the Plaintiffs sought to destroy diversity and require a remand to state court by filing a motion to amend their complaint to add a Massachusetts corporation, ZHL, Inc. ("ZHL") as a defendant ("Motion to Amend").[1]  Hirsch and Zolla are the sole shareholders of Ophnet and majority shareholders of ZHL, as well as ZHL's president and vice-president, respectively.  Hirsch and Zolla, as sole shareholders and officers of Ophnet, elected to have Ophnet pursue a breach of contract claim against ZHL.  Michael and Kathy Lamensdorf are minority shareholders in ZHL.  Plaintiffs attached their Second Amended Complaint naming ZHL as defendant to the Motion to Amend.  In the Second Amended Complaint, Plaintiffs alleged that ZHL was a Massachusetts corporation, and that "ZHL's principal place of business is located at 17 Hawkes Street, Marblehead, Massachusetts." in Massachusetts.[2]  See Plaintiffs Second Amended Complaint, ¶10.  Plaintiffs claimed that ZHL was an "indispensable party" to the suit because Ophnet suffered damages that were "*substantial indeed* from [ZHL's] wrongful termination of [the] agreement."   See Plaintiffs Motion to Amend Amended Complaint (emphasis added).

As Plaintiffs professed their intention to pursue their claim against ZHL to recover their "substantial" damages, this Court allowed plaintiffs to amend their complaint to add ZHL as a defendant, and remanded the action to state court for lack of complete diversity.  Defendants have now removed this case back to federal court, as Plaintiffs have recently and clearly demonstrated that they lacked any good faith intention of prosecuting the action against ZHL,

---

[1]  Plaintiffs also sought to add Bayou Jennkay, Inc. as a party defendant to this action.

[2]  Defendants have also removed an action for Declaratory Judgment filed by Hirsch, Zolla and ZHL, Inc. to this court based on diversity jurisdiction.  See Hirsch et al. v. Lamensdorf et al., Civ. A. No. 05- 10902-DPW.  Interestingly, in an attempt to defeat diversity in that case, Plaintiffs have argued in direct contradiction to their

(continued)

pursuing claims against ZHL, or seeking a judgment against ZHL.  To the contrary, Hirsch and

Zolla, through their counsel in this matter, Edward Foye and the law firm of Todd & Weld, took

action on behalf of ZHL and sought declaratory relief from the Superior Court in a recently filed

separate action and sought a declaratory statement entitling them to sell the sole asset of ZHL,

even though they were suing ZHL in a separate action and allegedly seeking damages which

were "substantial indeed."  While now representing ZHL in a role at odds with their claim that

ZHL was indebted to Ophnet, Plaintiffs, Hirsch and Zolla, and their legal counsel, clearly and

convincingly displayed that ZHL was fraudulently joined as a party defendant simply to defeat

diversity jurisdiction.

### III. DEFENDANT'S REQUESTS FOR PRODUCTION

Defendants contend that Hirsch, Zolla and Cram engaged in a pattern of gross

mismanagement of Dr. Lamensdorf's medical practice and the Lantz Eye Surgery Center located

in Sarasota, Florida.  The mismanagement and breach of fiduciary duties caused Dr.

Lamensdorf's practice and the Lantz to suffer substantial financial difficulties.  Such

mismanagement and breach of fiduciary duties included overcharging for services provided to

ZHL (such as charges for accounting done by Hirsch's brother; William Hirsch, CPA) and other

expenses for which the Plaintiffs intended to receive financial benefits.  These benefits to the

Plaintiffs were in direct conflict with the fiduciary duties owed the Lamensdorfs, as ZHL

shareholders.

Plaintiffs, specifically Hirsch and Zolla, sat in dual roles, as principals for Ophnet and as

shareholders and officers of ZHL, and as such, were in a position to overcharge ZHL and the

Practice for services for which they would ultimately receive financial gains.  Thus, the extent to

---

earlier pleading that ZHL's principal place of business is in Florida. Plaintiffs are thus seemingly not above arguing
both sides of the issue in their attempts to avoid the federal court.

which payments were made to, by and between the Plaintiffs, and whether such expenses and payments were appropriate or justified, is directly relevant to this case. Furthermore, since Hirsch and Zolla continue to exercise control over both ZHL and Ophnet, the continued payments through the present time directly relate to this matter as well. Thus, Defendant's requests seeking documentation evidencing such payments were entirely justified. Nevertheless, Dr. Lamensdorf was compelled to file a Motion to Compel Production of Documents since Plaintiffs refused to disclose and provide the relevant materials. On February 11, 2005, the Superior Court considered the Defendant's Motion to Compel, found that the documents were relevant, and ordered their production. In a subsequent order, the Superior Court set a discovery deadline for May 30, 2005.

### A.    The Court-ordered document production by Ophnet, Inc.

Pursuant to the Superior Court's Order, Ophnet was required to produce the documents described below in response to the individually numbered requests contained in the Defendant's Motion to Compel Production of Documents and identified below. A copy of the Superior Court's Order granting Dr. Lamensdorf's Motion to Compel Production of Documents from Ophnet, Inc. is attached hereto as Exhibit A. Prior to May 26, 2005, Ophnet had not produced any of the requested documents other than the Patient Questionnaires identified below. On or about May 26, 2005, Ophnet produced certain U.S. Income Tax Returns for part of the time period ordered by the Superior Court in response to Defendant's Request No. 20. The additional documents have not been produced to date.

| Production Ordered by Court 2/11/05 | Documents Produced by Ophnet | Documents Not Produced |
|---|---|---|
| 12.    All payments records, invoices, cancelled checks, or any other documents containing any information regarding any and all payments made by Ophnet to Hirsch, Zolla, Cram, | **None** | All documents requested. |

| | | |
|---|---|---|
| and/or any Defendant in this action. | | |
| 13.   All tax records, including, but not limited to, W-2's, 1099's, or K-2's reflecting any payments made by Ophnet to Hirsch, Zolla, Cram, and/or any Defendant in this action. | See response to No. 20 below<br><br>U.S. Income Tax Returns for ZHL for 1998 through 2003[3] | All other documents requested. |
| 20.   All federal income tax returns and all schedules filed therewith for Ophnet from 1994 to the present. | U.S. Income Tax Returns for 1991-2001, and all schedules filed therewith.[4] | U.S. Income Tax Returns and attachments for 2002 through the present. |
| 21.   All state income tax returns and schedules for Ophnet from 1994 to the present. | **None** | All documents requested. |
| 41.   And any all documents that support your contention in paragraph 12 of the Complaint that Plaintiffs "have helped hundreds of ophthalmology practices around the country to improve operating systems, to increase revenues and profits, and to enhance the quality of patient care." | **None** (Other than Patient Questionnaires provided on March 25, 2005) | All documents requested. |

**B.    The Court-ordered document production by John Hirsch.**

Pursuant to the Superior Court's Order, Hirsch was required to produce the documents described below in response to the individually numbered requests represented below and contained in the Defendant's Motion to Compel Production of Documents from John Hirsch. A copy of the Superior Court's Order granting Dr. Lamensdorf's Motion to Compel Production of Documents from John Hirsch is attached hereto as Exhibit B. To date, Hirsch has failed to

---

[3] The U.S. Income Tax Returns for ZHL listed herein were produced on May 26, 2005.
[4] The U.S. Income Tax Returns for Ophnet listed herein were produced on May 26, 2005.

produce documents identified in Defendant's Motion to Compel Production of Documents as

described below.

| Production Ordered by Court 2/11/05 | Documents Produced by Hirsch | Documents Not Produced |
|---|---|---|
| 24.     All federal income tax returns and all schedules filed therewith for Hirsch from 1994 to the present. | 1998  1040 w/ Schedules A, B, D, E, SE<br>Forms:  4797 (from K-1),  6251, 8606, 4562, 4952, 8582<br><br>1999  1040 w/Schedules A, B, D, E, SE<br>Forms: 2210, 4797, 6251, 8606, 4562, 4952, 8582<br><br>2000  1040 w/Schedules A, B, D, E, SE<br>Forms: 2210, 1116, 4797, 6251, 8606, 4562, 4952, 8582<br><br>2001  1040 w/Schedules A, B, D, E, SE<br>Forms: 2210, 1116, 4797, 6251, 8606, 4562, 4952<br><br>2002  1040 w/Schedules B, D, E, SE<br>Forms: 4797 (from K-1), 6251, 8606, 4562 | Federal Income Tax Returns and all Schedules filed therewith for the following years:<br><br>1994 - 1997<br>2003-2004 |
| 25.     All state income tax returns and schedules for Hirsch from 1994 to present. | 1998     Form 1   Mass. Resident Income Tax Return<br>w/Schedules B, D, E, X, Y<br>Form M-2210<br>1999  Form 1 Mass. Resident Income Tax Return<br>w/Schedules B, D, E, X, Y<br>Form M-2210<br><br>2000  Form 1 Mass. Resident Income Tax Return<br>w/Schedules B, D, E, X, Y<br>Forms 4797, 8582<br><br>2001  Form 1 Mass. Resident Income Tax Return<br>w/Schedules B, D, D, E, X, Y, Z<br>Form 4797 (from K-1)<br><br>2002  Form 1 Mass. Resident Income Tax Return<br>w/Schedules B, D, E, X, Y, Z<br>Forms  - none attached | State Tax Returns with Schedules filed therewith for the following years:<br><br>1994 - 1997<br>2003 - 2004 |
| 72.    Any and all documents that indicate any income paid to Hirsch from Ophnet, ZHL, or any other Plaintiff. | 2001 ZHL, Inc. Accountants' Compilation Report<br><br>See also response to request no. 20 directed to Ophnet<br><br>U.S. Income Tax Returns for ZHL for 1998 through 2003 | All other documents indicating income paid to Hirsch from:<br>1. Ophnet<br>2. ZHL, or<br>3. Any other Plaintiff |

**C.    The Court-ordered document production by Ronald Zolla.**

Pursuant to the Superior Court's Order, Zolla was required to produce the documents described below in response to the individually numbered requests identified herein and contained in the Defendant's Motion to Compel Production of Documents from Ronald Zolla.  A copy of the Superior Court's Order granting Dr. Lamensdorf's Motion to Compel Production of Documents from Ronald Zolla is attached hereto as Exhibit C.  To date, Ronald Zolla has failed to produce documents identified in Defendant's Motion to Compel Production of Documents as described below.

| Production Ordered by Court 2/11/05 | Documents Produced by Zolla | Documents Not Produced |
|---|---|---|
| 24.    All federal income tax returns and all schedules filed therewith for Zolla from 1994 to the present. | 1998  1040 w/ Schedules A, B, D, E, SE<br>Forms:  2210, 4797 (from K-1), 6251, 8606, 8283, 4562, 4952, 8582<br><br>1999  1040 w/Schedules A, B, D, E, SE<br>Forms: 2210, 4797 (from K-1) 6251, 8606, 4562, 4952, 8582<br><br>2000  1040 w/Schedules A, B, D, E, SE<br>Forms: 2210, 4797 (from K-1) 6251, 8606, 4562, 4952, 8582<br><br>2001  1040 w/Schedules A, B, D, E, SE<br>Forms: 2210, 4797 (from K-1) 6251, 8606, 4562, 4952, 8582<br><br>2002  1040 w/Schedules A, B, D, E, SE<br>Forms: 4797 (from K-1), 6251, 8606, 4562, 4952, 8582 | Federal Income Tax Returns and all Schedules filed therewith for the following years:<br><br>1994 - 1997<br>2003 – 2004 |
| 25.    All state income tax returns and schedules for Zolla from 1994 to present. | 1998  Form 1  Mass. Resident Income Tax Return:<br>w/Schedules B, D, E, Y<br>Form M-2210<br><br>1999  Form 1 Mass. Resident Income Tax Return<br>w/Schedules B, D, E, Y<br>Form M-2210<br><br>2000  Form 1 Mass. Resident Income Tax Return<br>w/Schedules B, D, E, X<br>Forms: M-2210, 4797 (from K-1), 8582<br><br>2001  Form 1 Mass. Resident Income Tax Return<br>w/Schedules B, D, E, Z<br>Forms: M-2210, 4797 (from K-1), 8582 | State Income Tax Returns and all Schedules filed therewith for the following years:<br><br>1994 - 1997<br>2003 – 2004 |

| | 2002 Form 1 Mass. Resident Income Tax Return<br>w/Schedules B, D, E, Y, Z also Schedule INC, W-2, 1099 | |
|---|---|---|
| 72. Any and all documents that indicate any income paid to Hirsch from Ophnet, ZHL, or any other Plaintiff. | 2001     ZHL, Inc. Accountants' Compilations Report<br><br>See also response to request no. 20 directed to Ophnet<br><br>U.S. Income Tax Returns for ZHL for 1998 through 2003 | All other documents indicating income paid to Zolla from:<br>1. Ophnet<br>2. ZHL<br>3. Any other Plaintiff |

### D.     The Court-ordered document production by Kenneth Cram.

Pursuant to the Superior Court's Order,  Cram was required to produce the documents described below in response to the individually numbered requests identified herein and contained in the Defendant's Motion to Compel Production of Documents from Kenneth Cram. A copy of the Superior Court's Order granting Dr. Lamensdorf's Motion to Compel Production of Documents from Kenneth Cram is attached hereto as Exhibit D.  To date, Kenneth Cram has failed to produce documents identified in Defendant's Motion to Compel Production of Documents as described below.

| **Production Ordered by Court 2/11/05** | **Documents Produced by Cram** | **Documents Not Produced** |
|---|---|---|
| 24.     All federal income tax returns and all schedules filed therewith for Cram from 1994 to the present. | 1998   1040 w/ Schedules A, B, D, SE; Forms: 4797, 2106<br><br>2000   1040 w/Schedules A, B, D, SE; Forms: 8863, 2106<br><br>2001   1040 w/Schedules A, B, D, SE<br><br>2002   1040 w/Schedules A, B, D, SE<br><br>2003   1040 w/Schedules A, B, D, SE; Forms: 6251, 3903<br><br>KGC Consulting, Inc. (Mr. and Mrs. Cramm's consulting business.)<br><br>2000   1120S  U.S. Income Tax Return for S Corp.<br>Forms: 4562, K-1, NH-1120, DP-2210/2220, DP-120<br><br>2001   1120S U.S. Income Tax Return for S Corp.<br>Forms: K-1, BT-Summary, NH-1120, DP-120 | For Cram:<br><br>Federal Income Tax Returns and all schedules filed therewith for the following years:<br><br>1994 - 1997<br>1999<br>2004<br><br><br>For KGC Consulting, Inc.:<br><br>Federal Income Tax Returns and all schedules filed |

| | 2002    1120S U.S. Income Tax Return for S Corp.<br>Forms: K-1, NH-1120, DP-120<br><br>2003    1120S U.S. Income Tax Return for S Corp.<br>Forms: 4797, K-1, BT-Summary, NH-1120, DP-120 | therewith for the following years:<br><br>1994-1999<br>2004 |
|---|---|---|
| 25.    All state income tax returns and schedules for Cram from 1994 to present. | **None** | For Cram:<br><br>1994 - 2004<br><br>For KGC Consulting, Inc.:<br><br>1994 - 2004 |
| 72.    Copies of any documents requested in Requests 1 through 71 where the copy bears markings or writings not present on the original or where the copy is otherwise different from the original. | **None** | <u>Need:</u><br>Copies of any and all documents that were requested in items #1 through #71, where the copy bears markings or writings not present on the original or where the copy is otherwise different from the original. |

## IV. PLAINTIFFS' FAILURE TO COMPLY WITH THE ORDER OF THE SUPERIOR COURT FOR THE COMMONWEALTH OF MASSACHUSETTS

Plaintiffs provided an incomplete response to the Court ordered document production on March 25, 2005. Prior to the March 25, 2005 production, counsel for Plaintiffs advised counsel for the Defendant that certain tax returns were not included in the response and that Plaintiffs were requesting that the IRS provide them with the missing documents. On April 22, 2005, counsel for the Defendant, Matthew Miller, prepared correspondence to Plaintiffs' counsel as a follow up to the document production and to confirm Plaintiffs' counsel's representation that his clients were actively attempting to obtain the missing tax returns from the Internal Revenue Service. A copy of the correspondence is attached hereto as Exhibit E. Defendant's counsel sought clarification as to when the remaining documents would be produced.

On April 22, 2005, counsel for the Plaintiffs responded by letter that Plaintiffs would produce the missing returns as soon as they were received from the IRS, but counseled that the IRS was "very busy this time of year." A copy of the correspondence is attached hereto as Exhibit F. Plaintiffs have now reversed their position. On or about May 20, 2005, Defendants Of Counsel in Florida, Michael Taaffe, Esq. of the law firm Abel Band, conferred in person with counsel for Plaintiffs, Edward Foye, Esq., regarding the status of the outstanding documents Plaintiffs were to produce. Plaintiffs' counsel stated that Plaintiffs have produced all responsive documents to the production request and was under no obligation to produce any other documents, including the missing tax returns. In response, by letter dated May 23, 2005, Mr. Taaffe delivered correspondence to the attention of Plaintiffs' counsel to advise him of the specific documents which were not produced and again asked that he produce same. A copy of said correspondence is attached hereto as Exhibit G. To date, Plaintiffs refuse to produce the majority of documents which were ordered to be produced by the Superior Court.

Defendant's counsel is in need of the requested Court ordered documents and requires same to proceed with this litigation and prepare this matter for trial. The documents are necessary to allow the Defendant to effectively depose the Plaintiffs on issues pertaining to liability and damages. Further, Defendant previously scheduled the depositions of the Plaintiffs and their accountant, William Hirsch, CPA, but was compelled to cancel the depositions due to Plaintiffs' delay and ultimate refusal to produce the documents as ordered by the Superior Court. The documents requested are within the possession, custody, and/or control of the Plaintiffs and were previously ordered to be produced. Further, Plaintiffs represented through their counsel on April 22, 2005, that they made the appropriate request to the Internal Revenue Service for the missing tax returns, and the Defendant relied on this representation. Subsequently, on May 24, 2005, Plaintiffs' counsel advised Defendant's counsel that "none of the plaintiffs are obliged to

execute the forms necessary to obtain the missing information from the Internal Revenue

Service…"  See correspondence from Plaintiff's counsel attached hereto as Exhibit H.

Presumably, based on Plaintiffs' counsel's clear representation, or misrepresentation for

that matter, Plaintiffs never requested the missing documents from the IRS and never intended to

produce the ordered documents.  To the contrary, Plaintiffs misled the Defendant to believe that

they were cooperating and abiding by the Court's Order in obtaining the documents within their

possession, custody and control and to which they had an obligation and legal right to obtain.  As

a result, the deadline to the Superior Court discovery cutoff set for May 30, 2005, approached

and Defendant was left without the Court ordered documents.  Plaintiffs deprived Defendant of

the documents through a contrived scheme and as a result hindered Defendant's ability to

effectively take depositions so as to inquire into the matters contained therein.

As to Ophnet's failure to produce its tax returns, Hirsch and Zolla, as president and vice

president and the sole shareholders of Ophnet, had an obligation to produce the tax returns for

Ophnet notwithstanding Plaintiffs' counsel's representation in his May 24, 2005 correspondence

attached hereto as Exhibit H that "of course [Defendant] ha[s] not received the documents that

Mr. [William] Hirsch has, and he is the only one who has copies of Ophnet's tax returns."  Even

though William Hirsch is Plaintiff Hirsch's brother and an agent of Ophnet, Plaintiffs initially

refused to produce said documents, and have only recently produced a portion of the required

documents.

Defendant had previously set William Hirsch's deposition for March 10, 2005.  Plaintiffs

were well aware that Defendants required said documents from William Hirsch, CPA in order to

effectively take his deposition.  However, when Plaintiffs failed to produce the necessary

documents, Defendant was forced to cancel the deposition.  See correspondence attached hereto

as Exhibit I.  On March 18, 2005, Defendant followed up on the previous request for documents

that were to be provided pursuant to the Court's Order.  At the same time, Defendant requested

dates for the deposition of William Hirsch, CPA, the agent and accountant of Ophnet.  By letter

dated April 6, 2005, a copy of which is attached hereto as Exhibit J, Plaintiffs' counsel advised

Defendant's Florida counsel's associate that William Hirsch was "previously willing to sit for

deposition without the need of formal legal process, but that changed when Mr. Taaffe first

insisted that he be available on March 10th for his deposition and then proceeded to cancel it once

the Court approved an extension to the discovery deadline."

Thus, Defendants require a limited extension to the Superior Court's May 30, 2005

discovery deadline not only to take the Plaintiffs' depositions, but also to take William Hirsch's

deposition as well.  William Hirsch's deposition was canceled as a result of Plaintiffs clear

violation of the Court Order to produce documents.  Since Plaintiffs were unwilling to coordinate

said deposition without process, Defendant was compelled to serve a Motion for the Issuance of

a Letter Rogatory on Plaintifs for their consent to depose Mr. Hirsch.  Plaintiffs did not consent

to same and a Letter Rogatory was never issued since this matter was removed to Federal Court.

Since the removal, Defendant was unable to schedule the deposition of William Hirsch due to the

discovery guidelines set forth in Federal Court.  At the same time, Plaintiffs opposed the Motion

for the Issuance of a Letter Rogatory to a relevant witness in the State of Florida and the Superior

Court could not rule on same since this matter was removed.  Finally, Defendant had set the

depositions of Plaintiffs Hirsch, Zolla and Cram for May 11 and 12 of this year, but again was

compelled to cancel these depositions since the Plaintiffs continued to refuse to produce

documents in compliance with the Superior Court's February 11, 2005 Order.

## V. PLAINTIFFS ARE UNDER AN OBLIGATION TO PRODUCE THE TAX RETURNS ORDERED BY THE SUPERIOR COURT

Plaintiffs' have a legal right and obligation to obtain their missing tax returns, especially

considering their active misrepresentation to the Defendant that they were in the process of

obtaining said returns from the IRS. Plaintiffs now contend that they have no obligation

pursuant to the Superior Court's Order to produce tax returns that (1) are supposedly "missing"

and are in the possession of the IRS, or (2) were created after 2002 because Defendant's

document requests were issued in June of 2003. Plaintiffs are simply incorrect. Defendant's

document requests contain an instruction which states "These requests require you to produce

not only documents which are currently in your possession, but also those which can be obtained

on request or demand from any third party." See Defendant's First Request for Production of

Documents, p. 5. The requests also provide that "[t]his is a continuing request for production of

documents . . . If any documents are created after the date of this request which are responsive,

such documents should be produced not later than (30) days after they are created." The

Superior Court ordered that Plaitniffs produce documents as requested by Defendant. Thus,

Plaintiffs' self-imposed limitations on the required discovery in this case are unfounded and

contrary to the Superior Court's Order.

Furthermore, pursuant to Plaintiffs' requests, Defendants have produced tax returns

through the present, which includes the 2004 tax year. Moreover, Defendant Bayou Jennkay

directed its accountant specially prepare 2004 tax returns so that same could be provided to the

Plaintiffs. Plaintiffs now incredulously claim that the Superior Court's Order did not include tax

returns filed for the two last years when they sought no clarification nor raised any such

objection with the Superior Court, and when the Defendants have produced tax returns through

the present including the last two years.

Finally, Plaintiffs' contention that they are under no legal obligation to request the

missing tax returns from the IRS is incorrect as a matter of law. Plaintiffs, as taxpayers, have the

right to obtain copies of their tax returns from the government. As noted by the District of

Massachusetts in Tollefsen v. Phillips, 16 FRD 348 (1954 Dist. Mass), "copies of the federal

returns are sufficiently within the plaintiff's constructive possession to be subject to an order of the court if there is no other obstacle to such an order." (citing <u>Reeves v. Pennsylvania R.R. Co.</u>, 80 F. Supp. 107 (D.C.Del. 1948). Thus, in the instant matter, Plaintiffs were under the Superior Court Order to obtain the missing tax returns from the IRS. Moreover, counsel for Plaintiffs' recent reversal of position as to Plaintiffs' efforts to obtain the returns suggests that Plaintiffs never made any efforts to obtain the missing returns and misrepresented their intentions to delay Defendant's efforts in obtaining the discovery he is due.

## VI. THE REQUESTED RELIEF

Pursuant to Rule 37, Federal Rules of Civil Procedure and Local Rule 37.1, Defendant respectfully moves for the following relief:

a. An Order requiring the Plaintiffs to produce all the documents previously ordered by the Superior Court on February 11, 2005;

b. An Order refusing to allow the Plaintiffs to support or oppose designated claims or defenses, or prohibiting Plaintiffs from introducing designed matters in evidence as same relate to the items ordered to be produced;

c. An Order striking out pleadings or parts thereof, or staying further proceedings until the Order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party to the extent this Court finds appropriate;

d. An Order treating as a contempt of Court the failure to obey the Order to produce the documents identified in the Court's February 11, 2005 Order and the referenced Motion to Compel Production of Documents filed by the Defendant;

e.    An Order modifying the Trial Order issued by the Superior Court and

extending the discovery deadline previously set by the Superior Court for

a limited time to allow the Defendant to obtain the documents Plaintiffs

were to produce and to take the depositions previously scheduled or

sought to be taken in this matter.

## VII. CONCLUSION

Defendant, Dr. Michael Lamensdorf, respectfully requests this Court enter an Order

Compelling the Plaintiffs to produce the documents not produced in response to the Defendant's

production request and enter an Order granting the relief requested herein and modify the

Superior Court Trial Order to extend the discovery deadline and reset the relevant dates in this

matter to reflect the District Court's Pre-Trial procedure.

Respectfully submitted,

MICHAEL LAMENSDORF, MICHAEL
LAMENSDORF, M.D., P.A., BAYOU
JENNKAY, INC., and KATHY
LAMENSDORF

By their attorneys,


*/s/ Matthew E. Miller*
Brandon F. White, BBO# 525020
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

OF COUNSEL:
ABEL, BAND, RUSSELL, COLLIER,
PITCHFORD & GORDON, CHARTERED
Michael S. Taaffe (Fla. Bar No. 490318)
240 South Pineapple Avenue
Sarasota, Florida  34230-6948
(941)  366-6660
(941)  366-3999 (fax)

Dated: May 27, 2005

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

Civil Docket **ESCV2002-00419**

RE:    Ophnet Inc A Massachusetts Corporation et al v Lamensdorf et al

TO:    Matthew E. Miller, Esquire
       Foley Hoag LLP
       155 Seaport Boulevard
       Boston, MA 02210

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **02/11/2005**:

*RE: Defendant Michael Lamensdorf's MOTION to compel production of documents from Ophnet, Inc, memo in support, Plff's. opposition, filed 2/7/05*

**is as follows:**

**MOTION (P#44) ALLOWED only to Request 12, 13, 20, 21 and 41. DENIED in all other respects. (Richard Welch, III, Justice). Notices mailed February 11, 2005**

Dated at Salem, Massachusetts this 11th day of February, 2005.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY:

JoDee Doyle - Sheila Gaudette
Assistant Clerk

Telephone: (978) 462-4474

Copies mailed 02/11/2005

cvdresult_2.wpd 526260 mottext gaudette

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

Civil Docket **ESCV2002-00419**

RE:    Ophnet Inc A Massachusetts Corporation et al v Lamensdorf et al

TO:    Matthew E. Miller, Esquire
        Foley Hoag LLP
        155 Seaport Boulevard
        Boston, MA 02210

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **02/11/2005**:

*RE: Defendant Michael Lamensdorf's MOTION to compel production of documents from plff. John Hirsch, memo in support, filed 2/7/05*

**is as follows:**

**MOTION (P#45) ALLOWED only to Requests 24, 25, 72, DENIED in all other respects (Richard Welch, III, Justice). Notices mailed February 11, 2005**

Dated at Salem, Massachusetts this 11th day of February, 2005.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY:

JoDee Doyle - Sheila Gaudette
Assistant Clerk

Telephone: (978) 462-4474

Copies mailed 02/11/2005

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

Civil Docket **ESCV2002-00419**

RE:   Ophnet Inc A Massachusetts Corporation et al v Lamensdorf et al

TO:   Matthew E. Miller, Esquire
      Foley Hoag LLP
      155 Seaport Boulevard
      Boston, MA 02210

-----------

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **02/11/2005**:

*RE: Defendant Michael Lamensdorf's MOTION to compel production of documents from plff. Ronald W. Zolla, memo in support, filed 2/7/05*

**is as follows:**

**MOTION (P#46) ALLOWED as to Requests 24, 25, and 72 . DENIED in all other respects. (Richard Welch, III, Justice). Notices mailed February 11, 2005**

Dated at Salem, Massachusetts this 11th day of February, 2005.

                                    Thomas H. Driscoll Jr.,
                                      Clerk of the Courts
BY:

                                  JoDee Doyle - Sheila Gaudette
                                      Assistant Clerk

Telephone: (978) 462-4474

Copies mailed 02/11/2005

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

Civil Docket **ESCV2002-00419**

RE:    Ophnet Inc A Massachusetts Corporation et al v Lamensdorf et al

TO:    Matthew E. Miller, Esquire
        Foley Hoag LLP
        155 Seaport Boulevard
        Boston, MA 02210

### CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **02/11/2005**:

*RE: Defendant Michael Lamensdorf's MOTION to compel production of documents from plff. Kenneth Cram, memo in support, filed 2/7/05*

**is as follows:**

**MOTION (P#47) ALLOWED as to Requests 24, 25, and 72. DENIED in all other respects. (Richard Welch, III, Justice). Notices mailed February 11, 2005**

Dated at Salem, Massachusetts this 11th day of February, 2005.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY:

JoDee Doyle - Sheila Gaudette
Assistant Clerk

Telephone: (978) 462-4474

Copies mailed 02/11/2005

cvdresult_2.wpd 526266 mottext gaudette



# FOLEY
# HOAG LLP
ATTORNEYS AT LAW

Matthew E. Miller
Boston Office
617) 832-3041
mmiller@foleyhoag.com

April 22, 2005

**BY FACSIMILE and U.S. MAIL**

Edward Foye, Esq.
Todd & Weld, LLP
28 State Street, 31st Floor
Boston, MA 02109

     Re:    <u>Ophnet, Inc. et al. v. Lamensdorf et al., Civil Action No. 2-0419</u>

Dear Mr. Foye:

     During our telephone conversation on Thursday, March 24, 2005, you indicated that plaintiffs' planned production on Friday, March 25, 2005, made in response to the Court's February 11, 2005 Order granting defendants' motion to compel, did not include tax returns for certain years due to your clients' failure to retain said returns. You also stated that your clients were actively attempting to obtain the missing tax returns from the Internal Revenue Service. Please advise as to when plaintiffs will be producing these tax returns.

     Very truly yours,

     Matthew E. Miller

cc:    Michael Taaffe, Esq. (via Fax)

# TODD & WELD LLP

### ATTORNEYS AT LAW
### 28 STATE STREET
### BOSTON, MASSACHUSETTS 02109

EDWARD FOYE

TELEPHONE: (617) 720-2626
FACSIMILE:   (617) 227-5777
www.toddweld.com

April 22, 2005

**By Fax**

Matthew E. Miller, Esq.
Foley, Hoag LLP
155 Seaport Boulevard
Boston, MA  02210

     Re:    **Ophnet, Inc., et al v. Michael Lamensdorf, et al.**
                **Essex Superior Court Civil Action No. B 2 0419**

Dear Mr. Miller:

    As soon as I receive anything from the Internal Revenue Service, I will produce it to you.  I understand that they are very busy this time of year.

Yours very truly,

Edward Foye

EF/jml



**ATTORNEYS AND COUNSELORS AT LAW**

Mailing Address: P.O. Box 49948, Sarasota, FL 34230-6948

240 South Pineapple Avenue
Sarasota, FL 34236
TEL 941-366-6660
FAX 941-366-3999

WWW.ABELBAND.COM

Michael S. Taaffe
Board Certified Business Litigation Attorney
Writer's Direct Line: (941) 364-2720
Direct E-mail: mtaaffe@abelband.com
Please refer to our file number: 8468-5

May 23, 2005

**VIA FACSIMILE**

Edward Foye, Esq.
Foye & Weld, LLP
28 State Street, 31st Floor
Boston, MA 02109

Re:  *Ophnet, Inc. et al. v. Lamensdorf, et al.*
*Superior Court Civil Action No. B 2 0419*

Dear Ed:

As a follow-up to our most recent discovery request and the Superior Court Order requiring the production of same, I am again writing to request the Court-ordered documents in this matter.

As you may recall, on Friday, March 25, 2005, you produced certain documents to Mr. Matthew Miller at Foley Hoag in Massachusetts and which were in part responsive to our production request and the Court's Order regarding said production. You informed Mr. Miller that the production did not include tax returns for the years listed below due to your clients' failure to retain their returns. In that regard, our review of the Court-ordered production and your response indicates that the following documents are still missing:

Ophnet

- All payments records, invoices, cancelled checks, or any other documents containing any information regarding any and all payments made by Ophnet to Hirsch, Zolla, Cram, and/or any Defendant in this action.

- All tax records, including, but not limited to, W-2's, 1099's, or K-2's reflecting any payments made by Ophnet to Hirsch, Zolla, Cram, and/or any Defendant in this action.

---

SARASOTA, FLORIDA | VENICE, FLORIDA | DENVER, COLORADO

**ABEL, BAND, RUSSELL, COLLIER, PITCHFORD & GORDON, CHARTERED**

Edward Foye, Esq.
May 23, 2005
Page 2

- All federal income tax returns and all schedules filed therewith for Ophnet from 1994 to the present.

- All state income tax returns and schedules for Ophnet from 1994 to the present.

- Any all documents that support your contention in paragraph 12 of the Complaint that Plaintiffs "have helped hundreds of ophthalmology practices around the country to improve operating systems, to increase revenues and profits, and to enhance the quality of patient care. (Other than the Patient Questionnaires you provided).

Zolla

- Federal Income Tax Returns and all Schedules filed therewith for the following years: 1994 - 1997, 2003 - 2004

- State Income Tax Returns and all Schedules filed therewith for the following years: 1994 - 1997, 2003 - 2004

- All other documents indicating income paid to Zolla from: Ophnet, ZHL, or any other Plaintiff

Hirsch

- Federal Income Tax Returns and all Schedules filed therewith for the following years: 1994 - 1997, 2003-2004.

- State Tax Returns with Schedules filed therewith for the following years: 1994 - 1997, 2003 - 2004.

- All other documents indicating income paid to Hirsch from: Ophnet, ZHL, or any other Plaintiff.

Cramm

- (Cramm) Federal Income Tax Returns and all schedules filed therewith for the following years: 1994 - 1997, 1999, 2004.

- (KGC Consulting, Inc.) Federal Income Tax Returns and all schedules filed therewith for the following years: 1994-1999, 2004.

- (Cramm) State Income Tax returns and all schedules filed therewith for the following years: 1994 – 2004.

- (KGC Consulting, Inc.) State Income Tax returns and all schedules filed therewith for the following years:1994 - 2004.

Edward Foye, Esq.
May 23, 2005
Page 3

- Copies of any and all documents that were requested in items #1 through #71, where the copy bears markings or writings not present on the original or where the copy is otherwise different from the original.

At the time of your response to the Court-ordered production, you also indicated that your clients were actively attempting to obtain the missing tax returns from the Internal Revenue Service. To date, we have yet to receive these missing returns as outlined above. Without such documents, we cannot effectively take the depositions of Mr. John Hirsch, Mr. Ronald Zolla, Mr. William Hirsch, Mr. Kenneth Cram, and the corporate representatives of Ophnet, Inc. and ZHL, Inc. As such, I am writing as a final request for you to supply us these documents within 24 hours of this communication. Should we fail to receive your response within that time, we will file the necessary motion with the Federal Court in the District of Massachusetts.

In addition, I am writing in regard to your representation at the deposition of Mr. Mark Briefman on Friday, May 20, 2005, wherein you indicated that you did produce all of the documents we requested from Ophnet, Inc. As I indicated at that time, and restate herein, we have never received any of the Court-ordered documents from Ophnet, Inc. as outlined above and your response to same remains incomplete.

While you mentioned that your clients are no longer in possession of any of the missing tax returns and additional documents, I take this opportunity to remind you that the parties are required to produce documents or tangible things which are in their possession, custody or control. Under the applicable Massachusetts Superior Court Rule of Procedure and Rule 30, Federal Rules of Civil Procedure, your clients are under an obligation to produce the documents as noted. While our records indicate that you have not produced any of the listed documents relating to Ophnet, Inc. and the additional tax returns missing from your March 25th production response, I write to request you provide me with a list of bates numbers of the Ophnet tax returns and missing documents for which you claim you already produced. In the alternative, if you still believe you produced all of the documents relating to Ophnet, Inc., and the missing tax returns, I again ask that you provide me with a copy of same since our records do not show such production.

Thank you for your immediate attention to this matter.

Very truly yours,

ABEL, BAND, RUSSELL, COLLIER,
PITCHFORD & GORDON, CHARTERED

Michael S. Taaffe

MST:gkv

764877v.1

# TODD & WELD LLP

ATTORNEYS AT LAW
28 STATE STREET
BOSTON, MASSACHUSETTS 02109

EDWARD FOYE

TELEPHONE: (617) 720-2626
FACSIMILE: (617) 227-5777
www.toddweld.com

May 24, 2005

**BY FAX**

Michael Taaffe, Esq.
Abel, Band, Russell, Collier, Pitchford & Gordon
240 South Pineapple Avenue
Sarasota, FL 34236

> Re:  **Ophnet, Inc., et al. v. Lamensdorf, et al.**
>       **U.S.D.C. 05-10970**

Dear Mr. Taaffe:

This letter is in response to the second of your two May 23, 2005 letters. This one concerns certain alleged deficiencies in the plaintiffs' court-ordered supplemental document production. As you acknowledged, this production happened two months ago, but you apparently only now getting around to complaining about certain supposedly "missing" documents.

Your review of the documents is plainly deficient, because all responsive documents which my clients have in their possession or control have been produced (with the two exceptions discussed below, which you already know about or at least should know about).

Your suggestion that Mr. Cram's willingness to ask the IRS for corporate and personal tax returns which his accountant no longer had in his possession somehow amounts to a concession that his production is incomplete is simply reprehensible, and I think confirms the wisdom of Mr. Hirsch's and Mr. Zolla's unwillingness to follow suit. The requirement under Massachusetts law that a party produce documents within his custody or control refers only to individuals or entities which hold documents on behalf a party or whose relationship with a party is such that the party can as a matter of right demand that the documents be surrendered to him. All of the plaintiffs did this in assembling documents. Accountants are not obliged to keep tax returns more than a certain number of years old and neither are parties. None of the plaintiffs are obliged to execute the forms necessary to obtain the missing information from the Internal Revenue

Michael Taaffe, Esq.
Page 2
May 24, 2005


Service, and I cannot conceive of any court ordering them to do so.  If you know of any contrary authority, please bring it to my attention.  If you disagree with my view on this, you are of course welcome to file a motion to compel.

As far as the 2003 and 2004 tax returns of the plaintiffs are concerned, your document requests were propounded in 2002.  Each of the plaintiffs objected to the instruction that they were purportedly obliged to produce documents not yet in existence. Your motion did not request the production of those documents and the Court did not order the production of documents that could not have been responsive to the request.  If you had raised the matter with the Court, the plaintiffs could have pointed out that since your clients terminated the P.C. Management Agreement in February 2002, those documents have no conceivable relevance.

As to the Ophnet tax returns, you informed me in no uncertain terms at Mrs. Lamensdorf's deposition in Florida that you wanted to examine them (and all the other documents maintained by William Hirsch) at Mr. Hirsch's accounting office in Tampa. You were quite specific about not wanting those documents produced through my office.  I arranged for Mr. Hirsch to set aside a day at the height of the tax season to produce the documents and to sit for the requested deposition.  Only a day or two before the scheduled deposition you unilaterally cancelled it.  Of course you have not received the documents that Mr. Hirsch has, and he is the only one who has copies of Ophnet's tax returns.

I will arrange to have copes made, and if they arrive in time I will have copies hand-delivered to Mr. Miller with the hard copy of this letter.  If not, you will get them when I get them.

Yours very truly,

Edward Foye

EF/jml
cc:    John Hirsch
       Ron Zolla
       Matthew Miller, Esq. (by fax and by hand)



ABEL BAND®

ATTORNEYS AND COUNSELORS AT LAW

Mailing Address: P.O. Box 49948, Sarasota, FL 34230-6948

240 South Pineapple Avenue
Sarasota, FL 34236
TEL 941-366-6660
FAX 941-366-3999

WWW.ABELBAND.COM

Michael S. Taaffe, Shareholder
Board Certified Business Litigation Attorney
Writer's Direct Line: (941) 364-2720
Direct E-mail: mtaaffe@abelband.com
Please refer to our file number: 8468-5

March 10, 2005

**BY FACSIMILE & U.S. MAIL**

Edward Foye, Esq.
Todd & Weld, LLP
28 State Street
Boston, MA 02109

Re:    *Ophnet, Inc., et al. v. Lamensdorf, et al.*

Dear Mr. Foye:

Seeing as you have blatantly disregarded the Court's order by not sending us the documents, I don't feel I can adequately depose Bill Hirsch on March 10, 2005, the date that we had previously agreed to depose him in Tampa.   As we discussed verbally, we will not be deposing Bill Hirsh on March 10 and request that you provide some dates he would be available for his deposition well before discovery cutoff in this matter on May 30, 2005 and at least two weeks after the production of documents that the court ordered you produce to us.

Respectfully submitted,

ABEL, BAND, RUSSELL, COLLIER,
PITCHFORD & GORDON, CHARTERED

Michael S. Taaffe, Shareholder

cc:    Matthew E. Miller, Esq. (via facsimile)
Dr. Michael and Kathy Lamensdorf

SARASOTA, FLORIDA   |   VENICE, FLORIDA   |   DENVER, COLORADO
**ABEL, BAND, RUSSELL, COLLIER, PITCHFORD & GORDON, CHARTERED**

748983v.2

# TODD & WELD LLP

ATTORNEYS AT LAW
28 STATE STREET
BOSTON, MASSACHUSETTS 02109

EDWARD FOYE

TELEPHONE: (617) 720-2626
FACSIMILE:  (617) 227-5777
www.toddweld.com

April 6, 2005

**VIA FAX**

Joseph A. Tsomvanidis, Esq.
Abel, Band, Russell, Collier, Pitchford & Gordon
240 South Pineapple Avenue
Sarasota, FL  34236

> **Re:    Ophnet, Inc., et al. v. Lamensdorf, et al.**
> **Essex Superior Court Civil Action No. B 2 0419**

Dear Mr. Tsomvanidis:

As I have informed Mr. Taaffe and other attorneys at Abel Band I do not accept e-mails from opposing counsel regarding substantive or even procedural matters on a case, and in the future I will not respond to them. For travel and other reasons I do not often do not check my e-mail for days at a time, and I do not think it is an appropriate way to conduct formal communications anyways. I am willing to make an exception on this occasion, but in the future if is not worth a letter, please pick up the telephone.

As to the depositions, I have requested dates from Mr. Hirsch and Mr. Zolla and expect to have them for you tomorrow or Friday. Mr. Cram is in South Africa and he is not available at all. He returned to this country for deposition on the understanding that it would last for two days and no more. Mr. Taaffe was aware of this at the prior deposition, and the transcript of the deposition reflects his agreement to it.

As to William Hirsch and Dr. Quigley, I do not represent either of these gentlemen. Mr. Hirsch was previously willing to sit for deposition without the need of formal legal process, but that changed when Mr. Taaffe first insisted that he be available on March 10th for his deposition and then proceeded to cancel it once the Court approved an extension in the discovery deadline. Having put aside time during tax season to make himself available, Mr. Hirsch, as I understand, it has no inclination to go through that process again. If a date can be scheduled for Mr. Briefman, his counterpart in Florida, I can perhaps prevail on John Hirsch to speak with him about relenting on the point. As to Dr. Quigley, we would oppose any attempts to depose him as an obvious attempt to harass

Joseph A. Tsomvanidis, Esq.
April 6, 2005
Page 2

those with whom Ophnet does business, and I rather suspect that any attempt to invoke
process to compel his deposition would meet with the same response from him.

Yours very truly,

Edward Foye

EF/jml
cc:     John A. Hirsch
        Ronald W. Zolla
        Michael Taaffe, Esq.
        Matthew Miller, Esq.