UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPHNET, INC., A Massachusetts Corporation )<br>and JOHN A. HIRSCH and RONALD W. ZOLLA, )<br>Individually and as Shareholders of )<br>ZHL, INC., A Massachusetts Corporation, and )<br>KENNETH CRAM, )<br>)<br>                              Plaintiffs, )<br>)<br>v. )<br>)<br>MICHAEL LAMENSDORF, Individually and )<br>as a Shareholder of ZHL, INC.; )<br>MICHAEL LAMENSDORF, M.D., P.C., )<br>A Florida Professional Corporation; )<br>BAYOU JENNKAY, INC., a Florida Corporation; )<br>and KATHY LAMENSDORF, Individually and )<br>as an officer of Bayou JennKay, Inc.; and )<br>ZHL, INC., a Massachusetts Corporation, )<br>)<br>                              Defendants. )<br>) | Civil Action No.<br>05-10970-DPW<br><br>**Hearing Requested** |

**PLAINTIFF'S MOTION TO REMAND FOR LACK OF
SUBJECT MATTER JURISDICTION**

The plaintiffs in this matter (collectively, "Ophnet") herewith move to remand this matter to state court. In support of their motion to remand, the plaintiffs state:

1. Among the defendants in this action is ZHL, Inc., a Massachusetts corporation. See Exhibit A hereto. As such, ZHL is non-diverse as to the plaintiffs John A. Hirsch and Ronald W. Zolla, who are Massachusetts residents, and non diverse as to Ophnet, a Massachusetts corporation.

2.      The defendants (collectively, the "Lamensdorfs") do not doubt that ZHL destroys diversity, but have claimed that ZHL's presence as a defendant should be disregarded because it is has been fraudulently joined.

3.      This case must be remanded for four reasons.

4.      First, 28 U.S.C. § 1446 explicitly provides that a matter may not be removed based on diversity more than one year after commencement of the action. This action commenced in February 2002, so the Lamensdorfs missed the deadline by about 27 months. The language of § 1446(b) is absolute on its face and admits of no exceptions. The Lamensdorfs do not cite or discuss that provision in their notice of removal, but it has been interpreted in this district (and in the better reasoned cases elsewhere) to set an absolute bar to removal after one year. The rationale of the rule (the disruption to state court dockets and the judicial inefficiency which necessarily occurs when an extensively litigated case is suddenly transported to another court) applies here every bit as directly as the language of §1446(b) itself. Thus, even if all of the plaintiff's rash charges about the fraudulent joinder of ZHL are taken as true, removal will not lie.

5.      Second, the removing party must act within 30 days after receipt of a pleading that provides notice that the case has become removable. The Lamensdorfs cannot point to any such pleading, and at any rate they had previously asserted their fraudulent joinder allegations in mid-2002, on the <u>first</u> occasion when they removed this case. Judge Lindsay at that time rejected the contention that ZHL was being fraudulently joined. Thus, the 30 day bar of § 1446(b) also applies to require remand.

6.      Third, even if some exception to the one-year bar of § 1446(b) could be implied for fraudulent joinder, any such exception would necessarily require that the

2

basis for the motion to remand had been concealed from the defendants. As their own petition for remand acknowledges, however, the Lamensdorfs presented their claim of fraudulent joinder to this Court nearly three years ago. Judge Lindsay's order rejecting it is now law of the case. Furthermore, the Lamensdorfs had ample time to pursue the fraudulent joinder theory they articulated when opposing the original amendment that added ZHL. The mere fact that more evidence of that theory emerged recently (or so they say) cannot reasonably be the basis for a second removal. If it is, there is no principled reason why the disappointed remover could not remove a case for a third or fourth time based on alleged newly discovered evidence. Thus, even if it were possible in theory to create an exception to the one-year rule (and there is no basis whatsoever for it), this case would not qualify.

7.  Finally, even if this Court were to reach the merits of the Lamensdorfs' claims, it is clear that Judge Lindsay was correct. ZHL is a party to a contract with Ophnet. When Ophnet originally sued Dr. Lamensdorf for terminating the contract at issue, it was <u>Dr. Lamensdorf himself</u> (through his attorneys) who pointed out that the plaintiffs had sued the wrong party and that he had <u>not</u> signed the contract in his personal capacity. The breach of contract claim was therefore in the case from the very first day; only the defendant alleged to be liable changed. The claim that no discovery has been conducted into the claim is outrageously false; Dr. Lamensdorf was deposed for the better part of two days about the supposed mismanagement of the surgery center, about his reasons for terminating Ophnet, and about the circumstances of his doing so. Accordingly, there is no legal or factual basis to the Lamensdorfs' fraudulent removal claims.

8.  In further support of this motion, the plaintiffs concurrently submit a Memorandum of Law. The attorney's signature appearing below certifies that all exhibits attached to this motion and the accompanying memorandum are true and accurate copies of what they purport on their face to be. The Court is advised that the plaintiffs intend shortly to file a motion for attorneys' fees pursuant to 28 U.S.C. § 1447(c).

WHEREFORE, the plaintiffs herewith move that this Honorable Court:

A.  Enter an order remanding this matter back to the Superior Court for Essex County (Massachusetts);

B.  Grant whatever other or additional relief this Honorable Court deems just under the circumstances.

Respectfully submitted,

OPHNET, INC., JOHN A. HIRSCH, RONALD W. ZOLLA, and KENNETH CRAM,

By their Attorneys,

/s/ Edward Foye
J. Owen Todd (BBO # 499480)
Edward Foye (BBO #562375)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109

Date: June 9, 2005         617-720-2626

### Rule 7.1 Certificate

I, Edward Foye, herewith certify that on May 12, 2005 I requested that Matthew Miller, attorney for the defendants, agree to remand this case back to the state court. Mr. Miller on behalf of his clients refused to do so.

/s/ Edward Foye
Edward Foye

# EXHIBIT A

## TO PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURSIDICTION



# The Commonwealth of Massachusetts
# William Francis Galvin

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

**ZHL, INCORPORATED Summary Screen**

Help with this form

Request a Certificate

| | |
|---|---|
| The exact name of the Domestic Profit Corporation: | ZHL, INCORPORATED |
| Entity Type: | Domestic Profit Corporation |
| Identification Number: | 043443526 |
| Old Federal Employer Identification Number (Old FEIN): | 000637340 |
| Date of Organization in Massachusetts: | 11/24/1998 |
| Current Fiscal Month / Day: 12 / 31 | Previous Fiscal Month / Day: 00 / 00 |

The location of its principal office in Massachusetts:
No. and Street: 17 HAWKES ST.
City or Town: MARBLEHEAD    State: MA    Zip: 01945    Country: USA

If the business entity is organized wholly to do business outside Massachusetts, the location of that office:
No. and Street: 2821 PROCTOR RD
City or Town: SARASOTA    State: FL    Zip: 34231    Country: USA

The name and address of the Registered Agent:
Name: JOHN A. HIRSCH, PH.D.
No. and Street: 17 HAWKES STREET
City or Town: MARBLEHEAD    State: MA    Zip: 01945    Country: USA

The officers and all of the directors of the corporation:

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code | Expiration of Term |
|---|---|---|---|
| PRESIDENT | JOHN A. HIRSCH PH.D. | 20 SCHOONER RIDGE, MARBLEHEAD, MA 01945 USA | |
| TREASURER | ANUSIA HIRSCH | 20 SCHOONER RIDGE, MARBLEHEAD, MA 01945 USA | |

| | | | |
|---|---|---|---|
| SECRETARY | JOHN A. HIRSCH | 17 HAWKES ST., MARBLEHEAD, MA USA | |
| DIRECTOR | JOHN A. HIRSCH PH.D | 20 SCHOONER RIDGE, MARBLEHEAD, MA 01945 USA | indefinite |

**business entity stock is publicly traded:** __

The total number of shares and par value, if any, of each class of stock which the business entity is authorized to issue:

| Class of Stock | Par Value Per Share Enter 0 if no Par | Total Authorized by Articles of Organization or Amendments | | Total Issued and Outstanding |
|---|---|---|---|---|
| | | Num of Shares | Total Par Value | Num of Shares |
| CWP | $1.00000 | 1,200 | $1,200.00 | 0 |
| CNP | $1.00000 | 1,000 | $1,000.00 | 966 |

__ Consent     __ Manufacturer     __ Confidential Data     __ Does Not Require Annual Report

X Partnership     __ Resident Agent     X For Profit     __ Merger Allowed

**Select a type of filing from below to view this business entity filings:**

```
ALL FILINGS
Administrative Dissolution
Annual Report
Application for Reinstatement
Application For Revival
```

[ View Filings ]     [ New Search ]

**Comments**

© 2001 - 2005 Commonwealth of Massachusetts
All Rights Reserved

Help