UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

|  |  |
|---|---|
| OPHNET, INC., A Massachusetts Corporation<br>and JOHN A. HIRSCH and RONALD W. ZOLLA,<br>Individually and as Shareholders of<br>ZHL, INC., A Massachusetts Corporation, and<br>KENNETH CRAM,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL LAMENSDORF, Individually and<br>as a Shareholder of ZHL, INC.;<br>MICHAEL LAMENSDORF, M.D., P.C.,<br>A Florida Professional Corporation;<br>BAYOU JENNKAY, INC., a Florida Corporation;<br>and KATHY LAMENSDORF, Individually and<br>as an officer of Bayou JennKay, Inc.; and<br>ZHL, INC., a Massachusetts Corporation,<br><br>Defendants. | Civil Action No.<br>05-10970-DPW |

---

## PLAINTIFFS' CROSS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

The defendants (collectively, "the Lamensdorfs") have moved for "sanctions,"
actually an order that the plaintiffs should be required to produce certain documents. The
plaintiffs (collectively, "Ophnet") herewith cross moves for an order requiring the
defendant Kathy Lamensdorf ("Mrs. Lamensdorf") to produce documents. In support of
their motion, the plaintiffs state:

1.    On April 27, 2005 the plaintiffs served upon Mrs. Lamensdorf their "Third
Request for Production of Documents." A copy of that pleading is attached hereto as
Exhibit A.

2.      Mrs. Lamensdorf's response was due on May 27, 2005. There has been, however, no response whatsoever. No documents have been received, no written responses have been received, and no request for an extension has been sought or granted.

3.      Counsel for Ophnet first raised this matter with counsel for the Lamensdorfs nearly ten days ago. There has still been no response.

4.      It is well established in this district that a failure timely to object to properly served document requests waives the right to interpose objections other than those based upon privilege.  See, e.g., Willard v. Constellation Fishing Corp., 136 F.R.D. 28 30-31 (D. Mass. 1991); Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D. Mass. 1988). The plaintiffs submit that the sanction is entirely appropriate here.

5.      Due to the nature of this motion, no separate memorandum of law is submitted concurrently herewith.

WHEREFORE, the plaintiffs respectfully move that this Honorable Court:

A.      Order the defendant to produce all documents responsive to the document requests attached hereto as Exhibit A no later than twenty (20) days after the Court enters an order requiring production, or such shorter or longer time as this Court in its discretion may see fit;

B.      Order, pursuant to Fed. R. Civ. P. 37(a)(2), that all objections to the requests attached hereto as Exhibit A are deemed waived, except for those based upon privilege; and

C.      Grant whatever other or additional relief that this Honorable Court deems just under the circumstances.

2

Respectfully submitted,

OPHNET, INC., JOHN A. HIRSCH,
RONALD W. ZOLLA, and KENNETH
CRAM,

By their Attorneys,

/s/ Edward Foye
J. Owen Todd (BBO # 499480)
Edward Foye (BBO #562375)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
Date: June 10, 2005                 617-720-2626

## Rule 7.1 and 37.1(A) Certificate

I, Edward Foye, state I conferred with opposing counsel regarding the foregoing motion on June 2, 7, and 10 2005, but was unable to narrow the areas of disagreement or, for that matter, to obtain any explanation for why the request had not been answered.

/s/ Edward Foye
Edward Foye (BBO #562375)

3

COMMONWEALTH OF MASSACHUSETTS

ESSEX, s.s.                                    SUPERIOR COURT
                                               CIVIL ACTION NO. B 2 0419

_____
                                          )
OPHNET, INC., A Massachusetts Corporation )
and JOHN A. HIRSCH and RONALD W. ZOLLA, )
Individually and as Shareholders of       )
ZHL, INC., A Massachusetts Corporation, and )
KENNETH CRAM,                             )
                                          )
                        Plaintiffs,       )
                                          )
v.                                        )
                                          )
MICHAEL LAMENSDORF, Individually and      )
as a Shareholder of ZHL, INC.;            )
MICHAEL LAMENSDORF, M.D., P.C.,           )
A Florida Professional Corporation;       )
BAYOU JENNKAY, INC., a Florida Corporation; )
and KATHY LAMENSDORF, Individually and    )
as an officer of Bayou JennKay, Inc.; and )
ZHL, INC., a Massachusetts Corporation,   )
                                          )
                        Defendants.       )
_____)

## PLAINTIFFS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANTS MICHAEL LAMENSDORF AND KATHY LAMENSDORF

Pursuant to Mass. R. Civ. P. 26 and 34, the plaintiffs herewith call upon the defendants

Michael and Kathy Lamensdorf to produce the following documents at the office of Abel, Band,

Russell, Collier, Pitchford & Gordon, 240 Pineapple Avenue, Sarasota, Florida at 10:00 a.m. on

Friday, May 27, 2005.

## DEFINITIONS

1.      The "plaintiffs," are John A. Hirsch ("Mr. Hirsch"), Ronald W. Zolla ("Mr.

Zolla"), Kenneth Cram, and Ophnet, Inc. ("Ophnet").

2.      "Bayou JennKay" refers to Bayou JennKay, Inc. and its predecessors, successors, affiliates (a defined term herein), and its agents, including but not limited to Kathy Lamensdorf.

3.      "ZHL" is the defendant, ZHL, Inc.

4.      "The P.C.", refers to the defendant Michael Lamensdorf, M.D., P.C.

5.      The "Ophnet-ZHL Management Agreement" is the contract memorialized in the writing attached as Exhibit 5 to the Second Amended Complaint.

6.      "The ASC" is the business which ZHL, Inc. conducts, i.e., the Lantz Surgery Center.

7.      "Persons" means any natural person, corporation, association, firm, partnership, or other business or legal entity, and officers, employees, agents, attorneys, servants, or representatives of such entities, as the context requires.

8.      "Communication" means any written or oral transmission of fact, information or opinion, including any utterance, notation, or statement of any nature whatsoever, including, but not limited to, documents and correspondence as defined below.

9.      "Document" means any financial record, business record, correspondence, and report and, in addition, each and every writing, graphic matter, or other medium upon which intelligence or information can be recorded or retrieved, including but not limited to notes, circulars, announcements, directories, declarations, filings, memoranda, agreements, contracts, legal instruments, reports, studies, work papers, records, instructions, minutes or meetings, calendars, schedules, projections, plans, drawings, specifications, designs, sketches, pictures, photographs, photocopies, charts, graphs, curves, descriptions, accounts, journals, ledgers, bills, invoices, checks, receipts and the like, motion pictures, recordings, published or unpublished speeches or articles, publications, transcripts of telephone conversations, sound recordings, and

any other retrievable data (whether encarded, taped, punched or coded, electrostatically,

electromagnetically, on computer or otherwise), in your possession, custody or control wherever

located however produced or reproduced, including the original and any non-identical copy

(whether different from the original because of alterations, notes, comments, initials,

underscoring, indication of routing or other material contained thereon or attached thereto, or

otherwise) and whether a draft or a final version.

10.     "Correspondence" means any letter, telegram, telex, TWX, notice, message,

memorandum, e-mail, or other written communication or transcription or notes of a

communication whether existing in hand copy or electronically stored.

### INSTRUCTIONS

1.     These requests require you to produce not only documents which are currently in

your possession but also those which can be obtained on request or demand from any third party.

If any responsive documents are believed to exist which are not produced in conjunction with

these requests, describe them as required by instruction 4, and state with particularity what you

have done in an effort to obtain the documents.

2.     This is a continuing request for production of documents pursuant to Mass. R.

Civ. P. 26 and 34. If any documents are created after the date of this request which are

responsive, such documents should be produced not later than thirty (30) days after they are

created.

3.     All references to any person, including without limitation business entities, refer

also to any employee, agent or representative of the person or entity.

4.     To the extent that documents requested herein exist but are not produced, please

identify each document not produced by date, author, nature and subject matter of document and

state the reason for non-production. To the extent that any documents responsive to these requests formerly existed but have been lost or destroyed, identify all such documents to the best of your present ability and state the circumstances under which such documents were lost or destroyed.

     5.    You are reminded that the term "document" as used in these Requests encompasses information stored on computer disk and other electronic media, and are referred to the definition of the term "document" set forth herein.

## REQUESTS

     1.    All telephone bills relating to any telephone number (whether that number is associated with a land line, cell phone, personal phone, or business phone) if practice funds were used to pay such bill from 1999-2002 inclusive.

     2.    Copies of any insurance policy of any sort whatsoever where practice funds paid any portion of the premium from 1999-2002 inclusive.

     3.    Any documents responsive to the first or second request for production of documents in this case and/or any documents which you have been ordered by the Court to produce which you have not yet produced.

     4.    Any correspondence with or any documents received from or sent to Global Surgical Partners.

     5.    All documents sent or received from Mark Briefman concerning Bayou JennKay, including but not limited to Bayou JennKay's Finances or its tax returns.

     6.    All documents which Bayou JennKay maintains to support the deductions claimed on its Federal tax returns from 1999-2003 inclusive.

     7.    The 2004 tax returns for the P.C., for Bayou JennKay, and for Michael and/or Kathy Lamensdorf personally.

8.    All documents containing any information about any financial statements prepared for Bayou JennKay from December 1998 to the present.

9    All documents which evidence or contain any information about any communications with Global Surgical Partners.

10.    All documents which contain any information about any communications with other doctors concerning (a) the Lantz Eye Surgery Center or (b) any proposal to join with other doctors in the construction or operation of an ambulatory surgery center.

11.    All documents evidencing or containing any information about communications with any person you may call as a witness at trial, including any expert witnesses.

12.    All documents which evidence or contain any information about any damages that you claim in this litigation.

13.    All lost profits analysis created by any person for you in connection with this litigation.

14.    All documents evidencing or containing any information about communications with any third persons concerning the Lantz Eye Surgery Center or ZHL.

15.    All documents which relate to or contain any information about the costs, revenues, and/or profits of the P.C.'s Venice office.

16.    All documents relating to the expenses currently being incurred by the P.C.'s Venice office, including but not limited to copies of the lease for the Venice office and any cost information related to the operation of the Venice office.

17.    All documents containing any information about the revenues derived from the P.C.'s Venice office.

18.    All advertisements which the practice has run in any media from 2001 to the present.

21.    All documents providing any information about the profitability of the Venice office, including but not limited to any breakdowns, analyses, or summaries of such information.

22.    All year-end financial statements for the P.C. or for Bayou JennKay for 2004.

23    All documents which you intend to use at any trial of this matter.


OPHNET, INC., JOHN A. HIRSCH,
RONALD W. ZOLLA, ZHL, INC., and
KENNETH CRAM,

By their Attorneys,

J. Owen Todd (BBO # 499480)
Edward Foye (BBO #562375)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
617-720-2626

Dated: April 27, 2005


**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on _____

6