UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPHNET, INC., a Massachusetts corporation, JOHN A. HIRSCH and RONALD W. ZOLLA, individually and as shareholders of ZHL, Inc., a Massachusetts corporation, and KENNETH CRAM,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL LAMENSDORF, individually and as a shareholder of ZHL, Inc., MICHAEL LAMENSDORF, M.D., P.C., a Florida professional corporation; BAYOU JENNKAY,INC., a Florida corporation, KATHY LAMENSDORF, individually and as an officer of Bayou JennKay, Inc., and ZHL, INC., a Massachusetts corporation,<br><br>Defendants. | CIVIL ACTION NO. 05-10970-DPW<br><br>**HEARING REQUESTED** |

**DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' MOTION TO REMAND**

Defendants, Dr. Michael Lamensdorf, Michael Lamensdorf, M.D., P.A., Bayou JennKay, Inc., and Kathy Lamensdorf (hereafter collectively referred to as "Defendants"), hereby submit their Memorandum in Opposition to Plaintiffs' Motion to Remand and respectfully request this Court deny Plaintiffs' Motion for the reasons cited herein and in Defendants' Notice of Removal previously filed with this Court.

**I. INTRODUCTION**

This action was removed to the United States District Court for the District of Massachusetts from the Superior Court for the Commonwealth of Massachusetts on May 10, 2005. The basis for the removal was that Plaintiffs fraudulently joined ZHL, Inc. ("ZHL") as a Defendant to this action to defeat diversity jurisdiction. Thus, removal of this matter was proper

as the fraudulent joinder of a non-diverse defendant does not prevent removal based on lack of diversity of citizenship. As noted in Defendants' Notice of Removal, the First Circuit Court of Appeals has yet to articulate a standard for evaluating a fraudulent joinder claim, yet several cases in this District, as well as other federal courts, have examined this issue. Further, the Supreme Court of the United States has held that a defendant is fraudulently joined when the plaintiff adds the fraudulently joined defendant to an action without any proper purpose to prosecute the action in good faith as against him and with the purpose of fraudulently defeating the defendant's right of removal. Plaintiffs fraudulently defeated Defendants' right of removal in this matter by amending their Complaint subsequent to the timely removal of this matter to this Court in March of 2002. While Plaintiffs fraudulently joined ZHL as a Defendant in 2002, it is the recent actions of the Plaintiffs which give rise to Defendants' right of removal at this time.

The recent actions of the Plaintiffs only now gave rise to the right to removal of this action to federal court, and Defendants exercised their right to remove on the basis that Plaintiffs lack any good faith intention of pursuing a judgment against ZHL since: (i) Plaintiffs pursued no discovery from ZHL even as the discovery deadline in the Superior Court was approaching; (ii) Plaintiffs failed to seek a default judgment against ZHL even though they believed ZHL lacked any meritorious defenses to Ophnet's claim; and (iii) Plaintiffs filed a separate action through their same counsel in this matter and on behalf of ZHL, in which they seek to sell ZHL's only remaining assets to pay off personal loans to Plaintiffs, Hirsch and Zolla, despite the fact that Ophnet is allegedly pursuing a claim against ZHL for damages which are "substantial indeed." The foregoing and the evidence detailed in Defendants' Notice of Removal, clearly and convincingly evidences that Plaintiffs did not intend to seek a judgment against ZHL and lacked any good faith intention of pursuing the claim against ZHL. As a result, Defendants rightfully

removed this matter to this Court within the requisite time frame and thus should not be precluded from defending this matter before this Court.

Even though clear and convincing evidence in this matter establishes that Plaintiffs fraudulently joined ZHL as a party defendant, Plaintiffs now seek to once again remand this case back to state court in an effort to interfere with Defendants' right of removal. The inconsistencies inherent in Plaintiffs arguments are a familiar aspect of their presentation of matters to this Court, as was most recently proven in Plaintiffs incongruous contention in its Motion to Remand the separately filed declaratory relief action that was rightfully removed to this Court wherein Plaintiffs, Hirsch and Zolla, individually and on behalf of ZHL, sought to remand the action on the basis that complete diversity failed to exist while alleging that ZHL maintains its principal place of business in Florida. Interestingly, in paragraph 10 of their Second Amended Complaint in this action, which Plaintiffs filed after this matter was originally removed to federal court, Plaintiffs alleged that ZHL was a Massachusetts corporation and maintained its principal place of business in Massachusetts. Clearly, Plaintiffs are willing to alter their clear representations to the Court, or misrepresentations, simply to avoid pursuing this matter in federal court. As such, while Defendants obtained the knowledge evidencing Plaintiffs' fraudulent joinder of ZHL in the thirty days preceding removal of this matter back to federal court, Plaintiffs once again unsurprisingly seek to remand this matter back to the Superior Court.

In support of their Motion to Remand, Plaintiffs incorrectly state that: (i) this matter may not be removed based on diversity more than one year after commencement of the action; (ii) the removing party must act within thirty days after receipt of a pleading that provides notice that the case has become removable; (iii) Judge Lindsay's previous ruling precludes removal of this

matter; and (iv) that there is no legal or factual basis to the Defendants' fraudulent removal claims. While there is no merit to any of Plaintiffs' assertions, one fact remains; Plaintiffs' recent activity gave the Defendants the subjective knowledge that Plaintiffs had no real intention of seeking a judgment or pursuing a claim in good faith against Defendant ZHL. Since the one year limitation described in Section 1446(b) does not apply to cases where a defendant is fraudulently joined to defeat diversity, and since Defendants timely removed this matter to this Court within thirty days of gaining the subjective knowledge of Plaintiffs' fraudulent joinder of ZHL as a Defendant, this Court should deny Plaintiffs' Motion to Remand this matter to the Superior Court for the Commonwealth of Massachusetts.

## II. ARGUMENT

### A.    Defendants' right of removal is not barred by a one year limitation provision

A one-year limitation for the filing of a removal petition is ignored when removal is sought on the grounds of fraudulent joinder of a non-diverse party. See *Lamb v. Lederle Laboratories*, 1994 WL 551536 (E.D. Pa 1994). Further, as noted by the Third District Court in *Menefee v. General Foam Plastics Corporation and K-Mart Corporation*, 1999 WL 153715 (E.D. Pa 1999), the time limits set forth in Section 1446 are ignored when removal is sought on the grounds of fraudulent joinder of a non-diverse party. When a non-diverse defendant has been fraudulently joined to defeat diversity of jurisdiction, a notice of removal is not untimely for transgressing the one-year limitation in Section 1446(b). *See id.*

In *Menefee*, the United States District Court for the Eastern District of Pennsylvania addressed the very same argument presented by Plaintiffs in the instant matter. The plaintiffs brought an action on January 31, 1997 against three defendants and alleged several claims of products liability against the defendants. *See Menefee*, 1999 WL 153715 at 1. Following a

hearing on a motion for summary judgment, the court granted defendant Wood Brothers' motion for summary judgment on January 26, 1999 and as a result, Wood Brothers was dismissed from the case. On February 12, 1999, more than two years after the filing of the action, the remaining defendants removed the matter to federal court since Wood Brothers was the only defendant which destroyed diversity of citizenship. The remaining defendants alleged that Wood Brothers was fraudulently joined as a defendant. The court found that while the notice of removal was filed approximately two years after commencement of the action, the notice of removal "[was] not untimely for transgressing the one year limitation in § 1446(b)." *See Menefee,* 1999 WL 153715 at 2.

As noted by the court in *Menefee*, the time limits set forth in Section 1446(b) of Title 28 of the United States Code, are ignored when removal is sought on the ground of fraudulent joinder of a non-diverse party. As such, the court found that the one year limitation provided for in Section 1446, did not bar the defendants from removing the case more than two years after the filing of the complaint. The court did find that a defendant must still remove the case within thirty days after learning that joinder of a non-diverse defendant is fraudulent. While Defendants in the instant matter removed this case within thirty days of learning that Plaintiffs lacked any good faith intention of seeking or pursuing a judgment against ZHL, this matter is not barred even though removal was effected in May of 2005. Accordingly, Plaintiffs' claim that Defendants' Notice of Removal is untimely for transgressing the one-year limitation in Section 1446(b) is without merit. The basis for the removal in the instant matter is pure and simple in that Plaintiffs fraudulently joined ZHL to defeat diversity jurisdiction and that Defendants recently became aware of same as a result of Plaintiffs' actions which only now evidence that Plaintiffs had no good faith intention of pursuing the claim against ZHL.

In *In re: Diet Drugs Products Liability Litigation v. American Home Products Corp.*, 2004 WL 1535806 (E.D. Pa 2004), the court recognized that the one-year time limitation contained in Section 1446(b) does not apply in cases where the non-diverse defendant is fraudulently joined. In such cases, the one-year bar under Section 1446(b) does not govern. This holding was mirrored by the court in *Lamb*, wherein it stated that the time limits in 28 U.S.C. §1446 for the filing of a removal petition are ignored when removal is sought on the grounds of fraudulent joinder of a non-diverse party. In *Lamb*, the court also noted that joinder is considered fraudulent when there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or *no real intention in good faith to prosecute the action against the defendant or seek a joint judgment. See Lamb,* 1994 WL 551536 at 1.

In the instant matter, Defendants removed this case to this Court based on clear and convincing evidence that Plaintiffs fraudulently joined Defendant ZHL to defeat diversity jurisdiction. In their Motion to Remand, Plaintiffs ignore the fact that Section 1446(b) does not apply to cases removed on the basis of fraudulent joinder. To the contrary, Plaintiffs cite to *Santiago v. Barre Nat, Inc.*, 795 F.Supp. 508, 510 (D. Mass. 1992), as the main case supporting its claim that the one-year bar to removal is absolute. *Santiago* is completely inapposite because it does not involve the removal of a case where a non-diverse defendant was fraudulently joined. Rather, the defendant in *Santiago* sought to remove the case more than one year after the filing of the complaint because the plaintiff entered into a stipulation dismissing all claims against the one defendant and settling her claims against the other defendant before trial. Following the dismissal of the claims against the other named defendants, the remaining defendant removed the case upon diversity of the remaining parties. While Section 1446 limits removal in situations like *Santiago*, the court in *Santiago* noted that courts have applied a flexible approach to the

limitation provision. Further, the court indicated that exceptions to the limitations in Section 1446(b) that have arisen address factual circumstances not present in *Santiago*. As Plaintiffs are aware, the factual circumstances present in this case are not addressed by the court in *Santiago* since *Santiago* did not involve the removal of a case based on fraudulent joinder. Further, none of the decisions cited by Plaintiffs in support of their claim that the one-year limitation is an absolute bar to removal, involved cases with facts where a non-diverse defendant was fraudulently joined, as is the case in the instant matter. Even though Plaintiffs cite to *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097, and recite language referencing that some plaintiffs may attempt to defeat diversity jurisdiction by fraudulently joining a defendant, the citation is part of a footnote not considered in this context and the case itself does not involve the fraudulent joinder of a defendant.

Cases where non-diverse defendants were fraudulently joined clearly state that the one-year limitation does not apply. At the same time, cases cited by the Plaintiff recognize that that there can be factual circumstances justifying an equitable estoppel departure from the limitations contained in the one year provision of Section 1446. *See e.g.*, *Baisel v. Aid Ass'n for Lutherans*, 843 F.Supp. 616 (C.D. Cal. 1994); *see also, Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003). The court in *Baisel* stated that the fraudulent joinder theory is available to a diverse defendant suspecting improper joinder of a non-diverse defendant. Since Defendants only recently discovered Plaintiffs' fraudulent joinder of ZHL, removal of the instant matter was proper and not barred by Section 1446.

**B.    Defendant removed this matter to this Court within thirty days of learning of the fraduluent joinder of ZHL as a Defendant**

In cases where a non-diverse party has been fraudulently joined, the removal petition need only be filed within a reasonable time after defendant learns of the fraudulent joinder. See

*Menefee*, 1999 WL 153715 at 2.  As noted by the court in *Menefee*, the time limit set forth in Section 1446(b) of Title 28 of the United States Code is ignored when removal is sought on the grounds of fraudulent joinder of a non-diverse party.  The court recognized that the thirty days prescribed in Section 1446(b) has been considered a proper measurement of time to seek removal after learning that joinder of a non-diverse defendant was fraudulent.  *See also Cook v. Pep Boys*, 641 F.Supp. 43, 47 (E.D. PA 1995)(holding that the time limits for removal under Section 1446 are ignored when removal is sought on the ground of fraudulent joinder of a non-diverse party).  In the fraudulent joinder context, a defendant has thirty days from the date that the fraudulent joinder could first be ascertained in which to file a notice of removal.  See *Delaney v. Viking Freight, Inc.*, 41 F.Supp. 2d 672 (E.D. TX 1999) (citing *Jernigan v. Ashland Oil*, 989 F.2d 812, 817 (5th Circuit 1993) (holding that thirty-day removal period commenced when the diverse defendant discovered that a non-diverse defendant was fraudulently joined)).

     As noted by the Defendants in the Notice of Removal, Defendants removed this matter to this Court within the appropriate time after discovering that Ophnet and the Plaintiffs lacked any good faith intention of prosecuting the action against ZHL, pursuing claims against ZHL, or seeking a judgment against ZHL.  Defendants learned of clear and convincing evidence within thirty days of removal of this matter to federal court which established that ZHL was fraudulently joined.  Defendants did not have knowledge of this evidence beforehand.  Specifically, within thirty days of removal of this matter to this Court, Defendants learned that Plaintiffs had no good faith intention of seeking a judgment or pursuing the matter against ZHL.  Plaintiffs failed to pursue any discovery against ZHL and in their Memorandum in Support of their Motion to Remand, only reference depositions and discovery relating to Dr. and Mrs. Lamensdorf and their alleged "evils", rather than ZHL.  As the discovery deadline approached in

Superior Court, Plaintiffs sought continued extensive discovery from the various defendants, including the taking of depositions, and none of which related to Ophnet's claim against ZHL, wherein it alleges that ZHL, not Dr. Lamensdorf, was liable for the alleged breach of the ZHL Management Agreement. Plaintiffs have established, however, that they failed to seek a default judgment against ZHL despite the fact they believed ZHL had no meritorious defenses, and more importantly, that they have no intention of seeking or collecting a judgment against ZHL since they are now in a separate action also pending before this Court, attempting to sell ZHL's only remaining assets to pay off loans personal to Hirsch and Zolla, when it is Ophnet itself that apparently is owed "substantial damages" from ZHL. The fact that Plaintiffs are attempting to sell off all of ZHL's assets, as well as seeking no discovery from ZHL and not obtaining a default when it believed ZHL had no meritorious defenses, prove by clear and convincing evidence, that ZHL was fraudulently joined.

      C.    **Judge Lindsay's previous ruling has no effect on Defendant's right of removal of this matter to federal court**

On or about July 24, 2002, Judge Lindsay entered an Order on Plaintiff's Motion to Amend and Remand. In said Order, Judge Lindsay allowed the motion to amend and remanded the action to the Superior Court on the basis that ZHL "appeared to be an indispensable party." Nevertheless, Judge Lindsay did not rule on the merits of this removal based on fraudulent joinder for the reasons cited herein and in the Notice of Removal. The Notice of Removal is based on clear and convincing evidence, which only recently became available, that Plaintiffs fraudulently joined ZHL. Accordingly, Defendants do not seek to revisit that Order as Plaintiffs allege. Further, Defendants are not seeking for this Court to reconsider that Order. Defendants simply exercised their right to removal based on clear and convincing evidence not in existence in July of 2002 when Judge Lindsay entered the Order.

In addition, *Ellis v. United States*, 313 F.3d 636, 647 (1st Cir. 2002), as cited by Plaintiffs, does not support Plaintiffs contention that this case is unsuitable for removal. *Ellis* discusses the Confrontation Clause and the two branches to the doctrine. First, the mandate rule, forbids a lower court from relitigating issues that were decided by a higher court at an earlier stage of the case. This is obviously not an issue in the instant matter. The other branch "is somewhat more flexible," as described by the Court. *See id.* at 646. The other branch finds that courts ordinarily ought to respect and follow their own rulings. This branch of the doctrine nevertheless allows for a court's reconsideration of its orders within a single proceeding. In the instant matter however, Defendants are not seeking this court's reconsideration of a previous order. Defendants removed this case for reasons unrelated to those addressed or considered by Judge Lindsay. Further, the removal of this action is based purely on the clear and convincing evidence which Defendants only recently learned.

### D. The clear and convincing evidence shows that ZHL was fraudulently joined as a Defendant

Since remand of this matter to state court, Plaintiffs and Ophnet have not taken any affirmative steps to seek a judgment or relief from the Superior Court for ZHL's alleged breach of the ZHL Management Agreement. Plaintiffs have sought no discovery from ZHL, the supposedly "indispensable party" which was potentially liable for damages "substantial indeed." While Plaintiffs reference the depositions of Dr. Lamensdorf and Mrs. Lamensdorf to contest the clear fact that Plaintiffs failed to take any discovery from ZHL, the substance of the depositions did not address any individual aspect of the claim that ZHL is responsible for the alleged breach of the ZHL Management Agreement. Also, Plaintiffs failed to direct any written discovery in any form to ZHL and sought no verified responses on its behalf to any of the claims presented in

the Second Amended Complaint or this litigation. Furthermore, ZHL never responded to the Second Amended Complaint filed and served by the Plaintiffs. Ophnet, through its shareholders Zolla and Hirsch, has failed to pursue any motion for default against ZHL and has now clearly evidenced its lack of any real good faith intention of seeking a judgment against ZHL. In addition, by letter dated May 5, 2005 and delivered from Hirsch, president of Ophnet and vice president of ZHL, to Dr. Lamensdorf, Hirsch admits that he "did not think ZHL had any meritorious defenses to Ophnet's claims." See Letter from Hirsch dated May 5, 2005, attached as Exhibit D to Defendants' Notice of Removal. While Hirsch states that he does "not think ZHL had any meritorious defenses," Hirsch and Zolla, through Ophnet, have also not sought any discovery to prove their supposedly unbeatable claim. Plaintiffs have further inexplicably failed to move for default judgment given ZHL's failure to answer the Second Amended Complaint. Since it is incumbent upon a party seeking to set aside a default that they have a meritorious defense to the claims asserted against it, Plaintiffs obviously should have pursued a default judgment if they thought no meritorious defenses existed since same would have precluded ZHL from setting aside any default entered. In short, Plaintiffs have utterly failed to prosecute their claim against ZHL since this Court remanded the action to state court, notwithstanding Hirsch's apparently long-standing belief that ZHL had no defense to Ophnet's claim.

More telling evidence of Plaintiffs' lack of intent to prosecute their action against ZHL is the filing and serving of a complaint in Massachusetts state court seeking a declaratory judgment *on behalf of ZHL* (the "Declaratory Judgment Action") and naming Dr. and Mrs. Lamensdorf as defendants. The Declaratory Judgment action was served on the Defendants within thirty days of their removal of this action to this Court. The recently filed and served Declaratory Judgment Action is a civil suit seeking declaratory relief by ZHL in connection with Hirsch's and Zolla's

attempt to sell all of ZHL's assets to an unrelated third party.  See Amended Complaint for Declaratory Judgment, ¶1, Hirsch et al. v. Lamensdorf et al., Civ. A. No. 05-cv-10902-DPW.  ZHL, Zolla and Hirsch, seek through their Declaratory Judgment Action to dispose of all of ZHL's assets, notwithstanding their allegations in the present action that ZHL was indebted to Ophnet for an alleged breach of a ZHL Management Agreement.  Through their plan to dispose of ZHL's assets and request for declaratory judgment from the court, Plaintiffs signal their utter lack of any intention to recover their alleged breach of contract damages from ZHL.  If Ophnet, through Messrs. Hirsch and Zolla, had any good faith intention of seeking a judgment on which it could collect from ZHL, then Hirsch and Zolla would not be seeking to sell all of ZHL's assets to pay off loans to themselves as alleged in the Amended Complaint in the Declaratory Judgment Action.

Furthermore, and as noted in the Notice of Removal, Hirsch, Zolla *and ZHL* are represented in the Declaratory Judgment Action by J. Owen Todd and Edward Foye of the law firm of Todd & Weld, the same attorneys representing Ophnet, Zolla, Hirsch, and Cram, in the present action against ZHL.  Thus, counsel for the Plaintiffs in the present action who filed a claim *against* ZHL, now represent and seek to pursue the Declaratory Judgment Action *on behalf of* ZHL.  Given the obvious conflicts of interest that arise from this situation, Plaintiffs and their attorneys in the present action clearly have no intention of pursuing their claim against ZHL.

Interestingly, Plaintiffs reference a counterclaim brought by Dr. Lamensdorf and Mrs. Lamensdorf against Plaintiffs in an effort to deflect attention from the conflict of interest created by their counsel's representation of ZHL in the declaratory relief action where ZHL is seeking to sell the assets which represent the only collateral available to satisfy any damages which ZHL could allegedly be responsible for paying to Ophnet pursuant to Ophnet's claim against ZHL.

The counterclaim filed by the Defendants, Dr. and Mrs. Lamensdorf, was brought against the Plaintiffs for damages resulting from their mismanagement of ZHL and which caused Dr. and Mrs. Lamensdorf to suffer substantial damages. Dr. and Mrs. Lamensdorf did not demand that ZHL bring the counterclaim since such request would be futile as a result of Hirsch and Zolla's responsibility for controlling ZHL. [See paragraph 30 of Defendants' Answer to Plaintiffs' Second Amended Complaint.] Dr. and Mrs. Lamensdorf simply seek to recover damages personal to them. While Plaintiffs also bring to light the pending Florida state court proceeding brought by the Defendants through local counsel in Florida, said claim was brought by Dr. and Mrs. Lamensdorf simply as a request for injunctive relief to prohibit ZHL from selling the subject property since Hirsch and Zolla are currently involved in litigation with the Lamensdorfs in part as a result of their mismanagement and breach of fiduciary duties to the Defendant ZHL. As noted by the Plaintiffs in their declaratory relief action, Hirsch and Zolla are seeking to sell ZHL's assets to pay off personal loans made to them. The action brought in Florida does not seek monetary damages and simply requests the court to prohibit Hirsch and Zolla from attempting to sell ZHL's property. Defendants simply seek relief in the Florida state court action since Florida is the proper jurisdiction to render a judgment affecting title to realty in that state. Thus, the interests of Dr. and Mrs. Lamensdorf are not at odds with those of ZHL. To the contrary, Plaintiffs in this matter, through their counsel, brought an action against ZHL for damages in one action, while bringing a separate action where they seek to sell ZHL's assets even though the basis for the claim in this matter was that ZHL was liable to Ophnet for substantial damages.

     Plaintiffs' recent actions demonstrate they had no intention of pursuing their breach of contract claim against ZHL. As such, the removal of this action is now timely and appropriate

since the recent activity of the Plaintiffs only now provided the Defendants with the subjective knowledge that Plaintiffs lacked a good faith intention to seek a judgment against ZHL. Thus, Plaintiffs fraudulently joined ZHL as a defendant to defeat diversity jurisdiction and removal is proper, as the fraudulent joinder of a non-diverse defendant does not prevent removal based on lack of diversity of citizenship. *See Coughlin v. Nationwide Mutual Insurance Company*, 776 F. Supp. 626 (D. Mass. 1991).

### The legal principle of "Fraudulent Joinder"

"Fraudulent joinder" is a "term of art" describing "the deceptive practice of joining a resident defendant solely to defeat diversity [and] also improper joinder." *Coughlin v. Nationwide Mutual Insurance Company*, 776 F.Supp. 626, 628 at n. 3. (D. Mass. 1991) (citation omitted). It is a "judicially-created exception to the complete diversity rule." *In re New England Mutual Life Insurance Company Sales Practices Litigation*, 324 F.Supp.2d 288, 300 (D. Mass 2004). The First Circuit Court of Appeals has not articulated a standard for evaluating a fraudulent joinder claim, and there have been only a handful of cases in the First Circuit discussing the doctrine of fraudulent joinder. *New England Mutual Sales Litigation*, supra, 324 F.Supp. at 298 ("*New England Mutual Litigation*") ; *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp.2d 1, 4 (D. Mass. 2004) (the doctrine "has not oft been examined in the case law of this circuit" and that "the First Circuit has not articulated a standard for evaluating a claim for fraudulent joinder" ); *In re Massachusetts Diet Drug Litigation*, 338 F.Supp.2d 198, 202 (D. Mass. 2004) ("*Mass. Diet Drug Litigation*") (the First Circuit "has written little about the doctrine of fraudulent joinder"), citing *New England Mutual Litigation,* supra.

The plaintiff's good faith intent to prosecute the action against the non-diverse defendant was the only analysis in *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921), cited by this

Court and other federal courts dealing with fraudulent joinder. Eg., *Mills v. Allegiance Healthcare Corp.*, supra 178 F.Supp2d at 6-7 (also quoting from *Wilson* in setting out the "procedure" for challenging a joinder as fraudulent). Indeed, as previously noted, the Court in *Mills* quoted *Wilson* in stating that "'[a] joinder is a sham and fraudulent if it is 'without any reasonable basis in fact and without any purpose to prosecute the cause in good faith against the [defendant]'" *Mills*, at 4.

*Wilson*, supra, involved an employee suing his employer and a co-employee for personal injuries in state court. The defendant employer's removal petition alleged that, among other things, the non-diverse co-employee "was fraudulently joined as a defendant with the sole purpose of preventing removal to the District Court; that it was not the purpose of the plaintiff to prosecute the action in good faith against the [co-employee], and the joinder of the latter was merely a sham or device to prevent an exercise of the employer's right of removal." 257 U.S. at 95. The employer also alleged that the plaintiff knew all along that the co-employee did not cause his injuries and provided supporting factual allegations. Id. The case was removed and the plaintiff unsuccessfully moved to remand the action to state court. The Supreme Court in that case wrote, among other things, that:

> [The] right of removal cannot be defeated by a fraudulent joinder of a resident defendant…If in such a case a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent removal…

257 U.S. at 97. The court concluded that the "rational conclusion from the facts appropriately stated, apart from the pleader's deductions" was that the co-employee "was joined as a defendant without any proper purpose to prosecute the action in good faith as against him and with the purpose of fraudulently defeating the employer's right of removal." Id. at 98. The facts from the

removal petition were uncontested by the plaintiff. The Court held that the facts were sufficient, as a matter of law, in disclosing that the joinder was a sham and fraudulent. Id.

Other federal courts evaluating a fraudulent joinder claim have used as a factor whether or not the plaintiff has a good faith intent to prosecute the action or seek a judgment against the non-diverse defendant. *Boyer v. Snap-on Tools Corporation*, supra, 913 F.2d 108, 111 (3d Cir. 1990) (fraudulent joinder exists where there is no reasonable or colorable ground supporting claim, "or no real intention in good faith to prosecute the action against the defendant or seek joint judgment") (citations omitted; *Boyer* cited by *Mills*, supra, for different principle of law), *cert. dismissed sub nom. American Standard v. Steel Valley Auth.*, 484 U.S. 1021 (1988); *Mallalieu-Golder Insurance Agency, Inc. v. Executive Risk Indemnity, Inc.,* 254 F.Supp.2d 521, 524 (M.D. Pa. 2003) (fraudulent joinder where no reasonable basis in fact or colorable ground supporting claim, "or no real intention in good faith to prosecute the action against the defendants or seek joint judgment") (citation omitted); *Ward v. Merk & Co.*, 2004 WL 2389505 (N.D. Tex. 2004) (evaluating facts as to whether defendant met its burden of showing that the plaintiff had no intention of prosecuting the case against the non-diverse defendant*); Joe v. Minnesota Life Insurance Company*, 272 F.Supp.2d 603  (S.D. Miss. 2003) (fraudulent joinder analysis based on standard of no good faith intent to prosecute the claim against resident defendants); (*Reeb v. Wal-Mart Stores, Inc.*, 902 F.Supp. 185, 186 (E.D. Mo. 1995) (fraudulent joinder where no reasonable basis in law or fact or law supporting claim against resident defendant "or the reviewing court finds that the plaintiff has no real intention of prosecuting the action against the defendant"); *Lamb v. Lederle* Laboratories, 1994 WL 551536 *1 (E.D. Pa. 1994) (joinder considered fraudulent where no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, "or no real intention in good faith to prosecute

the action against he defendant or seek a joint judgment"); *Menefee v. General Foam Plastics Corp.,* 1999 WL 153715 *1, (E.D. Pa. 1999) (joinder fraudulent where there was no reasonable basis or colorable ground supporting claim against joined defendant, "or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment") (citation omitted).

Other cases have also found that joinder of a non-diverse defendant was fraudulent.  In *Joe v. Minnesota Life Insurance Company*, supra, 272 F.Supp.2d 603, the activity of the plaintiff and the defendants were held fraudulent and collusive, without any purpose to prosecute the action in good faith to prosecute the action against the defendants.  Among other things, the defendant failed to serve an answer that would not have harmed him, and the failure to serve the answer benefited the plaintiff.  Similarly, in *In re Diet Drugs Litigation*, supra, 220 F.Supp. 414, involving, inter alia, defendant manufacturers of the drug phentermine, the plaintiffs were aware of such things as that other actions against manufacturer defendants of the drug had been dismissed for lack of admissible scientific evidence of causation; that such defendants had cases against them voluntarily dismissed by those plaintiffs without any settlement payouts; in many cases no depositions of those defendants were taken, nor were those defendants held to any discovery deadlines, pretrial discovery or continuing document production, and the motion to disallow the scientific evidence pointing to phentermine as the culprit drug was unopposed by the plaintiffs in those cases.  Consequently, the Court held that the defendants had met their heavy burden of showing that the plaintiffs had no real intention in good faith to seek a judgment against the phentermine defendants in that case, and that they were fraudulently joined. 220 F.Supp. 2d at 422.  Finally, in *Menefee v. General Foam Plastics Corp*., supra, 1999 WL 15315

(E.D. Pa. 1999), the plaintiff's failure to comply with discovery obligations demonstrated that he never had any real intention of seeking to recover from the non-diverse defendant.

In considering the actions of the Plaintiffs, it is clear that they had no good faith intention of pursuing the claims against ZHL and thus fraudulently joined ZHL simply to defeat diversity jurisdiction. The actions of the Plaintiffs, when measured against relevant case law finding fraudulent joinder, clearly establishes Defendants' right of removal in the instant matter.

### IV. CONCLUSION

Plaintiffs and Ophnet have not taken any affirmative steps to seek a judgment or relief from the Superior Court for ZHL's alleged breach of the ZHL Management Agreement. The recent activity of the Plaintiffs clearly and convincingly evidence that Plaintiffs fraudulently joined ZHL as a Defendant to this action simply to defeat diversity jurisdiction. Plaintiffs: (i) failed to pursue any discovery from the Defendant, ZHL, despite the discovery deadline in the Superior Court matter which was approaching; (ii) failed to pursue a default judgment against ZHL despite the fact that Plaintiffs felt ZHL had no meritorious defenses to Ophnet's claims; and (iii) attempted to sell off all of ZHL's assets which would leave ZHL without any collateral or assets with which to pay a judgment Ophnet allegedly sought from ZHL. Defendants obtained knowledge of the foregoing within thirty days of filing the notice of removal in this matter and are not barred from removing this matter by any time limitations contained in the removal statute and similar law since Defendant ZHL was fraudulently joined as a defendant. Accordingly, Defendants respectfully request this Court deny Plaintiffs Motion to Remand for the reasons stated herein and in the Notice of Removal previously filed with this Court.

        Respectfully submitted,

        MICHAEL LAMENSDORF, MICHAEL LAMENSDORF, M.D., P.A., BAYOU JENNKAY, INC., and KATHY LAMENSDORF

        By their attorneys,

        */s/ Ian J. McLoughlin*
        Brandon F. White, BBO# 525020
        Ian J. McLoughlin, BBO# 647203
        Matthew E. Miller, BBO# 655544
        FOLEY HOAG, LLP
        155 Seaport Boulevard
        Boston, MA 02210
        (617) 832-1000

        <u>OF COUNSEL:</u>
        ABEL, BAND, RUSSELL, COLLIER, PITCHFORD & GORDON, CHARTERED
        Michael S. Taaffe
        Joseph A. Tsombanidis
        240 South Pineapple Avenue
        Sarasota, Florida  34230-6948
        (941)  366-6660
Dated: June 23, 2005        (941)  366-3999 (fax)