UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPHNET, INC., a Massachusetts corporation, JOHN A. HIRSCH and RONALD W. ZOLLA, individually and as shareholders of ZHL, Inc., a Massachusetts corporation, and KENNETH CRAM,<br><br>        Plaintiffs,<br><br>        v.<br><br>MICHAEL LAMENSDORF, individually and as a shareholder of ZHL, Inc., MICHAEL LAMENSDORF, M.D., P.C., a Florida professional corporation; BAYOU JENNKAY,INC., a Florida corporation, KATHY LAMENSDORF, individually and as an officer of Bayou JennKay, Inc., and ZHL, INC., a Massachusetts corporation,<br><br>        Defendants. | CIVIL ACTION NO. 05-10970-DPW |

**DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFFS' CROSS-MOTION TO COMPEL**

      Defendants, Dr. Michael Lamensdorf and Kathy Lamensdorf (hereafter collectively referred to as the "Defendants"), hereby submit this Memorandum in Opposition to Plaintiffs' Cross-Motion to Compel and respectfully request that this Court deny Plaintiffs' Motion for the reasons cited herein.

**I.  INTRODUCTION**

      Defendant, Dr. Michael Lamensdorf, filed and served a Motion for Sanctions with this Court on May 27, 2005, as a result of Plaintiffs' failure to comply with an Order of the Superior Court for the Commonwealth of Massachusetts dated February 11, 2005. The Superior Court Order required Plaintiffs to produce certain documents to the Defendant. Prior to the filing of the Motion for Sanctions, Defendant's counsel conferred with Plaintiffs' counsel and the parties

771205v.1                              1

were unable to resolve the issues concerning same. Accordingly, Defendant was compelled to file the referenced Motion for Sanctions. Plaintiffs' response to the Motion for Sanctions was to be filed with this Court by June 10, 2005. On June 10, 2005, Plaintiffs responded to the Motion for Sanctions and concurrently filed a Cross-Motion to Compel seeking responses to a production request delivered to Dr. and Mrs. Lamensdorf. While Plaintiffs have still failed to produce all the documents required to be produced pursuant to the Superior Court's Order, Plaintiffs filed a Cross-Motion to Compel despite the fact that Mrs. Lamensdorf has not failed to respond to the request propounded by the Plaintiffs.

Further, prior to the filing of Plaintiffs' Cross-Motion to Compel, counsel for Defendants notified Plaintiffs' counsel that Mrs. Lamensdorf would respond to the mentioned discovery request, despite the fact that Mrs. Lamensdorf did not fail to comply with same.

## II. ARGUMENT

As noted in Exhibit "A" attached to Plaintiffs' Cross-Motion to Compel, Plaintiffs served Mrs. Lamensdorf with a Third Request for Production of Documents on April 27, 2005. The production request called upon the Defendants to produce certain documents to the Plaintiffs at the offices of Abel, Band, Russell, Collier, Pitchford & Gordon ("Abel Band"), 240 South Pineapple Avenue, Sarasota, FL at 10:00 a.m. on Friday, May 27, 2005. The law firm of Abel Band is of counsel to the Defendants in this matter. Plaintiffs previously unilaterally set the deposition for Mrs. Lamensdorf to be taken at the offices of Abel Band on Friday, May 27, 2005 at 10:00 a.m. Accordingly, based on the clear language contained in Plaintiffs' specific request, it was Defendants' understanding that a response to the production request would be provided at the deposition of Mrs. Lamensdorf. At the same time, upon receiving notice of Plaintiffs' desire to re-depose Mrs. Lamensdorf on said date and at said time, Defendants' counsel immediately

notified Plaintiffs' counsel that he was unavailable for a deposition at that time due to a conflict with a previously scheduled matter.  Accordingly, the deposition was eventually cancelled due to the unavailability of counsel and the document request was not responded to at the deposition of Mrs. Lamensdorf since same failed to take place.

During the week of May 31, 2005, Plaintiffs' counsel contacted Defendants' counsel at Foley Hoag to discuss issues related to the Motion for Sanctions filed by the Defendants the previous Friday.  Plaintiff subsequently brought Plaintiffs Third Request for Production of Documents to the attention of Defendants' counsel at Foley Hoag as well.  Since the issues relating to same involved conversations, correspondence, and discovery requests, by and between Plaintiffs counsel, Edward Foye, Esq. of the law firm of Todd & Weld, and Defendants' counsel, Matthew Miller, Esq. of the law firm of Foley Hoag, as well as Defendants' of counsel, Michael Taaffe, Esq. of the law firm of Abel Band, Mr. Miller proposed to set up a telephone conference for Wednesday, June 8, 2005, since that was the first available date when the parties could collectively discuss these issues.  Plaintiffs' counsel was unwilling to hold a conference at said time and found the attempt to set same at that time to be a "measurable departure from standards of professional courtesy."  On June 9, 2005, Plaintiffs' counsel contacted Matthew Miller, Esq. of Foley Hoag and advised him that he expected to have a conference with him and Michael Taaffe, Esq. regarding the discovery issues, including Plaintiffs' contention that they failed to receive a response to their Third Request for Production of Documents.  Despite the fact that Plaintiffs' counsel previously indicated that the timing of the conference was "unacceptable", Mr. Miller contacted Mr. Taaffe to confirm his availability and to set up another conference to discuss these issues.  Mr. Miller subsequently set up a phone conference for the parties for 10:45 a.m. on June 10, 2005.

The parties eventually held a conference in the afternoon on June 10, 2005. The parties again addressed Defendants' Motion for Sanctions despite the fact that Defendants' counsel conferred with Plaintiffs' counsel regarding same prior to filing the Motion for Sanctions, as indicated in the body of the Motion for Sanctions filed with this Court. The parties also addressed Plaintiffs' stated contention that they failed to receive a response to the most recent request for documents. The telephone conference included Messrs. Foye, Miller, and Taaffe, as well as Joseph A. Tsombanidis, Esq. of Abel Band.

During the telephone conference held on June 10, 2005, Mr. Foye indicated that he was expecting the production of documents which were requested to be produced at the offices of Abel Band at the deposition of Mrs. Lamensdorf. Defendants' counsel advised Plaintiffs' counsel that since the document request sought documents to be produced at the deposition of Kathy Lamensdorf, same was not responded to at said time since the deposition was canceled and continued due to a conflict. Since the document request did not seek to have the documents produced to Plaintiffs' counsel's office, but rather requested the documents be produced at the deposition of Kathy Lamensdorf at Abel Band, Defendants' counsel notified Plaintiffs' counsel that Defendants did not fail to comply with the request for documents. Since the parties agreed to reschedule Mrs. Lamensdorf's deposition for a future date and since the deposition did not take place, a response to the document production was never provided to Plaintiffs.

During the telephone conference, Plaintiffs' counsel notified Defendants' counsel that Plaintiffs sought the requested production before the deposition of Mrs. Lamensdorf despite the clear language contained in the discovery request. Plaintiffs indicated that they now expected same not to be produced at Abel Band's office but rather, delivered to Plaintiffs' counsel's office in Boston, Massachusetts. In response, Defendants' counsel informed Plaintiffs' counsel that

Defendants would respond to the request since Plaintiffs now expressed a desire for same prior to the deposition of Kathy Lamensdorf. In response to Defendants' counsel's representation that Defendants would provide a response to the document request, Plaintiffs' counsel stated that same was unacceptable and that counsel would file a cross motion to compel even though Defendants were agreeing to provide a response to the document request before the deposition of Kathy Lamensdorf.

Defendants agreed to provide Plaintiffs with a response to the most recent document production even though the production request asked for the documents to be produced at the deposition of Kathy Lamensdorf which has yet to take place. Defendants agreed to same prior to the filing of the Cross-Motion to Compel. Nevertheless, Plaintiffs failed to agree to same because Plaintiffs seek to have any objections to the production request be deemed waived. Since Defendants have not failed to comply with the production request, Plaintiffs Cross-Motion and the sanction sought therein, are without merit and should be denied. Nevertheless, counsel for the Defendants has communicated with counsel for the Plaintiffs and will be serving Plaintiffs with a response to the production request during the coming week.

## IV. CONCLUSION

Defendants continue to deny that they failed to respond to the discovery request since the deposition of Kathy Lamensdorf failed to take place. In addition, since Defendants did not fail to comply with the terms of the production request, Defendants respectfully submit to this Court that any objections to the request, have not been waived. Accordingly, Defendants request that the Court deny Plaintiffs' Motion to Compel or, in the alternative, hold the motion in abeyance pending a response to the production request and the parties' continued attempts to resolve same since Defendants will respond to the request. Nevertheless, to the extent Plaintiffs seek an Order

of this Court deeming all objections waived, Defendants respectfully request this Court deny same since: (i) Defendants did not fail to comply with the production request; and (ii) Defendants' counsel advised Plaintiffs' counsel prior to the filing of the Cross-Motion to Compel that Defendants would respond to the production request.

Respectfully submitted,

MICHAEL LAMENSDORF, MICHAEL
LAMENSDORF, M.D., P.A., BAYOU
JENNKAY, INC., and KATHY
LAMENSDORF

By their attorneys,


*/s/ Ian J. McLoughlin*
Brandon F. White, BBO# 525020
Ian J. McLoughlin, BBO# 647203
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

OF COUNSEL:
ABEL, BAND, RUSSELL, COLLIER,
PITCHFORD & GORDON, CHARTERED
Michael S. Taaffe
Joseph A. Tsombanidis
240 South Pineapple Avenue
Sarasota, Florida 34230-6948
(941) 366-6660
(941) 366-3999 (fax)

Dated: June 24, 2005