UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

OPHNET, INC., A Massachusetts Corporation )
and JOHN A. HIRSCH and RONALD W. ZOLLA, )
Individually and as Shareholders of )
ZHL, INC., A Massachusetts Corporation, and )
KENNETH CRAM, )
)                                   Civil Action No.
      Plaintiffs, )             05-10970-DPW
)
v. )                                **Oral Argument Requested**
)
MICHAEL LAMENSDORF, Individually and )
as a Shareholder of ZHL, INC.; )
MICHAEL LAMENSDORF, M.D., P.C., )
A Florida Professional Corporation; )
BAYOU JENNKAY, INC., a Florida Corporation; )
and KATHY LAMENSDORF, Individually and )
as an officer of Bayou JennKay, Inc.; and )
ZHL, INC., a Massachusetts Corporation, )
)
      Defendants. )

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
PURSUANT TO 28 U.S.C. § 1447**

  The plaintiffs in this matter (collectively "Ophnet") herewith move for an award of just costs, including attorneys' fees, pursuant to 28 U.S.C. § 1447(c). In support of their motion, the plaintiffs state:

  1.  On June 9, 2005, the plaintiffs filed their "Motion to Remand for Lack of Subject Matter Jurisdiction" and submitted a memorandum of law concurrently therewith. The defendants (collectively, "the Lamensdorfs") have opposed that motion.

2. As detailed in the Ophnet's motion and memorandum, (i) the Lamensdorfs removed this case more than one year after it was filed in contravention of 28 U.S.C. § 1446(b); (ii) the Lamensdorfs did not act within thirty (30) days after receipt of a pleading providing notice that the case had become removable; (iii) the Lamensdorfs had been aware *for years* of their claims that ZHL had been fraudulently joined as a party defendant to destroy diversity, and in fact Judge Lindsay *rejected* their fraudulent joinder claim the first time the Lamensdorfs removed this case; and (iv) the Lamensdorfs did not on the merits have sufficient evidence to make out a case for fraudulent joinder.

3. As detailed in the memorandum of law submitted concurrently herewith, courts have not hesitated to award attorneys' fees and costs where removal has been untimely. See Service Asset Mgmt. Co. v. Hibernia Corp., 80 F. Supp 2d 626, 630 (E.D. Tex. 2000) (awarding fees where removal was attempted "over twenty-two months after the commencement of the action in state court" and a "review of the law would have revealed that removal was untimely"); Lytle v. Lytle, 982 F. Supp. 671, 674-675 (E.D. Mo. 1997) (awarding attorney's fees where "even a cursory examination of § 1446(b) should have given [the defendants] pause before seeking to remove at this late date").

4. Even if § 1447(c) required a showing of bad faith (as it does not), it is clear from the defendants' opposition that bad faith exists. The Lamensdorfs relentlessly insist that they had no subjective knowledge of their fraudulent joinder claims until within thirty (30) days of the filing of the notice of removal. The defendants do *not*, however, provide the Court with any cognizable evidence to this effect, whether by affidavit or otherwise. The defendants also do not provide any convincing explanation of

how they can claim to have discovered in July 2005 that which they asserted in a pleading before this Court three years previously.

5. As also discussed in the accompanying memorandum, many of the other factual assertions that the Lamensdorfs make are also without any record support whatsoever and indeed appear to be designed to test this Court's patience and credulity. Accordingly, under any possible standard an award of reasonable cost and attorneys' fees under § 1447(c) is appropriate.

WHEREFORE, the plaintiffs in this matter herewith respectfully move that this Honorable Court:

A. Award the plaintiffs their just costs and actual expenses, including attorneys' fees, pursuant to 28 U.S.C. § 1447(c);

B. Grant leave to the plaintiffs to submit affidavits and other verified materials detailing the costs and fees incurred within fourteen (14) days of this motion being granted; and

C. Award whatever other or additional relief this Honorable Court deems just under the circumstances.

### Request for Oral Argument

Pursuant to L.R. 7.1(D), the plaintiffs respectfully request to be heard on this motion.

Respectfully submitted,

OPHNET, INC., JOHN A. HIRSCH, RONALD W. ZOLLA, and KENNETH CRAM,

By their Attorneys,

/s/ Edward Foye
J. Owen Todd (BBO # 499480)
Edward Foye (BBO #562375)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
617-720-2626

Date: July 7, 2005

## RULE 7.1 CERTIFICATION

I, Edward Foye, certify that on May 12, 2005, I conferred with Matthew Miller, Esq. concerning the defendants' attempts to remove this matter to state court, including the plaintiffs' intent to seek fees and costs for the removal. No agreement on those matters was reached.

/s/ Edward Foye
Edward Foye

4