UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPHNET, INC., a Massachusetts corporation, JOHN A. HIRSCH and RONALD W. ZOLLA, individually and as shareholders of ZHL, Inc., a Massachusetts corporation, and KENNETH CRAM,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MICHAEL LAMENSDORF, individually and as a shareholder of ZHL, Inc., MICHAEL LAMENSDORF, M.D., P.C., a Florida professional corporation; BAYOU JENNKAY,INC., a Florida corporation, KATHY LAMENSDORF, individually and as an officer of Bayou JennKay, Inc., and ZHL, INC., a Massachusetts corporation,<br><br>　　　　　Defendants. | CIVIL ACTION NO. 05-10970-DPW |

**ASSENTED-TO MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF
DEFENDANT DR. MICHAEL LAMENSDORF'S MOTION FOR SANCTIONS**

Pursuant to Local Rule 7.1 (B)(3), Defendant Dr. Michael Lamensdorf respectfully requests that the Court grant leave to file the attached Reply Memorandum in further support of his Motion for Sanctions. As grounds for this motion, the defendant states that the Reply Memorandum sets forth several responsive points to the 17-page Opposition Memorandum. Among other things, Plaintiffs' Opposition erroneously characterizes the record with respect to the Rule 37.1 conference on the Motion for Sanctions. Plaintiffs' counsel has assented to this Motion for Leave to File a Reply. Defendant believes that consideration of the Reply will be helpful to the Court in resolving the pending Motion for Sanctions.

B3055378.1

- 2 -

                Respectfully submitted,

MICHAEL LAMENSDORF, MICHAEL LAMENSDORF, M.D., P.A., BAYOU JENNKAY, INC., and KATHY LAMENSDORF

By their attorneys,


*/s/ Ian J. McLoughlin*
Brandon F. White, BBO# 525020
Ian J. McLoughlin, BBO# 647203
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

OF COUNSEL:
ABEL, BAND, RUSSELL, COLLIER, PITCHFORD & GORDON, CHARTERED
Michael S. Taaffe
Joseph A. Tsombanidis
240 South Pineapple Avenue
Sarasota, Florida 34230-6948
(941) 366-6660
(941) 366-3999 (fax)

Dated: July 8, 2005

## CERTIFICATION UNDER LOCAL RULE 7.1

The undersigned hereby certifies that, as required by Local Rule 7.1, counsel for the parties conferred with respect to the above motion by telephone on July 8, 2005. At that time, Plaintiffs' counsel assented to the Motion for Leave to File a Reply Memorandum.


                */s/ Ian J. McLoughlin*
                Ian J. McLoughlin, BBO# 647203

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPHNET, INC., a Massachusetts corporation, JOHN A. HIRSCH and RONALD W. ZOLLA, individually and as shareholders of ZHL, Inc., a Massachusetts corporation, and KENNETH CRAM,<br><br>    Plaintiffs,<br><br>v.<br><br>MICHAEL LAMENSDORF, individually and as a shareholder of ZHL, Inc., MICHAEL LAMENSDORF, M.D., P.C., a Florida professional corporation; BAYOU JENNKAY,INC., a Florida corporation, KATHY LAMENSDORF, individually and as an officer of Bayou JennKay, Inc., and ZHL, INC., a Massachusetts corporation,<br><br>    Defendants. | CIVIL ACTION NO. 05-10970-DPW |

**REPLY IN SUPPORT OF DEFENDANT
DR. MICHAEL LAMENSDORF'S MOTION FOR SANCTIONS**

Defendant, Dr. Michael Lamensdorf ("Dr. Lamensdorf"), submits this reply in support of his motion for sanctions. Plaintiffs failed to produce critical documents in response to Dr. Lamensdorf's requests, in blatant violation of an order of the Superior Court. For example, plaintiffs admit that plaintiff Ophnet, Inc. ("Ophnet") possesses "general ledger records" detailing all payments made by Ophnet to plaintiffs Hirsch and Zolla from 1997 to the present. Plaintiffs have nonetheless failed -- without any justification -- to produce such documents. These records, along with the other documents Dr. Lamensdorf is seeking, are critical to Defendants' responses to the claims asserted in the Second Amended Complaint, as well as the counterclaims filed by the Defendants. Among other things, the documents contain vital information relating to Defendants' claims that Hirsch and Zolla (majority shareholders of ZHL,

772389v.1                                                        1

Inc. ("ZHL")) breached their fiduciary duties to Dr. Lamensdorf and his wife Kathy Lamensdorf (minority shareholders of ZHL) by overcharging for services to ZHL.

Rather than engage the substance of the motion, plaintiffs' opposition seeks to divert the Court's attention by raising several irrelevant side issues. First, plaintiffs speciously argue that Dr. Lamensdorf filed the motion for sanctions to distract the court from Kathy Lamensdorf's purported failure to respond to certain of plaintiffs' document requests. The record, however, establishes that Dr. Lamensdorf sought the documents that are the subject of the present motion before Ms. Lamensdorf was required to respond to plaintiffs' requests. Moreover, Ms. Lamensdorf has complied with plaintiffs' discovery requests and agreed to respond to all requests, which plaintiffs' counsel knew before filing plaintiffs' cross-motion to compel production of documents from Ms. Lamensdorf. If anything, the cross-motion to compel is the distraction -- a distraction from plaintiffs' brazen failure to produce documents as required by a Superior Court order. Plaintiffs continue to defy the Order of the Superior Court dated February 11, 2005. Further, as noted in Defendants' Memorandum in Response to Plaintiffs Cross-Motion to Compel, Defendants agreed to respond to Plaintiffs production request despite the fact that Defendants never failed to respond to the request since the request sought documents to be produced at Ms. Lamensdorf's deposition, which was never held.

Second, plaintiffs contend that defendant's counsel did not conduct a discovery conference pursuant to the Local Rules prior to filing the motion. As set forth below, however, it is clear from the record that the conference was held. Finally, plaintiffs argue that they have produced all responsive documents except certain tax returns, but this is obviously false in light of plaintiffs' admission, among other things, that they possess certain general ledger records which have yet to be produced.

Because plaintiffs have failed to produce all responsive documents as ordered by the Superior Court, this Court should grant the Motion for Sanctions.

## I. THE MOTION FOR SANCTIONS COMPLIES WITH THE LOCAL RULES.

In a transparent effort to obscure their failure to produce documents that the Superior Court ordered them to produce, plaintiffs aver that defendants' counsel did not confer with plaintiffs' counsel pursuant to Local Rule 37.1(a) before filing the motion. As is apparent from the correspondence attached to the motion and opposition, however, defendants' counsel fully complied with the Rule.

Following a series of prior communications, Michael Taaffe, defendants' counsel, and Edward Foye, plaintiffs' counsel, discussed plaintiffs' failure to produce the court-ordered documents at the deposition of Mark Briefman on May 20, 2005. At that time, Mr. Foye indicated that plaintiffs would *not* be producing the documents in question.[1] Mr. Taaffe followed up with a letter to Mr. Foye dated May 23, 2005, confirming the May 20, 2005 conference, and describing in detail the manner in which plaintiffs' production to date was deficient. Memo., Ex. G.[2] Among other things, the letter stated as follows:

> In addition, I am writing in regard to your representation at the deposition of Mr. Mark Briefman on Friday, May 20, 2005, wherein you indicated that you did produce all the documents we requested from Ophnet, Inc. As I indicated at that time, and restate herein, we have never received any of the Court-ordered

---

[1] Nothing in the Federal or Local Rules prevents Mr. Taaffe from conducting the Rule 37.1 conference. Although he is a Florida attorney, Mr. Taaffe is defendants' lead counsel, Mr. Foye knows that Mr. Taaffe is defendants' lead counsel, Mr. Foye conducted the conference without raising any objection, and Mr. Taaffe has since moved for admission before this Court. Further, Mr. Taaffe was admitted pro hac vice to the Superior Court and communicated with plaintiffs' counsel in all matters regarding discovery prior to the removal of this matter to the District Court.

[2] "Memo." refers to the Memorandum of Law in Support of Defendant Dr. Michael Lamensdorf's Motion for Sanctions. "Ex." refers to exhibit. "Opp." refers to the Opposition to Defendants' Motion for Sanctions.

>documents from Ophnet, Inc. as outlined above and your response to same remains complete.

Accordingly, the May 23, 2005 letter confirms the substance of the May 20, 2005 Rule 37 conference, which Mr. Foye did not dispute at the time.

Mr. Taaffe's letter also indicated that "[s]hould [defendants] fail to receive [plaintiffs'] response within [24 hours], we will file the necessary motion with the Federal Court in the District of Massachusetts." Id. The letter expressly stated that without the outstanding documents, defendants would be unable to complete a number of depositions in the case, including the deposition of William Hirsch. Id.

Mr. Foye confirmed plaintiffs' continuing refusal to produce the documents by letter to Mr. Taaffe dated May 24, 2005. Memo, Ex. H. In the letter, Mr. Foye did not dispute that the May 20, 2005 conference took place, but instead wrote that defendants "are of course welcome to file a motion to compel." Id.

In the face of this clear record, and in lieu of a cogent response to the substance of defendants' motion, plaintiffs mount a number of baseless attacks on the Rule 37.1 conference. First, plaintiffs contend that the discussions related only to the missing tax returns. It is clear from the correspondence, however, that defendants described all the documents to which they were entitled. Moreover, Mr. Taaffe's May 23, 2005 letter expressly linked plaintiffs' failure to produce documents to defendants' inability to take depositions, including the deposition of William Hirsch. Indeed, plaintiffs' failure to produce these documents is at the heart of all the relief defendants seek in the present motion.

Second, plaintiffs contend that defendants' counsel would not confer with plaintiffs' counsel even after the filing of the motion. As the correspondence makes clear, however,

defendants' counsel was willing to confer, but scheduling conflicts prevented the conference from taking place immediately.

Finally, plaintiffs aver that defendants' memorandum lacks the specificity required by Local Rule 37.1(B)(2). The Memorandum and the exhibits attached thereto, however, provide specific details as to when and where the discovery conference took place, who attended, what was discussed, and which issues were left for the Court to decide. Memo. 11, Ex's G, H.[3] Accordingly, defendant's counsel complied with the Local Rule 37.1.

## II.  KENNETH CRAM HAS NOT PRODUCED ALL RESPONSIVE DOCUMENTS.

Plaintiff Cram has yet to produce documents responsive to defendants' requests as ordered by the Superior Court. Cram admits he has not produced all federal income tax returns and schedules for the years 1994 - 1997, 1999, and 2004. Such documents are critical to defendants' counterclaims, which allege that plaintiffs, including Cram, grossly mismanaged the Lamensdorfs' medical practice and overcharged for services rendered. The extent to which Ophnet made payments to Cram, which should be reflected on the tax returns, is directly relevant.

Cram claims that he has requested transcripts from the IRS of the information contained in some of these tax returns. In light of plaintiffs' series of delays in responding to defendants' discovery requests, defendants request that the Court nonetheless order production of any and all such materials as soon as they are received from the IRS.

Cram also admits that he has not produced all federal income tax returns from KGC Consulting, Inc. ("KGC"), a company affiliated with Cram. Cram served as a consultant to

---

[3] Plaintiffs also contend that the motion did not comply with Rule 26.2(B) on "further discovery." This Rule, however, only applies when a party seeks to exceed the discovery limits under the Local Rules or to take "additional
(continued)

Ophnet through KGC. Accordingly, the KGC returns are relevant because they will reflect the extent to which Ophnet made payments to KGC and KGC made payments to Cram. Cram argues, however, that: 1) he is not required to produce such documents; and 2) he has produced those KGC returns within his possession and requested the remaining ones from the IRS. The second argument belies the first. The fact that Cram produced those KGC returns within his possession and requested the remaining ones from the IRS confirms that defendant requested the documents. Accordingly, the Court should order Cram to produce any and all remaining responsive documents -- including any and all non-identical copies of responsive documents-- as soon as possible.

### III.   HIRSCH AND ZOLLA HAVE NOT PRODUCED ALL RESPONSIVE DOCUMENTS.

By their own admission, plaintiffs Hirsch and Zolla have failed to produce all documents responsive to Dr. Lamensdorf's discovery requests as ordered by the Superior Court.[4] For example, Hirsch and Zolla have failed to produce general ledger records detailing all payments made to Hirsch or Zolla from 1997 to the present. These are exactly the kinds of documents that defendants have been seeking since they propounded their requests. Having admitted the documents are in their possession, plaintiffs have nonetheless failed, without offering any explanation, to produce them.

Indeed, plaintiffs appear to be withholding the general ledger records, despite the admitted relevance of the documents, in an effort to force defendants to withdraw the motion for sanctions. In a June 10, 2005 letter from Mr. Foye to defendants' counsel Matt Miller, Mr. Foye

---

discovery." Here, Dr. Lamensdorf seeks only to obtain the documents that plaintiffs were already ordered to produce and to take the depositions defendants previously scheduled or sought to take.

[4] Since the filing of the motion for sanctions, plaintiffs did produce some additional tax returns. Plaintiffs did not, however, offer a cogent explanation for their delay in producing the returns.

suggested that plaintiffs might withhold the general ledger records simply because defendant refused to withdraw the motion for sanctions:

> Enclosed please find the Massachusetts state tax returns that I agreed to produce during the discovery conference this afternoon. As promised, I will discuss Mr. Taaffe's request for general ledger excerpts with my clients and may provide them early next week. In light of the refusal to withdraw or modify the motion even [sic] those documents are produced, however, that is a matter that will require discussion with the clients.

Letter from Edward Foye to Matthew E. Miller dated June 10, 2005, attached hereto as Exhibit A. The Court should require plaintiffs to produce such documents immediately, along with any other documents indicating payments made to Hirsch or Zolla from Ophnet, ZHL, or any other plaintiff, including without limitation canceled checks, invoices, bills, requests for payment, deposit receipts, contracts, work papers, account records, and/or account statements.

Hirsch and Zolla have also failed to produce at least two other categories of responsive documents: (1) federal and state tax returns from 1994 - 1997; and (2) federal and state tax returns from 2003 - 2004. Both defendants' document requests and the Superior Court order require plaintiffs to produce these documents.

Plaintiffs argue that the 1994 - 1997 tax returns are not relevant. While, the standard for discoverable information under the Massachusetts and Federal Rules of Civil Procedure is broad, the Superior Court has already deemed these documents relevant by ordering their production. The tax returns from 1994 and 1995 are relevant for purposes of comparing payments received by plaintiffs before and after they worked for the medical practice. The tax returns from 1996 and 1997 are relevant because they may demonstrate that Hirsch and Zolla received grossly disproportionate payments from Ophnet, which was overcharging defendants.

Hirsch and Zolla further contend that the 1994 - 1997 returns are not in their possession, but such documents are within their custody and control because they may execute transcript requests to obtain the information from the IRS and because their accountant, Hirsch's brother, maintains copies of same. The fact that Cram requested the information from the IRS belies any suggestion by Hirsch and Zolla that they are not required to do so. Moreover, as set forth in the motion for sanctions, plaintiffs Hirsch and Zolla *already* represented that they executed such transcript requests. Having caused defendants to rely on such representation, plaintiffs cannot now claim that they are not required to obtain the information. Indeed, had plaintiffs initially told defendants that they would not execute the transcript requests, defendants would have sought the information through alternate means. Accordingly, the Court should order Hirsch and Zolla to obtain the information in their 1994 - 1997 tax returns from the IRS and produce such information as soon as possible.

Plaintiffs also aver that they are not required to produce their 2003 - 2004 tax returns. There are, however, at least three reasons that plaintiffs must produce them. First, the Superior Court ordered plaintiffs to produce tax returns from 1994 to the present. In light of plaintiffs' continuing obligation to produce responsive documents per the document requests, as well as the Massachusetts and Federal Rules of Civil Procedure, plaintiffs must produce the 2003 and 2004 returns. As noted in the Document Request to which plaintiffs were ordered to comply, "[the] requests require you to produce not only documents which are currently in your possession, but also those which can be obtained on request or demand from any third party." In addition, the requests note that they are "continuing request[s] for production of documents pursuant to Massachusetts Rules of Civil Procedure 26 and 34. If any documents are created after the date of this request which are responsive, such documents should be produced not later than thirty (30)

days after they are created." While plaintiffs clearly are required to produce tax returns created after the case was initiated, the documents are relevant to comparing payments made to plaintiffs before and after the business arrangement with defendants. The fact that plaintiffs requested, and defendants produced, defendants' tax returns up to the present confirms the relevance of plaintiffs' 2003 and 2004 returns. Moreover, because Hirsch and Zolla continue to exercise control over ZHL and Ophnet, payments up to the present remain relevant. Finally, defendants have produced their tax returns through 2004, so it is appropriate for plaintiffs to do so as well. Consequently, this Court should grant the Motion for Sanctions and order plaintiffs to produce the 2003 and 2004 tax returns, as well as the other documents not yet produced.

### III. OPHNET HAS FAILED TO PRODUCE ALL RESPONSIVE DOCUMENTS.

Ophnet has yet to produce all documents in its possession indicating income paid to Hirsch or Zolla from Ophnet, ZHL or any other plaintiff.[5] For example, defendants have yet to receive the general ledger records described in plaintiffs' opposition to the motion for sanctions, notwithstanding plaintiffs' representation that the records have been made available. Defendants are entitled to the immediate production of such general ledger records, along with any related documentation that has yet to be produced. In addition, to the extent Ophnet possesses any documentation supporting its contention that it has helped *other* ophthalmology practices beyond the limited Patient Questionnaires it produced, defendants are also entitled to those documents. Defendant expects such documents to substantiate its allegations that plaintiffs are incompetent at managing medical practices.

---

[5] To the extent there are any Ophnet tax returns beyond those produced to date, such as tax returns for the years 2003 - 2004, defendants are entitled to their immediate production for the reasons set forth in section II.

## IV.  A LIMITED EXTENSION OF THE DISCOVERY DEADLINE IS APPROPRIATE.

A limited extension of the discovery deadline is appropriate because *both* parties have outstanding discovery requests. As set forth in the motion, despite vigorous efforts to do so, Dr. Lamensdorf has yet to obtain all responsive documents from plaintiffs, which has made it impossible for defendants to complete discovery, including the previously noticed depositions of John Hirsch, Ronald Zolla, Kenneth Cram, and William Hirsch. In addition, *plaintiffs* have outstanding discovery requests, including documents that they have requested from Kathy Lamensdorf and various subpoenas to third parties. It makes no sense for plaintiffs to resist a limited extension of the discovery deadline given that they are still taking discovery of their own. Further, the parties were limited by the applicable rules of procedure from conducting discovery after removal of the matter and prior to the initial case conference and therefore, defendants did not pursue additional discovery before the close of the discovery deadline set by the Superior Court and which expired after removal of this matter to the District Court. Plaintiffs were well aware that defendants sought the documents referenced in the Motion for Sanctions for some time. In addition, plaintiffs have still failed to produce all the documents identified in the Superior Court's February 11, 2005 Order. Even though four and a half months have passed since the Superior Court's entry of the Order on defendants Motion to Compel, plaintiffs continue to neglect the Superior Court's Order and deprived the defendants of documents necessary to allow them to complete discovery and prepare this matter for trial. Accordingly, a limited extension of the discovery deadline, allowing defendants to obtain the documents that the Superior Court ordered plaintiffs to produce in February 2005, and to take a limited number of previously noticed depositions, is appropriate.

Respectfully submitted,

MICHAEL LAMENSDORF, MICHAEL LAMENSDORF, M.D., P.A., BAYOU JENNKAY, INC., and KATHY LAMENSDORF

By their attorneys,

*/s/ Ian J. McLoughlin*
Brandon F. White, BBO# 525020
Ian J. McLoughlin, BBO# 647203
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

*/s/ Joseph A. Tsombandis*
ABEL, BAND, RUSSELL, COLLIER, PITCHFORD & GORDON, CHARTERED
Michael S. Taaffe
Joseph A. Tsombanidis
240 South Pineapple Avenue
Sarasota, Florida 34230-6948
(941) 366-6660
(941) 366-3999 (fax)

Dated: July 8, 2005

## TODD & WELD LLP
ATTORNEYS AT LAW
28 STATE STREET
BOSTON, MASSACHUSETTS 02109

EDWARD FOYE

TELEPHONE: (617) 720-2626
FACSIMILE: (617) 227-5777
www.toddweld.com

June 10, 2005

**VIA HAND DELIVERY**

Matthew E. Miller, Esq.
Foley, Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

Re: **Ophnet, Inc., et al v. Michael Lamensdorf, et al.**
**U.S.D.C. No. 1:05-10970-DPW**

Dear Mr. Miller:

Enclosed please find the Massachusetts state tax returns that I agreed to produce during the discovery conference this afternoon. As promised, I will discuss Mr. Taaffe's request for general ledger excerpts with my clients and may provide them early next week. In light of the refusal to withdraw or modify the motion even those documents are produced, however, that is a matter that will require discussion with the clients.

Yours very truly,

Edward Foye

EF/cd

cc: Mr. John A. Hirsch
    Mr. Ronald W. Zolla

# EXHIBIT A
Reply in Support of Defendant Dr. Michael
Lamensdorf's Motion for Sanctions