UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPHNET, INC., a Massachusetts corporation, JOHN A. HIRSCH and RONALD W. ZOLLA, individually and as shareholders of ZHL, Inc., a Massachusetts corporation, and KENNETH CRAM,<br><br>        Plaintiffs,<br><br>        v.<br><br>MICHAEL LAMENSDORF, individually and as a shareholder of ZHL, Inc., MICHAEL LAMENSDORF, M.D., P.C., a Florida professional corporation; BAYOU JENNKAY,INC., a Florida corporation, KATHY LAMENSDORF, individually and as an officer of Bayou JennKay, Inc., and ZHL, INC., a Massachusetts corporation,<br><br>        Defendants. | CIVIL ACTION NO. 05-10970-DPW |

**DEFENDANTS' STATEMENT REGARDING SCHEDULING**

Defendants, Dr. Michael Lamensdorf, Michael Lamensdorf, M.D., P.A., Bayou JennKay, Inc., and Kathy Lamensdorf (hereafter collectively referred to as "Defendants"), submit this Statement Regarding Scheduling pursuant to the Court's Notice of Scheduling Conference, Order for Joint Statement and Certifications, and Order for Electronic Filing dated May 13, 2005.

1.    Introductory Statement

    (a)    Case No. 05-10970-DPW was previously pending before the Superior Court for the Commonwealth of Massachusetts. On or about May 10, 2005, Defendants removed Case No. 05-10970-DPW to the United States District Court for the District of Massachusetts.

773393v.1

The parties conferred in an effort to prepare a Joint Statement containing a proposed pretrial schedule but were unable to reach an agreement. Defendants delivered a proposed Joint Statement and pre-trial schedule to Plaintiffs, which sought to advise this Court of the best estimates of the amount of time they will need to accomplish specified pre-trial steps. In response, Plaintiffs sought to include argument against Defendants' proposal in the Joint Statement. In addition, Plaintiffs' proposal contained misstatements of fact, and opposition to the discovery sought by the Defendants, including an Affidavit of Ronald Zolla which is unrelated to any proposal concerning a pretrial schedule. Defendants will submit a separate Response to Plaintiffs' contentions and file this Statement Regarding Scheduling to advise the Court of the pretrial schedule plan they propose as contemplated by Rule 16, Local Rules for the United States District Court for the District of Massachusetts.

2.   Defendants' Proposed Discovery Plan

Defendants propose that they be permitted to take the following depositions in Case No. 05-10970-DPW: (i) depositions of Plaintiffs, John Hirsch, Ronald Zolla, and Kenneth Cram; and (ii) the deposition of William Hirsch, CPA. The mentioned depositions were previously scheduled in this matter but Defendants were unable to take same since Plaintiffs had not produced all the documents identified in the Superior Court's discovery Order dated February 11, 2005. Defendants filed a Motion for Sanctions in this matter seeking the items ordered to be produced by the Superior Court. The documents contain information vital to this litigation and are needed for the Defendants to effectively take these depositions and prepare this matter for trial.

At the same time, since removal of this matter to the District Court, Defendants have been unable to participate in any new discovery since the Federal Rules of Civil Procedure preclude same prior to the initial conference. Defendants sought to take the depositions of Dr. Thomas Quigley and Dr. Marguerite DiGaetano, and prepared Motions for the Issuance of Letters Rogatory to be filed with the Superior Court but were unable to file same since the matter was removed to the District Court. Defendants need to take these depositions as well, in addition to any follow-up discovery.

3. <u>Automatic Initial Disclosures</u>

Defendants seek the Court's approval to waive the requirement to exchange automatic initial disclosures.

4. <u>Phased Discovery</u>

Defendants do not believe that phased discovery is necessary.

5. <u>Discovery and Scheduling Plan</u>

Defendants submit the following discovery plan and scheduling plan for the Court's consideration:

(a) Exchange of initial disclosures: seeking court approval to waive same.

(b) Compliance with any previously ordered discovery: August 15, 2005

(c) Designation of expert(s) and disclosure by plaintiffs: October 30, 2005

(d) Designation of expert(s) and disclosure by defendants: November 16, 2005

(e) Completion of fact discovery: November 30, 2005

NY12525:364009.2
773393v.1

    (f)    Completion of expert depositions:  January 16, 2006

    (g)    Deadline for filing motions for summary judgment:  March 13, 2006

    (h)    Deadline for responding to motions for summary judgment:  April 14, 2006

    (i)    Final pre-trial conference:  June 14, 2006

    (j)    Trial:  July 3, 2006

6.    <u>Certification of Counsel and Defendants</u>

Certification by the Defendants and their counsel pursuant to Local Rule 16.1(D)(3) was filed separately.

NY12525:364009.2
773393v.1

          Respectfully submitted,

          MICHAEL LAMENSDORF,
          MICHAEL LAMENSDORF, M.D.,
          P.A., BAYOU JENNKAY, INC.,
          and  KATHY LAMENSDORF

          By their attorneys,

          */s/ Ian J. McLoughlin*
          Brandon F. White, BBO# 525020
          Ian J. McLoughlin, BBO# 647203
          Matthew E. Miller, BBO# 655544
          FOLEY HOAG, LLP
          155 Seaport Boulevard
          Boston, MA 02210
          (617) 832-1000

          */s/ Joseph A. Tsombanidis*
          ABEL, BAND, RUSSELL,
          COLLIER, PITCHFORD &
          GORDON, CHARTERED
          Michael S. Taaffe
          Joseph A. Tsombanidis
          240 South Pineapple Avenue
          Sarasota, Florida  34230-6948
          (941)  366-6660
          (941)  366-3999 (fax)

Dated: July 8, 2005