UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OPHNET, INC., a Massachusetts corporation, JOHN A. HIRSCH and RONALD W. ZOLLA, individually and as shareholders of ZHL, Inc., a Massachusetts corporation, and KENNETH CRAM,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL LAMENSDORF, individually and as a shareholder of ZHL, Inc., MICHAEL LAMENSDORF, M.D., P.C., a Florida professional corporation; BAYOU JENNKAY,INC., a Florida corporation, KATHY LAMENSDORF, individually and as an officer of Bayou JennKay, Inc., and ZHL, INC., a Massachusetts corporation,<br><br>Defendants. | CIVIL ACTION NO. 05-10970-DPW |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**STATEMENT REGARDING SCHEDULING**

Defendants, Dr. Michael Lamensdorf, Michael Lamensdorf, M.D., P.A., Bayou Jennkay, Inc. and Kathy Lamensdorf (collectively the "Defendants"), submit this Response to Plaintiffs' Statement Regarding Scheduling filed pursuant to the Court's Notice of Scheduling Conference, Order for Joint Statement and Certifications, and Order for Electronic Filing dated May 13, 2005.

1. Introductory Statement

As noted in Defendants' Statement Regarding Scheduling, Defendants' counsel conferred with Plaintiffs' counsel in an effort to prepare a Joint Statement advising this Court of a proposed pretrial schedule containing the parties' best estimates of the amount of time needed to accomplish specific pre-trial steps. Counsel for the Defendants

773471v.1

provided a proposed Joint Statement to Plaintiffs' counsel on Friday, July 1, 2005. Defendants proposed a pretrial schedule to advise this Court of the best estimates of the amount of time they will need to accomplish specified pre-trial steps. Plaintiffs failed to provide the Defendants with any proposed pretrial schedule and simply awaited delivery of Defendants' proposed Joint Statement so as to use the opportunity as a response to the discovery sought by the Defendants, rather than as a submittal of their own proposed pre-trial steps, as outlined in Local Rule 16, Rules of the District Court for the District of Massachusetts.

As this Court is aware, Plaintiffs, John Hirsch and Ronald Zolla are currently involved in litigation with Defendants, Dr. Michael Lamensdorf and Kathy Lamensdorf, in a separate action pending before this Court in Case No. 05-10902-DPW. Case No. 05-10902-DPW is an action for declaratory relief filed by the Plaintiffs along with ZHL, Inc., a defendant in the present action. This Court set both matters for an initial conference to be simultaneously heard on July 12, 2005. In accordance with same, the parties were to submit a Joint Statement pursuant to Local Rule 16.1(d), advising this Court of the parties' best estimates of time to prepare this matter for trial.

2.  Local Rule 16.1(d) and the Parties' Discovery Statements

Local Rule 16.1(d) provides that the parties were to submit a proposed discovery plan scheduling the time and length of discovery events, as well as a proposed schedule for the filing of motions. In the instant matter, as well as in Case No. 05-10902-DPW, the parties were to submit their proposal to this Court by July 5, 2005. Defendants submitted a proposed Joint Statement to the Plaintiffs on July 1, 2005. As of July 5,

2005, Plaintiffs failed to provide Defendants with any proposed scheduling plan and accordingly, Defendants motioned this Court for additional time to file the Statement pursuant to Local Rule 16.1. On Wednesday, July 6, 2005, Plaintiffs submitted a response to Defendants proposed Statement and rather than include Plaintiffs' proposal for pre-trial discovery, Plaintiffs submitted a response, with a supporting affidavit, which merely argued against the discovery sought by the Defendants. Rather than simply advise the Court of the nature of the difference in their plan as contemplated by Local Rule 16.1(d)(3), Plaintiffs proposed a Joint Statement containing argument against the specific discovery sought by the Defendants. Plaintiffs' proposal exceeds the scope of the Statement to be submitted as a Joint Statement by the parties. Defendants' associate counsel in Florida, Joseph A. Tsombanidis, conferred with Plaintiffs counsel in an effort to resolve the differences in the contents of the Statement, but the parties were unable to agree on a Joint Statement due to Plaintiffs' refusal to omit their argument and to use the Statement as an opportunity to argue against the discovery sought by the Defendants. While Defendants advised the Plaintiffs of the discovery they sought and likewise, proposed a plan for the time needed to take discovery in this matter, Plaintiffs failed to provide the Defendants with any proposed plan and only provided the Defendants with argument and proposals in response to those submitted by the Defendants.

While the proposed Joint Statement was to be submitted to this Court by July 5, 2005, Plaintiffs neglected to provide the Defendants with any proposed schedules. In response to Defendants proposal which was delivered to Plaintiffs' counsel on July 1, 2005, Plaintiffs' counsel responded by letter dated July 5, 2005, wherein he indicated that he would be unable to provide a response to Defendants' proposal before the scheduled

deadline since he "had not had the opportunity to discuss it with his clients." [See correspondence from Ed Foye dated July 5, 2005, attached hereto as Exhibit "A"]. While Local Rule 16.1(d) provides that the parties are to submit best estimates of time needed for pre-trial steps in their proposed Statement, Defendants are uncertain as to why Plaintiffs' counsel failed to discuss his discovery proposals with his clients prior to the deadline. Nevertheless, Plaintiffs ultimately reviewed Defendants' proposal and responded to Defendants' associate counsel by letter dated July 6, 2005. At said time, Plaintiffs' counsel noticed that the Joint Statement proposed by Defendants referred to both cases pending before this Court and asked that Defendants provide him with "two Joint Statements that [he is] to respond to". [See correspondence from Ed Foye attached hereto as Exhibit "B"]. Plaintiffs' response to Defendants' proposal makes it clear that Plaintiffs simply sought to respond to Defendants' proposed discovery and to use the Joint Statement as another opportunity to argue against same rather than simply provide the Court with the information it requested. In response, Defendants attempted to arrive at a mutually acceptable Joint Statement which included the information requested by the Court, however Plaintiffs counsel insisted on the inclusion of the responsive argument. In turn, Plaintiffs' counsel advised Defendants' counsel that he would be filing a separate statement if the Defendants did not assent to the Plaintiffs' proposal. Since the Plaintiffs proposal failed to adhere to Local Rule 16.1(d), Defendants were compelled to file a separate statement regarding scheduling in this matter. [See correspondence from Michael S. Taaffe attached hereto as Exhibit "C"].

NY12525:364009.2
773471v.1

3.    <u>Plaintiffs' Contentions Concerning Discovery Limitations</u>

As noted in "Plaintiffs Proposed Discovery Schedule," Plaintiffs allege that no further discovery is appropriate. Plaintiffs, rather than advising this Court that they would not need any additional time to perform any discovery, submit a "Discovery Scehdule" which merely responds to Defendants' Proposed Discovery.

First, Plaintiffs argue that the Superior Court set a discovery cutoff of May 30, 2005 and a firm trial date of October 13, 2005. Interestingly, Plaintiffs again neglect the fact that they remain in violation of the Superior Court's Order compelling discovery and to date, refuse to provide the Defendants with the documents and information needed to effectively take certain depositions, to determine what other discovery from Plaintiffs and non-parties may be necessary, and to prepare this matter for trial. As noted in Defendants' Motion for Sanctions and Reply to Plaintiffs' Opposition to Defendants' Motion for Sanctions, Plaintiffs were ordered to produce certain documents vital to this litigation. Rather than produce the documents they were ordered to produce, Plaintiffs are now attempting to restrict Defendants' discovery and interfere with their rights regarding same, all the while clearly remaining in violation of a Court Order.

As outlined in the Motion for Sanctions filed by the Defendants, the Superior Court for the Commonwealth of Massachusetts entered an Order on February 11, 2005. The Order compelled the Plaintiffs to produce numerous documents which the Court determined were relevant and necessary for the Defendants to discover in this matter. Subsequent to the entry of the discovery Order, the Court entered a Trial Order on March 8, 2005, wherein the Court set a trial date of October 13, 2005. [See Trial Order attached

hereto as Exhibit "D"]. While the Plaintiffs refer to same as a "firm trial date", the Order makes no reference to a firm date. Irrespective of the nature of the date, one fact remains, the Court entered the Order after compelling the Plaintiffs to produce the necessary documents it determined the Plaintiffs were required to produce. Accordingly, any consideration to discovery cutoff and a trial date, would necessarily factor in the timing of the Order compelling discovery. Disturbingly, Plaintiffs violated said Order, misled the Defendants into believing certain of the documents were being produced, and affected Defendants' ability to take scheduled depositions. Defendants clearly set forth argument in support of same in the previously filed Motion for Sanctions.

Plaintiffs now seek to limit Defendants' ability to proceed with discovery despite Plaintiffs' efforts to thwart the judicial process and the Defendants' ability to prepare this matter for trial. At the same time, Plaintiffs seek to limit the Defendants and their taking of depositions, despite the fact that they have deposed the Defendants on multiple occasions. Defendants advised this Court of the pre-trial steps it anticipates and in accordance with Local Rule 16.1(d), provided the Court with best estimates for the amount of time needed to prepare this matter for trial. As for the specific discovery sought by the Defendants, same is identified in the Motion for Sanctions and Plaintiffs responded to same in their Response.

Respectfully submitted,

MICHAEL LAMENSDORF,
MICHAEL LAMENSDORF, M.D.,
P.A., BAYOU JENNKAY, INC.,
and KATHY LAMENSDORF

By their attorneys,

/s/ Ian J. McLoughlin
Brandon F. White, BBO# 525020
Ian J. McLoughlin, BBO# 647203
Matthew E. Miller, BBO# 655544
FOLEY HOAG, LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

/s/ Joseph Tsombanidis
ABEL, BAND, RUSSELL,
COLLIER, PITCHFORD &
GORDON, CHARTERED
Michael S. Taaffe
Joseph A. Tsombanidis
240 South Pineapple Avenue
Sarasota, Florida 34230-6948
(941) 366-6660
(941) 366-3999 (fax)

Dated: July 11, 2005

# TODD & WELD LLP
ATTORNEYS AT LAW
28 STATE STREET
BOSTON, MASSACHUSETTS 02109

EDWARD FOYE

TELEPHONE: (617) 720-2626
FACSIMILE: (617) 227-5777
www.toddweld.com

RECEIVED
JUL 1 1 2005
BY:_____

July 5, 2005

**VIA FAX and FIRST CLASS MAIL**

Joseph A. Tsombanidis, Esq.
Abel, Band, Russell, Collier, Pitchford & Gordon
240 South Pineapple Avenue
Sarasota, FL 34236

   Re: <u>Ophnet, Inc., et al. v. Lamensdorf, et al.</u>
     U.S.D.C. No. 1:05 cv 10970

Dear Mr. Tsombanidis:

  I cannot respond to your proposed Joint Statement that you sent to me Friday before the long weekend because I have not had the opportunity to discuss it with my clients. The response is also not as simple as you make it sound in your letter. If it were as simple as you make it sound, you would have had your version to me in a timely manner. As it is, you delivered it to me three days late and that is why you will not have a response today.

          Yours very truly,

          Edward Foye

**Dictated But Not Read**

EF/jml
cc: Ian McLoughlin, Esq.

**EXHIBIT A**
(Defendants' Response to Plaintiffs' Statement
Regarding Scheduling)

JUL-11-2005 16:11        ABEL BAND SARASOTA                                        P.03

# TODD & WELD LLP
### ATTORNEYS AT LAW
### 28 STATE STREET
### BOSTON, MASSACHUSETTS 02109

EDWARD FOYE

TELEPHONE: (617) 720-2626
FACSIMILE: (617) 227-5777
www.toddweld.com

July 6, 2005

**VIA FAX**

Joseph A. Tsombanidis, Esq.
Abel, Band, Russell, Collier, Pitchford & Gordon
240 South Pineapple Avenue
Sarasota, FL 34236

Re:   **Ophnet, Inc., et al. v. Lamensdorf, et al.**
       **U.S.D.C. No. 1:05 cv 10970**

Dear Mr. Tsombanidis:

I noticed that the Joint Statement refers to both cases. Those cases have not been consolidated for trial or any other purpose.

Please provide me with the two Joint Statements that I am to respond to at your earliest convenience.

Yours very truly,

Edward Foye

EF/jml

cc:  Ian J. McLoughlin, Esq. (via fax)



This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.co

**EXHIBIT B**
(Defendants' Response to Plaintiffs' Statement
Regarding Scheduling)

JUL-07-2005 15:34          ABEL BAND SARASOTA                              P.02/03



# ABEL BAND®
### ATTORNEYS AND COUNSELORS AT LAW

Mailing Address: P.O. Box 49948, Sarasota, FL 34230-6948

240 South Pineapple Avenue
Sarasota, FL 34236
TEL 941-366-6660
FAX 941-366-3999

WWW.ABELBAND.COM

Michael S. Taaffe
Board Certified Business Litigation Attorney
Writer's Direct Line: (941) 364-2720
Direct E-mail: mtaaffe@abelband.com
Please refer to our file number: 8458-5

July 7, 2005

**BY FACSIMILE**

Edward Foye, Esq.
Todd & Weld, LLP
28 State Street, 31st Floor
Boston, MA 02109

    Re:  *Hirsch, et al., v. Lamensdorf, et al.; Civil Action No. 05-10902-DPW*
          *Ophnet, Inc., et al., v. Lamensdorf, et al.; Civil Action No. 05-10970-DPW*

Dear Mr. Foye:

    As you are aware, the purpose of the parties' proposed pre-trial schedules is to advise the Judge of the parties' best estimates of the amounts of time they will need to accomplish specified pre-trial steps. With respect to the Joint Statement containing said schedule as contemplated by Local Rule 16.1(d), you are aware that we have been unable to reach an agreement on a proposed pre-trial schedule. While the parties have proposed different deadlines for a pre-trial schedule, including the filing of motions, the Plaintiffs' proposed Joint Statement includes arguments which exceed the scope of Local Rule 16.1 and its stated purpose. Plaintiffs' proposed discovery plan includes misstatements and arguments that are unrelated to the purpose of the Joint Statement and should not be included therein. While the parties were unable to agree on a pre-trial schedule, the Plaintiffs' recommended proposal contains language that should be presented to the Court in the form of a motion or memorandum, rather than be included in a Joint Statement to the Court which should propose best estimates of the amounts of time the parties need to accomplish specified pre-trial steps.

    Accordingly, since you mentioned that you will file a separate Statement due to the fact that we were unable to agree on the contents of a Joint Statement, we will likewise file a separate Statement with the Court and will advise the Court of a discovery plan scheduling the time and length for all discovery events and a proposed schedule for the filing of motions. Any argument

      SARASOTA, FLORIDA   |   VENICE, FLORIDA   |   DENVER, COLORADO
**ABEL, BAND, RUSSELL, COLLIER, PITCHFORD & GORDON, CHARTERED**

773264v.1



# EXHIBIT C
(Defendants' Response to Plaintiffs' Statement
Regarding Scheduling)

JUL-07-2005 16:34         ABEL BAND SARASOTA                        P.03/03

Edward Foye, Esq.
July 7, 2005
Page 2

beyond the nature of the differences in the pre-trial schedules should be submitted in a separate filing.

    Thank you for your attention to the foregoing. Should you have any questions or concerns, please feel free to contact me.

    Sincerely,

    ABEL, BAND, RUSSELL, COLLIER,
    PITCHFORD & GORDON, CHARTERED

    Michael S. Taaffe

MST:gkv

cc:    Ian McLoughlin, Esq., Foley Hoag, LLP

773264v.1

TOTAL P.03

## Commonwealth of Massachusetts
### County of Essex
### The Superior Court

CIVIL DOCKET# ESCV2002-00419

RE: Ophnet Inc A Massachusetts Corporation et al v Lamensdorf et al

TO: Matthew E. Miller, Esquire
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

### TRIAL NOTICE

The above entitled case has been called for TRIAL at the Essex Superior Court, Newburyport in the B session,
ON:       10/13/2005  /mbh
AT:       09:00 AM
LOCATION: CtRm 1 (145 High St., Newburyport, MA)

10-6-05 /mbh

A JOINT PRE-TRIAL MEMORANDUM shall be submitted at the time of the Pre-Trial conference or Screening, and in any event, shall be filed NO LATER THAN ONE WEEK PRIOR TO THE SCHEDULED TRIAL DATE.

10-13-05 /mbh

COUNSEL, OR PRO SE PARTIES, SHALL BRING THE FOLLOWING DOCUMENTS TO COURT ON THE DATE OF TRIAL, IF NOT ALREADY SUBMITTED AT THE TIME OF A PRE-TRIAL CONFERENCE OR SCREENING:

1. List of Witnesses
2. List of Exhibits
3. Any Pre-Trial Stipulations
4. Brief Agreed Statement of the Case to be read to Jurors
5. Proposed Jury Instructions and Proposed Verdict Slip or proposed Findings of Fact and Rulings of Law
6. *Proposed Findings of Fact and Rulings of Law SHALL be filed with the Court on the FIRST day of Trial.*

Please contact the Session Clerk prior to the trial date as to the trial status and also notify the Court promptly of any settlements.

By the Court, Richard Welch, III, Justice

JoDee Doyle - Sheila Gaudette
Assistant Clerk

Telephone: (978) 462-4474



Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130
Check website as to status of case: http://ma-trialcourts.org/tclc
cvctrialnotessex_2.wpd 74913 trl/u doyle]od

cc: SAL + DKG

**EXHIBIT D**
(Defendants' Response to Plaintiffs' Statement Regarding Scheduling)

TOTAL P.06