UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
OPHNET, INC., A Massachusetts Corporation )
and JOHN A. HIRSCH and RONALD W. ZOLLA, )
Individually and as Shareholders of     )
ZHL, INC., A Massachusetts Corporation, and )
KENNETH CRAM,                           )
                                        )
               Plaintiffs,             )   Civil Action No.
                                        )   05-10970-DPW
v.                                      )
                                        )   **Oral Argument Requested**
MICHAEL LAMENSDORF, Individually and    )
as a Shareholder of ZHL, INC.;          )
MICHAEL LAMENSDORF, M.D., P.C.,         )
A Florida Professional Corporation;     )
BAYOU JENNKAY, INC., a Florida Corporation; )
and KATHY LAMENSDORF, Individually and  )
as an officer of Bayou JennKay, Inc.; and )
ZHL, INC., a Massachusetts Corporation, )
                                        )
               Defendants.             )
_____)

### PLAINTIFFS' *RENEWED* MOTION FOR ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1447(c)

The plaintiffs in this matter (collectively "Ophnet") herewith move for an award of attorneys' fees and costs, pursuant to 28 U.S.C. § 1447(c). In support of their motion, the plaintiffs state:

1. On June 9, 2005, the plaintiffs filed their "Motion to Remand for Lack of Subject Matter Jurisdiction" and submitted a memorandum of law concurrently therewith. The defendants (collectively, "the Lamensdorfs") opposed that motion. On July 12, 2005, the Court remanded this case to the Essex Superior Court, and denied

without prejudice the plaintiffs' first motion for attorneys' fees due to the failure to submit verified time entries. It retained jurisdiction for the limited purpose of considering a renewed motion, properly supported, for attorneys' fees.

2. As detailed in Ophnet's motion to remand and the memorandum in support of that motion, the Lamensdorf's (i) removed this case more than one year after it was filed in contravention of 28 U.S.C. § 1446(b); (ii) did not act within thirty (30) days after receipt of a pleading providing notice that the case had become removable; (iii) had been aware <u>for years</u> of the claim that ZHL had been fraudulently joined as a party defendant to destroy diversity, and in fact Judge Lindsay <u>rejected</u> their fraudulent joinder claim the first time the Lamensdorfs removed this case; and (iv) did not on the merits have sufficient evidence to make out a case for fraudulent joinder.

3. As detailed in the memorandum of law submitted concurrently herewith, courts have not hesitated to award attorneys' fees and costs where removal has been untimely. See <u>Service Asset Mgmt. Co. v. Hibernia Corp.</u>, 80 F. Supp 2d 626, 630 (E.D. Tex. 2000) (awarding fees where removal was attempted "over twenty-two months after the commencement of the action in state court" and a "review of the law would have revealed that removal was untimely"); <u>Lytle v. Lytle</u>, 982 F. Supp. 671, 674-675 (E.D. Mo. 1997) (awarding attorney's fees where "even a cursory examination of § 1446(b) should have given [the defendants] pause before seeking to remove at this late date").

4. Even if § 1447(c) required a showing that there was no colorable basis for removal (as it does not), it is clear from the defendants' opposition that no good grounds existed. The Lamensdorfs' opposition to the motion to remand relentlessly insisted that they had no subjective knowledge of their fraudulent joinder claims until within thirty

(30) days of the filing of the notice of removal. The defendants did <u>not</u>, however, provide the Court with any cognizable evidence to this effect, whether by affidavit or otherwise. The Lamensdorfs also did not provide any convincing explanation of how they can claim to have discovered in July 2005 that which they asserted in a pleading before this Court three years previously.

5. As also discussed in the accompanying memorandum, many of the other factual assertions that the Lamensdorfs made were also without any record support whatsoever. Accordingly, under any possible standard an award of reasonable costs and attorneys' fees under § 1447(c) is appropriate.

6. The amount of the requested fees is also reasonable. The plaintiffs concurrently submit the Affidavit of Edward Foye, Esq., which details the work performed which was <u>directly</u> related to securing remand of this case. They total 23.3 hours at $180.00 per hour for the attorney with primary responsibility for the case; 2.3 hours at $150.00 per hour for the research attorney who assisted in the preparation of the memorandum; and $221.20 in computer research costs.

WHEREFORE, the plaintiffs in this matter herewith respectfully move that this Honorable Court:

    A. Award the plaintiffs attorneys' fees and costs, pursuant to 28 U.S.C. § 1447(c), in the amount of $4,760.20, or whatever other amount that this Court deems just; and

    B. Award whatever other or additional relief this Honorable Court deems just under the circumstances.

Respectfully submitted,

OPHNET, INC., JOHN A. HIRSCH, RONALD W. ZOLLA, and KENNETH CRAM,

By their Attorneys,

/s/ Edward Foye
J. Owen Todd (BBO # 499480)
Edward Foye (BBO #562375)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, MA 02109
Date: July 22, 2005           617-720-2626

## RULE 7.1 CERTIFICATION

I, Edward Foye, certify that on July 22, 2005, I conferred with Matthew Miller, Esq. concerning the plaintiffs' intent to seek fees and costs for the removal. No agreement was reached.

/s/ Edward Foye
Edward Foye

4