UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
OPHNET, INC., A Massachusetts )
Corporation and              )
JOHN A. HIRSCH and           )
RONALD . ZOLLA, Individually )
and as Shareholders of       )
ZHL, INC., a Massachusetts   )
Corporation, and KENNETH CRAM,)
     Plaintiffs,             )
                             )      CIVIL ACTION NO.
     v.                      )      05-10970-DPW
                             )
MICHAEL LAMENSDORF,          )
Individually and as a        )
Shareholder of ZHL, INC.,    )
MICHAEL LAMENSDORF, M.D.,    )
P.C., a Florida Professional )
Corporation;                 )
BAYOU JENNKAY, INC., a Florida)
Corporation; and KATHY       )
LAMENSDORF, Individually and )
as an officer of Bayou       )
JennKay, Inc.; and ZHL, INC.,)
 a Massachusetts Corporation,)
     Defendants.             )
```

MEMORANDUM AND ORDER
December 27, 2005

This case presents the question whether attorney's fees should be awarded to Plaintiffs after Defendants removed the case twice to federal court alleging fraudulent joinder of a non-diverse defendant, and the federal court twice remanded it to state court. Applying the standard articulated earlier this month by the Supreme Court in <u>Martin v. Franklin Capital Corporation</u>, 2005 WL 3299410 (U.S. Dec. 7, 2005), I conclude that

1

defendants had an objectively reasonable basis for seeking removal, and I deny the motion for attorney's fees.

## I. BACKGROUND

The facts, in brief, are as follows. In 1995, Ophnet, an ophthalmology management consulting company owned and operated by John A. Hirsch and Ronald W. Zolla, entered into a contract with licensed ophthalmologist Michael Lamensdorf, M.D., in which Ophnet agreed to provide management services for Lamensdorf's ophthalmology practice. Original Complaint at ¶¶ 9,10, 11. In 1998, the parties agreed that Ophnet would oversee the construction of the Lantz Surgery Center, an ambulatory surgery center ("ASC") in Sarasota, Florida, specializing in eye surgeries, and would manage the ASC once completed. Id. at ¶¶ 15, 16. The ASC was built, and is jointly owned by the parties through ZHL, Inc.[1] Id.

In January 2002, Dr. Lamensdorf terminated Plaintiffs' management contract with respect to his private practice and attempted to terminate it with respect to the ASC. In March 2002, Plaintiffs filed a complaint in the Essex Superior Court for the Commonwealth of Massachusetts against Lamensdorf, his medical practice, and his wife Kathy Lamensdorf alleging breach of contract, breach of fiduciary duty, breach of duty of good

---

[1] Hirsch was President and one-third owner of ZHL at the time the second amended complaint was filed. Second Amended Complaint at ¶ 2. Zolla was Vice-President and one-third owner. Id. at 3. The Lamensdorfs each owned one-sixth of ZHL. Id. at ¶¶ 6, 8.

faith and fair dealing, and fraud.

The Defendants timely removed the case to federal court on the basis of diversity jurisdiction. Diversity jurisdiction was proper because all plaintiffs were residents of Massachusetts, all defendants residents of Florida, and the amount in controversy exceeded $75,000. 28 U.S.C. §§ 1332, 1441.

After removal, Plaintiffs amended their complaint to add defendant ZHL, Inc., a non-diverse Massachusetts corporation, and moved to remand for lack of federal jurisdiction.[2] Defendants opposed the amendment and remand on the grounds that ZHL, two-thirds of which is owned by Plaintiffs Hirsch and Zolla, had been fraudulently joined to defeat diversity jurisdiction. Plaintiffs argued that ZHL was a proper defendant because Dr. Lamensdorf signed the contract at issue solely in his representative capacity as chairman of ZHL's Board. On July 24, 2002, Judge Lindsay granted Plaintiffs' motion to amend calling ZHL an "indispensable party," and remanded the case to state court.

On May 10, 2005, Defendants removed the case again to this court claiming fraudulent joinder of ZHL. They had also removed a declaratory judgment action that Plaintiffs had filed against them. C.A. No. 05-10902-DPW. Defendants justified the removal on the grounds that they had recently discovered new evidence

---

[2] Plaintiffs also named as a defendant Bayou JennKay, a Florida corporation controlled by Ms. Lamensdorf that provides clerical and management services to Dr. Lamensdorf's practice. Amended Complaint at ¶¶ 8, 9, 18. Kenneth Cram, a New Hampshire resident who works as a consultant for Ophnet in Massachusetts, joined as a plaintiff. Id. at ¶ 5.

that Plaintiffs had no intention of pursuing a judgment against ZHL.

On July 12, 2005, I remanded both the declaratory judgment and this action to the Essex County Superior Court.  I denied Plaintiff's motion for attorney's fees at that time without prejudice to resubmit with appropriate supporting materials. Plaintiffs now ask for an award of attorneys fees only with respect to this action.

## II. DISCUSSION

In <u>Martin v. Franklin Capital Corporation</u>, 2005 WL 3299410 (U.S. Dec. 7, 2005), the Supreme Court clarified the standard to be applied when considering a motion for attorney's fees. Writing for a unanimous court, Judge Roberts articulated the following test:

> Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

<u>Id.</u> at *6.  In short, the analysis turns on whether the removing party had an "objectively reasonable basis" for removal.

In this case, Plaintiffs contend that removal was unreasonable because (1) it occurred after the one-year time limit for removal set by 28 U.S.C. §1446; (2) it occurred more than 30 days after receipt of a pleading that provided notice that the case has become removable; (3) Judge Lindsay already rejected the fraudulent joinder argument; and (4) there is no legal or factual basis for the Defendants' fraudulent removal

claims.

Defendants respond first that the one-year time limit does not apply when removal was appropriate based on the initial pleadings or when a plaintiff fraudulently joined a defendant in order to defeat diversity jurisdiction.  They cite to two lines of cases supporting those propositions.  See, e.g., Brown v. Tokio Marine and Fire Insurance Co., 284 F.3d 871, 873 (8th Cir. 2002) ("[T]he one-year time limitation period modified only the second paragraph of § 1446(b), and therefore only applies to cases that were not removable to federal court when originally filed."); Tedford v. Warner Lambert Co., 327 F.3d 423, 428-29 (5th Cir. 2003) ("Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in §1446(b) be extended.").  The Defendants' position was plainly reasonable, given caselaw from other circuits on the issue.[3]

Second, Defendants maintain that they satisfied §1446(b)'s requirement of removing "within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. §1446(b).  On April 11, 2005, Plaintiffs served Defendants a complaint in a declaratory judgment action, which Defendants claim was an

---

[3] It appears that the First Circuit has not directly addressed this question.

attempt to dispose of ZHL's assets so that there could be no recovery from ZHL in the present action. On May 5, 2005, Defendants received a letter from Hirsch in which he appeared to admit that he had no intention of defending ZHL in this matter.[4] These events occurred within 30 days of the May 10, 2005, removal and thus fall within the §1446(b) limit. Here again, the Defendants' position is objectively reasonable.

Third, Defendants distinguish this removal from the one that Judge Lindsay considered. They claim that the evidence on which they base the current removal became available only after Judge Lindsay issued his decision. Defendants insist that they were not asking for a reconsideration of Judge Lindsay's order. To the degree that the Plaintiffs are seeking somehow to invoke law of the case doctrine, the new evidence of the fraudulent character of the joinder of ZHL could reasonably cause a court to reconsider its prior order. See generally Harlow v. Children's Hospital, 2005 WL 3470648, *2-*3 (1st Cir. Dec. 20, 2005).

Finally, Defendants claim that Plaintiffs lacked a good

---

[4] It is questionable whether the Hirsch letter falls within the definition of "other paper" in §1446(b). See Mill-Bern Associates, Inc. v. Dallas Semiconductor Corp., 69 F. Supp. 2d 240, 243 (D. Mass. 1999) (finding that a deposition transcript was not "other paper" and did not authorize removal of the case from state court under §1446(b)). However, for purposes of this analysis, it is sufficient that Defendants could reasonably have relied upon authority supporting a broad reading of "other paper." See, e.g., Rahwar v. Nootz, 863 F. Supp. 191, 192 (D. N.J. 1994) (holding that an informal statement of damages is "other paper"); Broderick v. Dellasandro, 859 F. Supp. 176, 179-80 (E. D. Pa. 1994) (holding that a letter from counsel was "other paper").

faith intention to pursue a judgment against ZHL.  Defendants claim that Plaintiffs pursued no discovery from ZHL even as the discovery deadline approached; failed to seek a default judgment against ZHL even though they believed that ZHL lacked any meritorious defenses to Ophnet's claim; and sought, in a separate declaratory judgment action, to sell ZHL's remaining assets to pay off personal loans to Plaintiffs Hirsch and Zolla, at the same time that Ophnet was pursuing a claim against ZHL for substantial damages.  From these alleged facts, Defendants could reasonably have inferred that ZHL was fraudulently joined.

The Defendants' bid for removal ultimately failed because I declined to extend the one-year time limit for removal, given the substantial travel of the case and the importance of having the indispensability of a jointly held close corporation as a party resolved in state court proceedings.  Nevertheless, the attempt was objectively reasonable.  There is caselaw supporting Defendants' position that the removal was timely; Judge Lindsay's order did not preclude a second removal based upon new evidence; and the Defendants provided facts to support their allegations that Plaintiffs did not intend to pursue their claims against ZHL.  This, in combination with the potential conflict inherent when the non-diverse defendant is a corporation owned by both plaintiffs and defendants and controlled by the plaintiffs, was sufficient to provide a reasonable, albeit ultimately non-persuasive, basis for removal.

### III. CONCLUSION

For the reasons set forth more fully above, Plaintiff's motion for attorney's fees is DENIED.

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE